Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone:  323.962.3777
Facsimile:  323.962.3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
78-560 Via Bolero
La Quinta, California 92253
Telephone: (760) 564-3804
Facsimile: (760) 347-1490
jpdorigan@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>AIRPORT TERMINAL SERVICES, INC.<br><br>　　　　　　Defendants. | Case No.<br><br>**PLAINTIFFS' NOTICE OF RELATED CASES**<br>[Local Rule 83-1, 3.1] |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, pursuant to Central District Local Rule 83-1.3.1, Plaintiffs G. Pederson, R. Alcaraz, and S. Mason (collectively, "Plaintiffs"), by and through their counsel of record, hereby submit this Notice of Related Cases identifying Collette McDonald v. Airport Terminal Services, Inc., United States District Court Case No. 5:11-cv-01946-VAP-SP ("McDonald Action"). The McDonald Action is related to the above-captioned action, the "Pederson Action," filed concurrently with this Notice of Related Case, in that they appear: (a) to rise from the same or a closely related transaction, happening or event; (b) to call for determination of the same or substantially related or similar questions of law and fact; and (c) for other reasons would entail substantial duplication of labor if heard by different judges.

The Pederson Action should be deemed related to the McDonald Action and assigned to the Honorable Virginia A. Philips.

## I.   INTRODUCTION

### A.   The McDonald Action

The McDonald Action was filed on November 2, 2011 in Riverside Superior Court. The case was removed by Defendants to the Central District Eastern Division of California on December 9, 2011 and assigned to United States District Judge Virginia A. Philips.  In the McDonald Action, the Plaintiff alleged that they were employed by Defendant Airport Terminal Services, Inc. In the McDonald Action Plaintiff alleged that Defendant Airport Terminal Services, Inc. owed her and Class Members wages, continuing wages, damages and attorneys' fees under California wage laws and regulations.

### B.   The Pederson Action

In this case, Plaintiffs allege that they were employed by Defendant Airport

Terminal Services, Inc. and that Defendant owes them wages, continuing wages, damages, and attorneys' fees under California wage laws and regulations. Despite the settlement of the <u>McDonald Action</u> the Defendant continues to violate the California Labor Code as well as the Fair Labor Standards Act.

## II.   THE PEDERSON ACTION SHOULD BE RELATED TO THE MCDONALD ACTION

Under Central District of California Local Rule 83-1.3.1, separate actions should be related if they appear: "(a) To rise from the same or a closely related transaction, happening or event; or (b) To call for determination of the same or substantially related or similar questions of law and fact; or (c) For other reasons would entail substantial duplication of labor if heard by different judges." The basis for Plaintiffs' belief that the above-captioned action qualifies for related case transfer is as follows:

The issues in both cases are identical in that the actions arise out of the Defendant's failure to pay wages to Plaintiffs for their work as Airport Agents. The above-identified cases are related because the cases appear to involve substantially the same questions of law. Both cases are brought on behalf of former employees of Airport Terminal Services, Inc., against Airport Terminal Services, Inc. Although there are some minor variations in the claims brought, the bulk of the claims against Defendants are substantially identical. For instance, both cases include claims for violation of California Labor Code sections 226.7, 512, 226, 2802, 201, 203, 17200 *et seq.*, and 2698 *et seq.*

The factual and legal allegations of employer misconduct are virtually identical in both actions: (a) that the Plaintiffs were not provided proper meal breaks; (b) that the Plaintiffs were not paid their wages due at the time of discharge/layoff within the time period provided for in sections 201 of the California Labor Code; (c) that Defendant systematically violated the mandatory requirements of section 226 of the California Labor Code; (d) that Defendant failed to provide Plaintiffs and other airport agents with proper seating, and; (e) that Defendant engaged in unfair, unlawful, and/or fraudulent business

practices in violation of California law to the detriment of Plaintiffs and other airport agents. As a result, the Plaintiffs in both cases claim that Defendants owed them wages for working as airport agent and also for continuing wages, liquidated damages, and attorney's fees under the California Labor Code.

Both actions are brought against Defendant Airport Terminal Services, Inc.

Since the actions arise out of the same set of facts and to avoid unnecessary cost, duplication and waste of the court's and the party's resources, this Court has the discretion and should relate the Pederson Action with the McDonald Action for all purposes.

## III. COMPARISON CHART OF THE PEDERSON ACTION AND THE MCDONALD ACTION

### THE CLAIMS

| MCDONALD ACTION | PEDERSON ACTION |
|---|---|
| Labor Code §§ 512, 226.7 | Labor Code §§ 512, 226.7 |
| Labor Code § 226(a) | Labor Code § 226(a) |
| Labor Code § 2802 | Labor Code § 2802 |
|  | Labor Code §§ 403, 404, 405 and 406 and in Violation of IWC Wage Order 9, Sec. 9(c) |
|  | Labor Code § 221 |
|  | Labor Code §§ 510, 1194 |
| Labor Code §§201-203 | Labor Code §§ 201, 201.3(B)(1), 203 and Labor Code § 2810.3 |
| Labor Code § 17200 *et seq.* | Labor Code § 17200 *et seq.* |
|  | Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* |
|  | Labor Code § 226(b) |
|  | Labor Code § 1198.5 |

| Labor Code § 2698 *et seq.* | Labor Code § 2698 *et seq.* |

## IV. CONCLUSION.

For the reasons outlined above, this Court should relate this case to the McDonald Action. This case should be assigned to United States District Judge Virginia A. Philips since she was the trial judge in the McDonald Action.

DATED:  November 20, 2015                     HARRIS & RUBLE

                                                                                      /s/
                                                         Alan Harris
                                                         *Attorney for Plaintiffs*