Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone: (330) 748-4475
Facsimile: (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>        Plaintiffs,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br><br>        Defendants. | Case No. 5:15-cv-02400-VAP-SP<br>*Assigned to Hon. Virginia A. Phillips*<br><br>**SECOND AMENDED COMPLAINT [Class Action]**<br><br>1. Failure to Provide Meal-Period Premium Wages in Violation of California Labor Code §§ 226.7 and 512<br><br>2. Failure to Provide Adequate Pay Stubs in Violation of California Labor Code § 226(a)<br><br>3. Failure to Reimburse for Uniform-Maintenance Expenses in Violation of California Labor Code § 2802<br><br>4. Failure to Make Security Deposits Pursuant to California Labor Code §§ 403, 404, 405, and 406 and in Violation of IWC Wage Order 9, Sec. 9(c)<br><br>5. Unlawful Deductions in Violation of California Labor Code § 221<br><br>6. Failure to Pay Overtime Wages in Violation of California Labor Code |

§§ 510 and 1194

7.  Failure to Timely Pay All Wages in Violation of California Labor Code §§ 201, 201.3(B)(1), and 203

8.  Violation of California Business and Professions Code § 17200 *et seq.*

9.  Failure to Pay Minimum Wage and Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

10. Failure to Produce Employment Records Upon Request California Labor Code § 226(b)

11. Failure to Produce Employment Records Upon Request California Labor Code § 1198.5

12. Civil Penalties Pursuant to California Labor Code § 2698 *et seq.*

**DEMAND FOR JURY TRIAL**

G. Pederson, R. Alcaraz, and S. Mason (collectively "Plaintiffs"), individually, on behalf all other similarly situated current and former employees of Airport Terminal Services, Inc. ("ATS"), and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner, seeking a preliminary and permanent injunction with respect to the violations alleged herein, state as follows:

### JURISDICTION AND VENUE

1.    This is a class action brought against ATS seeking unpaid wages, overtime, damages, continuing wages, reimbursement for expenses, restitution, penalties, injunctive relief and attorneys' fees and costs.  Jurisdiction is proper under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5 million and Plaintiffs are citizens of California while Defendant ATS is a corporation incorporated under the laws of Missouri, and with its principal place of business in Missouri, and due to the inclusion herein of a claim under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* This Court may exercise ancillary jurisdiction over the remaining claims.  Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.  Plaintiffs performed services for Defendant in Riverside County.  In addition, Defendant employed putative class members at other locations throughout California.

### INTRODUCTION

2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this case individually and as a class action on behalf of all similarly situated individuals who have been employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents (collectively referred to as "Airport Agents" or "Class Members") since four years prior to the filing of this Complaint.

3.    This action alleges that ATS, *inter alia*, (1) failed to pay earned wages to Airport Agents on account of late, curtailed, or missed meal periods; (2) failed to provide Airport Agents with proper wage statements; (3) failed to reimburse Airport Agents for uniform maintenance expenses; (4) collected unlawful deductions from employees; (5) unlawfully required Airport Agents to purchase uniforms; (6) failed to pay the correct amount of overtime owed to Airport Agents; (7) failed to provide Airport Agents with proper seating; and (8) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of Airport Agents and the general public.

4.    This class-action suit is founded upon violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission Order 9), and the California Business and Professions Code.  The monetary damages and restitution sought by Plaintiffs and the Class exceed the minimal jurisdictional amounts.

## PARTIES AND SUBSTANTIVE ALLEGATIONS

5.    Plaintiffs were employed by ATS as Airport Agents at Palm Springs in the State of California throughout the relevant period.  Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq.*

6.    Plaintiffs are informed and believe, and based thereon allege, that ATS is a corporation that conducts significant amounts of business within Riverside County and is primarily involved in the airline business providing passenger flight service at Palm Springs (PSP) and at least the following, additional locations within the State of California:  Burbank (BUR), Los Angeles (LAX), Ontario (ONT), San Diego (SAN), San Jose (SJC), and Santa Ana (SNA).  ATS offers passenger check-in and ticketing, passenger boarding, VIP lounge staffing, baggage services, aircraft loading and unloading, aircraft marshaling, aircraft pushback, aircraft fueling, aircraft deicing, aircraft cabin cleaning, cargo warehouse functions (receiving and delivery), and document processing.

7.    Plaintiffs are informed and believe, and based thereon allege, that Defendant is a Temporary Services Employer within the meaning of California Labor Code section 201.3.  As a Temporary Services Employer, Defendant contracts with clients or customers, such as various airlines, to supply workers to perform services.

8.    Plaintiffs contend that they were not provided with all required wages under California law on account of Defendant's failure to provide adequate meal-break compensation.  Under the California Labor Code, "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 204(a).  Compensation for missed meal periods constitutes wages within the meaning of section 220 *et seq.* of the California Labor Code.  As to such wages, section 512 of the Labor Code provides, in relevant part:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

Id. § 512(a).  Similarly, Industrial Welfare Commission ("IWC") Wage Order 9 states, in pertinent part, that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes."  8 Cal. Code Regs. 11090 § 11(A).  Furthermore, according to section 226.7 of the Labor Code, "[i]f an employer fails to provide an employee a meal period . . . in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one

1    additional hour of pay at the employee's regular rate of compensation for each work day

2    that the meal period . . . is not provided." Cal. Lab. Code § 226.7(b).

3        9.    The nature of the work at ATS is such that there are times when Airport

4    Agents are not provided timely lunch breaks and do not take them. However, during the

5    period of time commencing four years prior to the filing of the original Complaint to the

6    present, Defendant failed to provide Plaintiffs and Airport Agents with meal-period

7    premium wages for those occasions on which they were not provided with adequate meal

8    periods. Defendant failed to provide such wages despite the fact that it kept track of

9    those instances during which its employees either missed a meal period or were not

10   provided an adequate meal period so that it could reverse the automatic meal-period

11   deduction taken by its payroll system each workday. On information and belief,

12   Plaintiffs allege that, during the period of time commencing four years prior to the filing

13   of the Complaint to the present, Defendant likewise failed to provide other Airport

14   Agents in California with meal-period premium wages for inadequate meal breaks. In

15   addition to subjecting Defendant to compensatory and restitutionary damages,

16   Defendant's failure to provide such compensation subjects them to civil penalties. See

17   Cal. Lab. Code §§ 210, 558, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20. Although ATS

18   was previously sued for the same violation in McDonald v. Airport Terminal Services,

19   U.S. Dist. Ct. Case No. EDCV 11-01946-VAP (SPx) (C.D. Cal.), and was on notice that

20   its conduct violated the California Labor Code, Defendant continue to willfully violate

21   the law by failing to provide meal-period premium wages. Because Defendant's

22   violations are willful, they are subject to twice the civil penalties.

23       10.    In addition to failing to provide adequate meal-period premium wages,

24   Plaintiffs contend that Defendant failed to provide them with adequate pay stubs. In this

25   regard, section 226 of the California Labor Code provides:

26           (a)    Every employer shall, semimonthly or at the time of each

27           payment of wages, furnish each of his or her employees, either as a

28           detachable part of the check, draft, or voucher paying the employee's wages,

or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and . . . **if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment**. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e)    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an

1  award of costs and reasonable attorney's fees.

2  . . . .

3  (g)  An employee may also bring an action for injunctive relief to

4  ensure compliance with this section, and is entitled to an award of costs and

5  reasonable attorney's fees.

6  Cal. Lab. Code § 226 (emphasis supplied). Similarly, IWC Wage Order 9 requires an

7  employer to keep time records of meal periods unless all operations cease during such

8  periods. See 8 Cal. Code Regs. 11090 § 7(A)(3).

9  11.  On information and belief, Plaintiff contends that Defendant failed to

10  provide Airport Agents with the data required by section 226 of the California Labor

11  Code and IWC Wage Order 9. Attached hereto as **Exhibit 1** are true and correct copies

12  of certain of Plaintiff Pederson's wage statements. Pederson is a current employee of the

13  Defendant. Attached hereto as **Exhibit 2** are true and correct copies of certain of Plaintiff

14  Alcaraz's wage statements. Alcaraz is a current employee of the Defendant. Attached

15  hereto as **Exhibit 3** are true and correct copies of certain of Plaintiff Mason's wage

16  statements. Mason is a former employee of the Defendant. Exhibits 1, 2, and 3 hereto fail

17  to indicate that Plaintiffs are owed additional wages on account of working through meal

18  periods. Although ATS is a temporary services employer, Exhibits 1, 2, and 3 also fail to

19  provide the rate of pay and total hours worked for each temporary services assignment.

20  In addition to subjecting ATS to the damages specified in section 226(e), ATS's failure to

21  provide such information subjects it to civil penalties. See Cal. Lab. Code §§ 226.3, 2698

22  *et seq.*; 8 Cal. Code Regs. 11090 § 20.

23  12.  In addition to failing to provide adequate meal-period premium wages and

24  failing to provide adequate pay stubs, Plaintiffs contend that Defendant failed to

25  reimburse them for the maintenance of their uniforms. In this regard, section 2802 of the

26  Labor Code states that "[a]n employer shall indemnify his or her employee for all

27  necessary expenditures or losses incurred by the employee in the direct consequence of

28  the discharge of his or her duties." Id. § 2802(a). Similarly, Wage Order 9 provides that,

"[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer." 8 Cal. Code Regs. 11090 § 9(A).

13.    On information and belief, Plaintiffs contend that Defendant failed to reimburse Airport Agents for the maintenance of their uniforms, including the cost of dry cleaning. In addition to subjecting Defendant to damages, the failure of Defendant to provide such reimbursement subjects it to civil penalties. See Cal. Lab. Code § 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

14.    Rather than reimburse Airport Agents for the maintenance of their uniform, ATS unlawfully deducted uniform deposits from the paychecks of Airport Agents in violation of California Labor Code section 221.  In addition to subjecting ATS to damages, ATS's unlawful deductions subject it to civil penalties. See Cal. Lab. Code § 225.5.

15.    On account of Defendant's failure to reimburse Airport Agents for the maintenance of their uniforms, as well as Defendant's failure to provide meal-period premium wages, Defendant is liable to former employees for continuing wages pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly, section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[or] 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

Id. § 203(a).  In addition to subjecting Defendant to damages, Defendant's failure to timely pay all outstanding wages upon the termination of employment subjects it to civil penalties.  See Cal. Lab. Code § 2698 et seq.

16.    In addition to failing to provide meal-period premium wages, failing to provide adequate pay stubs, and failing to reimburse uniform-maintenance expenses, Plaintiffs contend that ATS failed to provide them with adequate seating.  In this regard, IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."  8 Cal. Code Regs. 11090 § 14(A).

17.    ATS failed to provide adequate seating to Airport Agents.  According to the applicable Wage Order:

**14.    SEATS**

(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

See Wage Order 9, ¶14.

18.    Industrial Welfare Commission Order 9 further requires Defendant ATS to maintain time records that show when an employee's meal periods were taken. Airport Agents are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked and meal periods they took, and to have access to such records upon request to Defendant ATS.

19.    Defendant ATS knowingly and intentionally failed to provide such records in writing and refused to allow access to such records as required by the Labor Code and Industrial Welfare Commission Order 9.

20.    Plaintiffs and the Airport Agents were injured by such actions and are therefor entitled to seek the amounts as set forth in Labor Code section 226 subsections (e)–(f), and penalties pursuant to Cal. Lab. Code § 558.

21.    California Labor Code § 2810.5 requires an employer provide employees with notice of, inter alia, the following: 1) each and every rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable; 2) regular payday designated by the employer as required by law; 3) the name of the employer, including any "doing business as" names used by the employer; 4) the physical address of the employer's main office or principal place of business, and a mailing address, if different; 5) the telephone number of the employer; and 6) the name, address, and telephone number of the employer's workers' compensation insurance carrier. Because Defendant ATS is a temporary services employer, as defined by Labor Code § 201.3, the notice must also include "the name, the physical address of the main office, the mailing address if different from the physical address of the mail office and the telephone number of the legal entity for whom the employee will perform work, and any other information the Labor Commissioner deems material and necessary." Cal. Lab. Code § 2810.5(a)(3).

22.    Defendant ATS did not provide Plaintiffs and Airport Agents with the notice required under Labor Code § 2810.5, and, if Defendant ATS made any changes to Plaintiffs' and Airport Agents' rate of pay or pay plan, Defendant ATS did not provide proper notice of these changes as required by Labor Code § 2810.5.

23.    Because Defendant ATS requires employees to wear uniforms as a condition of employment, Industrial Welfare Commission Order 9 requires Defendant ATS to provide and maintain the uniforms.

24.    Defendant ATS knowingly and intentionally failed to provide and maintain uniforms to Plaintiffs and Airport Agents as required by the Labor Code and Industrial Welfare Commission Order 9.

25. Plaintiffs and the Airport Agents were injured by such actions and are therefore entitled to seek penalties pursuant to Cal. Lab. Code § 558 and the relief requested below.

26. At all times relevant to this complaint, Defendant ATS was required to comply with Labor Code § 450 with regard to its employment of Plaintiffs and Airport Agents. Section 450 states in pertinent part: "No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of anything of value." Labor Code § 451 states that, "[a]ny person, or agent or officer thereof, who violates this article [inclusive of Labor Code § 450] is guilty of a misdemeanor."

27. Defendant ATS's practice of requiring Plaintiffs and Airport Agents to purchase and maintain uniforms as a condition of their employment is in violation of Labor Code § 450.

28. At all times relevant hereto, sections 510, 1194, and 1198 of the California Labor Code required (1) the payment of at least the minimum wage, (2) the payment of wages equal to one-and-one-half times an employee's regular rate of pay for all hours worked in excess of eight per day or forty per week, and (3) the payment of wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve per day and for all hours worked in excess of eight on the seventh day of work in any one workweek.

29. At all relevant times mentioned herein, section 510 of the California Labor Code provided, in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one-and-one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.  The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Cal. Lab. Code § 510(a).

30.     Similarly, at all times relevant hereto, the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* required the payment of at least minimum wage and overtime for hours worked over forty in a workweek. See 29 U.S.C. §§ 206 and 207.

31.     At all relevant times mentioned herein, section 1194 of the California Labor Code provided, in relevant part:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Id. § 1194(a).

32.     At all relevant times mentioned herein, section 1198 of the California Labor Code provided, in relevant part:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard

13
SECOND AMENDED COMPLAINT

conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.

33.    With regard to the employment of Plaintiffs as described above, the provisions of subparagraphs (1) and (2) of section 510 of the California Labor Code were inapplicable in that no alternative workweek schedule had been adopted pursuant to section 511 of the Labor Code and in that Plaintiff's employment was not governed by a collective bargaining agreement as described in section 514 of the Labor Code.

34.    Plaintiffs worked for Defendant during the class period.  Plaintiffs are informed and believe and based thereon allege that, as a matter of uniform company policy, Airport Agents who worked in excess of eight hours a day and/or forty hours a week were not paid proper overtime compensation for all such hours worked, insofar as Defendant failed to use the correct regular rate when computing overtime wages.

35.    Plaintiffs are informed and believe, and based thereon allege, that Defendant's  labor practices and all other aspects of its operations, as well as the job duties of Airport Agents, are stringently controlled and monitored pursuant to uniform standards established by Defendant that apply throughout the company and certainly throughout California.  Plaintiffs are informed and believe, and based thereon allege, that Defendant requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, Defendant's stations in California function and operate in substantially the same manner and cause Airport Agents to be similarly situated regardless of location.

36.    Plaintiffs are informed and believe and based thereon allege that Defendant uniformly applies policies and procedures to all Airport Agents with respect to compensation for missed meal periods and overtime.

37.    Plaintiffs are further informed and believe that Defendant uniformly applies policies and procedures to all Airport Agents with respect to the maintenance of

employment records.  As a direct and proximate result of the unlawful actions of Defendant, as alleged herein above and below, Plaintiffs and Class Members have suffered and continue to suffer damages.

## CLASS-ACTION ALLEGATIONS

38.    The Federal Rules of Civil Procedure provide:

(a)    Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b)    Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:

(1)    prosecuting separate actions by or against individual class members would create a risk of:  (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2)    the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3)    the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:  (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. Proc. 23.  Pursuant to rule 23, Plaintiffs seek to represent the following Class:

All persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents from four years prior to the filing of this Complaint, to the date of the filing of a motion for class certification.

39.    The proposed Class is readily ascertainable in that its Members can be identified using information contained in ATS's payroll and personnel records.

40.    The Members of the Class are sufficiently numerous in that joinder of all such Members would be impracticable.  Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

41.    The provisions of the California Labor Code upon which Plaintiffs base their claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining

1    power in setting onerous terms and conditions on employment.

2    42.    The nature of this action and the laws available to Plaintiffs and Class

3    Members make the class-action format a particularly efficient and appropriate procedure

4    to redress the wrongs alleged herein.  Further, this case involves a large corporate

5    defendant and a large number of individual employees with many relatively small claims.

6    If each employee were required to file an individual lawsuit, ATS would necessarily gain

7    an unconscionable advantage because it would be able to exploit and overwhelm the

8    limited resources of each individual plaintiff with its vastly superior legal and financial

9    resources.

10   43.    Requiring each Class Member to pursue an individual remedy would also

11   discourage the assertion of lawful claims by employees who would be disinclined to file

12   an action against their former and/or current employer for real and justifiable fear of

13   retaliation and permanent damage to their careers with respect to subsequent

14   employment.

15   44.    Moreover, the prosecution of separate actions by individual Class Members

16   would create a substantial risk of inconsistent or varying adjudications with respect to

17   individual Class Members against the Defendant.

18   45.    There is a well-defined community of interest in the questions of law and

19   fact involved affecting the parties to be represented.  The questions of law and fact

20   common to the Class predominate over questions that may impact individual Class

21   Members.  These common questions include but are not limited to, the following:

22   (a) Whether Defendant's policy of never providing meal-period premium wages

23   for documented inadequate meal breaks violates the California Labor Code's express

24   requirement that wages be provided for missed meal breaks, as well as the requirement

25   that pay stubs reflect all compensation due and owing;

26   (b) Whether Defendant is required to reimburse Airport Agents for uniform-

27   cleaning costs, as well as whether the failure to reimburse for such costs (as well as the

28   failure to provide meal-period premium wages) constitutes a failure to pay all outstanding

wages upon the termination of employment;

(c) Whether ATS's practice of deducting uniform deposits from the paychecks of Airport Agents is unlawful;

(d) Whether Defendant was required by law to pay Airport Agents overtime for all hours worked in excess of eight hours a day and/or forty hours per week;

(e) Whether Defendant implemented and engaged in a systematic practice under which it improperly failed to pay for all overtime hours worked by Airport Agents;

(f) Whether Defendant implemented and engaged in a systematic practice under which it improperly calculated Airport Agents' overtime wages;

(g) Whether Defendant failed to provide Airport Agents with meal periods in violation of California Labor Code §§226.7(b) and 1198 and the applicable California IWC Wage Order;

(h) Whether ATS failed to keep, maintain, and/or furnish accurate records of the actual hours worked and the actual wages earned by Airport Agents;

(i) Whether ATS's conduct constituted an illegal, unfair, or deceptive business practice;

(j) Whether Plaintiffs and the Class are entitled to statutory damages, restitution, penalties, and/or injunctive relief.

46.    Proof of a common business practice or factual pattern that Plaintiffs experienced is representative of that experienced by the Class and will establish the right of each Class Member to recover on the causes of action alleged.

47.    Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiffs and the Class to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.

48.     Furthermore, Plaintiffs and the Class are entitled in common to restitution and disgorgement of funds withheld improperly by Defendant ATS.  Accordingly, Plaintiffs on behalf of the Class will seek the creation of a common fund made up of the aforementioned damages.

49.     Plaintiffs assert claims that are typical of those of the Class because they were employed by ATS as Airport Agents in California, they were subjected to ATS's uniform policies and procedures, and they were similarly injured as a result of ATS's actions.

50.     Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to other Class Members.  Moreover, Plaintiffs seek relief that is not antagonistic or adverse to the Class Members in that the infringement of their rights and the damages that they suffered are typical of all other Class Members.  Additionally, Plaintiffs have retained counsel who are competent and experienced in class-action litigation.

51.     Plaintiffs and Class Members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide substantial benefits to both the Class and the public because, absent this action, Defendant's unlawful conduct will continue un-remedied and uncorrected.  In point of fact, any violation of an IWC Wage Order regulating the working conditions of employees is a violation of the Labor Code, as well as a misdemeanor punishable by fine. See Cal. Lab. Code §§ 1198–99.

### FLSA COLLECTIVE-ACTION ALLEGATIONS

52.     In this collective action, Plaintiffs Pederson, Alcaraz and Mason seek to represent all individuals who, at any time during the three years preceding the filing of this Complaint, up to the time of the filing of a motion for certification of collective action, were or have been employed by Defendant (the "COLLECTIVE ACTION MEMBERS").

53.     Plaintiffs are similarly situated with the COLLECTIVE ACTION MEMBERS in that: (a) Plaintiffs Pederson, Alcaraz and Mason and the COLLECTIVE ACTION MEMBERS were employed by Defendant; (b) Plaintiffs Pederson, Alcaraz and Mason and the COLLECTIVE ACTION MEMBERS were not paid their overtime and minimum wages for all hours worked; (c) As a result of the practice of Defendant of withholding compensation for all hours worked, Plaintiffs Pederson, Alcaraz and Mason and the COLLECTIVE ACTION MEMBERS have been similarly damaged in that they have not received timely payment in full of their earned wages.

54.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for liquidated damages, costs and attorneys' fees under the FLSA. Attached hereto as **Exhibit 7** are the written FLSA consent forms for Plaintiffs.

55.     All individuals employed by Defendant should be given notice and be allowed to give their consent in writing, i.e., "opt in," to the collective action pursuant to 29 U.S.C. § 216(b).

### FIRST CLAIM FOR RELIEF

*Failure to Provide Meals and Meal-Period Premium Wages*
*In Violation of California Labor Code §§ 226.7 and 512*
*(Claim by all Plaintiffs and against Defendant ATS)*

56.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

57.     During the relevant Class Period, Defendant employed Plaintiffs and Class Members as Airport Agents throughout the State of California to conduct and transact its operations.

58.     On shifts where Airport Agents are required to take meal periods in accordance with California law but are deprived of the opportunity to take them, Airport Agents are not paid meal-period premium wages.  Those instances are recorded in ATS's payroll system.  Under the California Labor Code and the IWC's Wage Order, Airport Agents are therefore entitled to one additional hour of pay at their respective regular rates

of compensation for each day that they were deprived of meal periods.  <u>See</u> Cal. Lab.
Code §§ 512, 226.7; 8 Cal. Code Regs. 11090 § 11(A).

59.    Such a pattern, practice, and uniform administration of corporate policy
regarding illegal employee compensation is unlawful, and Plaintiffs and Class Members
are entitled to recover in a civil action the unpaid balance of the full amount of the meal-
period premiums owing, reasonable attorney's fees, and costs of suit pursuant to the
California Labor Code.  Plaintiffs and the Class request such a recovery.

60.    California Labor Code § 226.7 makes it unlawful for an employer to require
any employee to work during any meal period mandated by an applicable California IWC
Wage Order, statute, regulation, standard, the Occupational Safety and Health Standards
Board, or the Division of Occupational Safety and Health.

61.    During all times relevant, Defendant failed to provide meal periods as
mandated by California law to Plaintiffs and Airport Agents in violation of California
Labor Code § 226.7(b).

62.    California Labor Code §§ 201, 201.3 and 202 set forth the timing
requirements for the payment of wages to employees during employment and to
employees who are separating from employment with a temporary services employer.  A
violation of California Labor Code §§ 201, 201.3 and 202 results in payment of
continuing wages under California Labor Code § 203.  Defendant failed to pay Plaintiffs
and Airport Agents timely meal period premium wages in conformance with the
requirements set forth in §§ 201, 201.3 and 202, as applicable.  For this violation,
Plaintiffs and Airport Agents are entitled to and seek one hour of premium pay for each
day in which a meal period was not provided and further seek recovery of any and all
available remedies to the extent permissible, including recovery of interest, attorneys'
fees, and costs. Plaintiffs and Airport Agents whose employment with Defendant has
terminated are entitled to and seek recovery of penalties under California Labor Code §
203 as provided for under Labor Code § 201.3.

### SECOND CLAIM FOR RELIEF

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

*(Claim by all Plaintiffs and against Defendant ATS)*

63.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

64.    The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).  Furthermore, as noted above, IWC Wage Order 9 requires employers to maintain time records showing when employees begin and end their meal breaks.  See 8 Cal. Code Regs. 11090 § 7(A)(3).  Labor Code section 226 requires employers to provide access to such records.  See Cal. Lab. Code § 226(b).  Airport Agents are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked with each paycheck and to have access to such records upon request.

65.    Insofar as Defendant automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized statements, per section 226.  Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, Defendant is required to show this sum on its itemized wage statements.  Additionally, as a Temporary Services Employer within the meaning of Labor Code section 201.3, Defendant is required to show on employee wage statements, "the rate of pay and the total hours worked for each temporary services assignment." Cal. Lab. Code § 226(a)(9).

66.    Plaintiffs and Class Members were injured by Defendant's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.  In addition, Plaintiffs request injunctive relief pursuant to Labor Code section 226(g).

### *THIRD CLAIM FOR RELIEF*

*Failure to Reimburse for Uniform-Maintenance Expenses*

*In Violation of California Labor Code § 2802*

*(Claim by all Plaintiffs and against Defendant ATS)*

67.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

68.     The California Labor Code requires and IWC Wage Order 9 requires employers to reimburse employees for the maintenance of employee uniforms.  <u>See</u> Cal. Lab. Code § 2802; 8 Cal. Code Regs. 11090 § 9(A).  Despite the fact that certain parts of the standard ATS uniform carry the label "Dry Clean Only," Plaintiffs and Class Members have not been compensated for the maintenance of their uniforms.  They are therefore entitled to damages, including interest thereon, and they request such relief, all in accord with the requirements of section 2802 of the California Labor Code.

### *FOURTH CLAIM FOR RELIEF*

*Failure to Make Security Deposits Pursuant to California Labor Code §§ 403, 404, and 405 and in Violation of IWC Wage Order 9, Sec. 9(c)*

*(Claim by all Plaintiffs and against Defendant ATS)*

69.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

70.     Wage Order 9 provides, in part:

(C) A reasonable deposit may be required as security for the return of the items furnished by the employer under provisions of subsections (A) and (B) of this section upon issuance of a receipt to the employee for such deposit. Such deposits shall be made pursuant to Section 400 and following of the Labor Code or an employer with the prior written authorization of the employee may deduct from the employee's last check the cost of an item furnished pursuant to (A) and (B) above in the event said item is not returned. No deduction shall be made at any time for normal wear and tear.

1
2

> All items furnished by the employer shall be returned by the employee upon completion of the job.

3
4
5
6
7
8

Wage Order 9, ¶9(C).  Defendant ATS's practice of taking uniform deductions from Plaintiffs' and Airport Agents' paychecks violates California Labor Code § 403, 404, and 405.  Plaintiffs are informed and believe and based thereon allege that Defendant ATS commingled the earned but unpaid wages of Plaintiffs and Airport Agents with other funds of ATS in violation of Labor Code § 405. ATS failed and refused to pay interest to workers on the return of such deposits.

9
10
11
12

71.    Plaintiffs and the Class are entitled to a declaratory judgment that Defendant ATS's practices violate Labor Code §§403, 404 and 405.  Plaintiffs and the Class are further entitled to the issuance of a preliminary and permanent injunction against any further or continued uniform deductions by Defendant ATS.

13

### FIFTH CLAIM FOR RELIEF

14
15

*Unlawful Deductions in Violation of California Labor Code § 221*
*(Claim by all Plaintiffs and against Defendant ATS)*

16
17

72.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

18
19
20

73.    At all times relevant to this Complaint, Labor Code § 221 was in full force and effect and binding on Defendant. Said section prohibits Defendant ATS from collecting any part of wages paid by the employer to the employee.

21
22
23
24

74.    Notwithstanding the requirements of Labor Code § 221, Defendant ATS deducted amounts from Plaintiffs and Airport Agents for the maintenance of their uniforms.  Defendant ATS also failed to reimburse Plaintiffs and other Airport Agents for uniforms that were required to be worn as a condition of employment.

25
26
27
28

75.    Plaintiffs are informed and believe, and thereon allege that the deductions made by Defendant ATS are an unlawful attempt at passing on business loses and/or expenses to employees and constitutes an unlawful collection of wages previously paid in violation of Labor Code § 221.  Plaintiffs and Airport Agents are entitled to the recovery

of all improper deductions and civil penalties pursuant to Labor Code § 225.5.

### SIXTH CLAIM FOR RELIEF

*Failure to Pay Overtime Wages in Violation of California Labor Code §§ 510 and 1194*

*(Claim by all Plaintiffs and against Defendant ATS)*

76.     Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

77.     Within the four years before the filing of this Complaint, Defendant has employed Plaintiffs and the Class as Airport Agents throughout the State of California.

78.     During all relevant time periods after January 1, 2000, California Labor Code section 510 applied to Plaintiffs and the Class and provided that any work performed by a non-exempt employee in excess of eight hours a day or in excess of forty hours a week must be compensated at one-and-one-half times the employee's regular rate of pay. Work in excess of twelve hours per day must be compensated at double time. Defendant did not properly compensate Plaintiffs or the Class for all hours worked in excess of eight hours in a day or in excess of forty hours a week at one-and-one-half times their regular rate of pay.

79.     Defendant also failed to properly calculate the overtime rate of wages owing to employees.

80.     Defendant's improper actions have proximately caused Plaintiffs and the Class damages that they are entitled to recover, including their unpaid overtime compensation and penalties or liquidated damages arising therefrom, as well as interest thereon, costs, and attorney's fees.

81.     In failing to compensate Plaintiffs and the Class for overtime, Plaintiffs are informed and believe and based thereon alleges that Defendant acted and continues to act maliciously, oppressively, and despicably, with the wrongful intention of causing injury and hardship to Members the Class by reaping economic gain at their expense, in a willful and conscious disregard of their statutory and regulatory right to overtime compensation.

82.    Plaintiffs are informed and believe and thereon allege that Defendant knew or should have known that Plaintiffs and Members of the Class should have been paid a premium for all overtime hours they worked and purposely and unfairly elected not to pay them for their overtime labor, thereby subjecting Defendant to damages and penalties.

83.    Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful, and Plaintiffs and the Class are entitled to recover in a civil action the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, as well as penalties, reasonable attorney's fees, and costs of suit pursuant to the California Labor Code. Plaintiffs and the Class request such a recovery.

### SEVENTH CLAIM FOR RELIEF

*Failure to Timely Pay All Wages*

*In Violation of California Labor Code §§ 201, 201.3(B)(1), 203*

*(Claim by all Plaintiffs and against Defendant ATS)*

84.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

85.    California Labor Code § 201.3 sets forth the timing requirements for the payment of wages due during an employee's employment and upon separation of employment from a temporary services employer such as Defendants here.

86.    California Labor Code § 201.3(b)(1) states: Except as provided in paragraphs (2) to (5), inclusive, if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week. A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision.

87.     California Labor Code §§ 201.3(b)(4) and (5) provide that employees of a temporary services employer assigned to work for a client and is discharged or quits his or her employment with the temporary services employer, wages are due and payable as provided in California Labor Code §§ 201 and 202, respectively. California Labor Code §201.3(c) states that "[a] temporary services employer who violates this section shall be subject to the civil penalties provided for in Section 203, and to any other penalties available at law."

88.     During the relevant time period and through its conduct including that alleged herein, Defendant failed and refused, and continue to fail and refuse, to pay Plaintiffs and Airport Agents their wages, earned and unpaid, during employment by the times set forth by California Labor Code §201.3, all in derogation of section 203 of the California Labor Code.

89.     During the relevant time period and through its conduct including that alleged herein, Defendant failed and refused, and continue to fail and refuse, to pay Plaintiffs and Airport Agents their wages, earned and unpaid, upon separation of employment, as applicable, by the times set forth by California Labor Code §201.3.

90.     Defendant's failure to pay Plaintiffs and Airport Agents their wages earned and unpaid within the time frames specified by California Labor Code §201.3, violates California Labor Code §§ 201.3 and 203. As a result, Defendant is liable to Plaintiffs and Airport Agents for penalties and remedies as set forth under California Labor Code §§201.3 and 203, in an amount according to proof at the time of trial.

91.     As noted above, section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3. . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a). By failing to pay meal-period premium wages as alleged above to Class Members, as well as by failing to reimburse

Class Members for uniform-maintenance costs and unlawfully deducting deposits from the paychecks of Class Members, Defendant has willfully failed to pay all wages due and owing to those Class Members who are no longer employed by Defendant.

92.    Plaintiffs and Class Members are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

### EIGHTH CLAIM FOR RELIEF

*Violation of California Business and Professions Code § 17200 et seq.*

*(Claim by all Plaintiffs and against Defendant ATS)*

93.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

94.    California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  Plaintiffs allege that ATS has engaged in unfair business practices in California by the above-described failure to pay meal-period premium wages to Airport Agents, failure to pay overtime wages to Airport Agents, failure to provide meal periods to Airport Agents, as well as by the above-described failure to reimburse Airport Agents for uniform-maintenance costs and through its unlawful deductions from their paychecks.

95.    ATS's actions entitle Plaintiffs and Class Members to seek the remedies available pursuant to section 17200 *et seq.*  Plaintiffs seek full restitution of said amounts from ATS, as necessary and according to proof, to restore any and all amounts— including interest—withheld, acquired, or converted by ATS by means of the unfair practices complained of herein.  Plaintiffs, on behalf of themselves and other similarly situated employees, as well as on behalf of the general public, further seek attorney's fees and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure.  In addition, Plaintiffs seek the appointment of a receiver as necessary.  Finally, Plaintiffs seek an injunction to remedy and prevent ATS's improper practices.

### *NINTH CLAIM FOR RELIEF*

*Failure to Pay Minimum Wage and/or Overtime Compensation*

*Fair Labor Standards Act, 29 U.S.C. § 216(b)*

*(Claim by all Plaintiffs and against Defendant ATS)*

96.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

97.    Defendant intentionally and improperly failed to pay Plaintiffs and Collective Action members minimum wage and/or overtime compensation to which they are entitled. The FLSA, 29 U.S.C. § 207 provides, in relevant part:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for this employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

98.    During their employment with Defendant, Plaintiffs and Collective Action Members were not paid for all of their time worked.

99.    Accordingly, Plaintiffs and Collective Action Members request payment of minimum wage and/or overtime compensation according to proof, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### *TENTH CLAIM FOR RELIEF*

*Failure to Provide Employment Records Upon Request*

*California Labor Code §226*

*(Claim by all Plaintiffs and against Defendant ATS)*

100.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein. Plaintiffs bring this claim as individual claims against Defendant ATS.

101.   Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

102.   Plaintiffs requested that Defendant ATS permit inspection or copying of their employment records pursuant to Labor Code Section 226(b). Defendant has failed to provide Plaintiffs with an opportunity to inspect or copy their employment records within 21 days of their requests. See Cal. Lab. Code § 226(c). On October 2, 2015 Plaintiffs Pederson, Alcaraz and Mason sent a 226 request to ATS and to ATS Registered Agent for Service of Process requesting copies of their employment records. A true and correct copy of Plaintiffs' 226 request is attached hereto as **Exhibits 4-6**. As of the date of filing of this Complaint, Defendant ATS has failed to respond properly to Plaintiffs' request.

103.   Pursuant to Labor Code Section 226(f) and (6), Plaintiffs are entitled, and hereby seek to recover from ATS a seven-hundred-fifty dollar ($750) penalty each, reasonable attorneys' fees, and the costs of bringing this claim for relief.

### ELEVENTH CLAIM FOR RELIEF

*Failure to Provide Employment Records Upon Request*

*California Labor Code § 1198.5*

*(Claim by all Plaintiffs and against Defendant ATS)*

104.   Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein. Plaintiffs bring this claim as individual claims against ATS.

105.   Pursuant to Labor Code section 1198.5, an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

106.   Plaintiffs requested that Defendant permit inspection or copying of their employment records pursuant to Labor Code section 1198.5. Defendant has failed to provide Plaintiffs with an opportunity to inspect or copy their employment records within 30 days of their request. See Cal. Lab. Code § 1198.5(b)(1). On October 2, 2015 Plaintiffs Pederson, Alcaraz and Mason sent an 1198.5 request to ATS and to ATS

Registered Agent for Service of Process requesting copies of their employment records. A true and correct copy of Plaintiffs' 1198.5 request is attached hereto as **Exhibits 4-6**. As of the date of filing of this Complaint, Defendant ATS has failed to respond to Plaintiffs' request.

107.   Pursuant to Labor Code Section 1198.5(k), Plaintiffs are entitled, and hereby seek to recover from Defendant a seven-hundred-fifty dollar ($750) penalty each, reasonable attorneys' fees, and the costs of bringing this claim for relief.

### TWELFTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2698 et seq.*

*(Claim by all Plaintiffs and against Defendant ATS)*

108.   Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth herein.

109.   Pursuant to section 2699.3(a)(1) of the Labor Code, on approximately November 20, 2015, Plaintiffs gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by ATS, including the facts and theories set forth in the original Complaint. Also on November 20, 2015, Plaintiffs gave written notice by certified mail to ATS of the specific provisions of the Labor Code alleged to have been violated by ATS.

110.   It had been expected that in 2015, the Undersecretary of the LWDA, would send a letter by certified mail to Plaintiffs and ATS stating that the LWDA did not intend to investigate the alleged violations. However, no such response was received. Accordingly, Plaintiffs "may as a matter of right amend [the] existing [C]omplaint to add a cause of action arising under [the Labor Private Attorneys General Act ("LCPAGA")]." Cal. Lab. Code § 2699.3(a)(2)(C).  The LCPAGA establishes civil penalties for violations of the Labor Code, including the violations alleged in this Complaint.

111.   Plaintiffs contend that sections 201, 201.3, 202, 210, 221, 225.5, 226, 226.3, 226.7, 405, 450, 510, 512, 558, 1194, 1198, 1206, 2802, 2810.3, 2810.5, 2699 and 2699.3

of the Labor Code enable them to recover civil penalties, as well as attorney's fees and costs, from ATS through a civil action on behalf of themselves and other aggrieved employees.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.     That the Court certify the class and collective actions described in this Complaint.

2.     With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiffs and the Class for meal-period premium damages, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, against all Defendant ATS.

3.     With respect to the second claim for relief, that the Court enter judgment in favor of Plaintiffs and the Class for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, as well as injunctive relief, against Defendant ATS.

4.     With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiffs and the Class for uniform-reimbursement expenses, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, against Defendant ATS.

5.     With respect to the fourth claim for relief, that the Court enter judgment in favor of Plaintiffs and the Class for the issuance of a preliminary and permanent injunction, civil penalties, attorney's fees and costs, all according to proof, against Defendant ATS.

6.     With respect to the fifth claim for relief, that the Court enter judgment in favor of Plaintiffs and the Class for all improper deductions, civil penalties, reasonable

attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, against Defendant ATS.

7.    With respect to the sixth claim for relief, that this Court enter judgment in favor of Plaintiffs and the Class for payment of their unpaid overtime compensation, interest thereon, reasonable attorney's fees, and costs of suit, all according to proof, in accordance with sections 1194 and 1194.2 of the California Labor Code, against Defendant ATS.

8.    With respect to the seventh claim for relief, that the Court enter judgment in favor of Plaintiffs and the Class for damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, against Defendant ATS.

9.    With respect to the eighth claim for relief, that it be adjudged that ATS's violations of the California Labor Code constitute violations of section 17200 *et seq*. of the California Business and Professions Code.  Accordingly, Plaintiffs request that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ATS for the period of time from four years prior to the filing of the original Complaint to date.  Furthermore, Plaintiffs request that the Court issue an order or decree pursuant to section 17203 of the Business and Professions Code that enjoins ATS from pursuing its practice of violating IWC Wage Order 9 and the California Labor Code.  Finally, Plaintiffs request that the Court award Plaintiffs their reasonable attorney's fees and costs incurred in the prosecution of the thirteenth claim for relief, against Defendant ATS.

10.    With respect to the ninth claim for relief for Defendants failure to pay minimum wage and/or overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 and 207, Plaintiff and Collective Action Members be awarded their unpaid minimum wage and/or overtime compensation, liquidated damages, and attorneys' fees and costs, according to proof, pursuant to 29 U.S.C. § 216(b), against Defendant ATS.

11.    With respect to the tenth claim for relief, that the Court enter judgment in favor of Plaintiffs individually. That Plaintiffs be awarded the statutory penalty provided by Labor Code section 226(b) in the amount of $750 each, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(f) and (g), against Defendant ATS.

12.    With respect to the eleventh claim for relief, that the Court enter judgment in favor of Plaintiffs individually. That Plaintiffs be awarded the statutory penalty provided by Labor Code section 1198.5(k) in the amount of $750 each, and for reasonable attorneys' fees and costs of suit pursuant to Labor Code section 1198.5(l), against Defendant ATS.

13.    With respect to the twelfth claim for relief, that the Court award Plaintiffs and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the Labor Code, against Defendant ATS.

14.    For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED:  April 7, 2016                         HARRIS & RUBLE
                                              LAW OFFICES OF JOHN P. DORIGAN

                                              _/s/ Alan Harris_____
                                              Alan Harris/ John P. Dorigan
                                              *Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all counts.

DATED:  April 1, 2016                         HARRIS & RUBLE
                                              LAW OFFICES OF JOHN P. DORIGAN

                                              _/s/ Alan Harris_____
                                              Alan Harris/John P. Dorigan
                                              *Attorneys for Plaintiffs*

1

## <u>INDEX TO EXHIBITS</u>

2    **Exhibit 1** are partially redacted copies of certain of Plaintiff Pederson's wage statements

3    **Exhibit 2** are partially redacted copies of certain of Plaintiff Alcaraz's wage statements.

4    **Exhibit 3** are partially redacted copies of certain of Plaintiff Mason's wage statements.

5    **Exhibit 4** is a partially redacted copy of Plaintiff Pederson's Labor Code 226 and 1198.5

6    Request.

7    **Exhibit 5** is a partially redacted copy of Plaintiff Alcaraz's Labor Code 226 and 1198.5

8    Request.

9    **Exhibit 6** is a partially redacted copy of Plaintiff Mason's Labor Code 226 and 1198.5

10   Request.

11   **Exhibit 7** are true and correct copies of Plaintiff's FLSA Consent Forms

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

# Pay Statement

This is a statement of earnings and deductions. This pay statement is non-negotiable.

**ATS**

Airport Terminal Services, Inc.
111 Westport Plaza Drive
Suite 400
Maryland Heights, MO 63146

| Pay Statement | |
| --- | --- |
| Period Start Date | 06/15/2015 |
| Period End Date | 06/21/2015 |
| Pay Date | 06/26/2015 |
| Document | 127051 |
| Net Pay | $310.48 |

## Pay Details

**GIDEON JOEL PEDERSON**

| | |
| --- | --- |
| Employee Number | 0019608 |
| SSN | |
| Job | Passenger Svc Crew Chief |
| Pay Rate | $11.75 |
| Pay Frequency | Weekly |

| | |
| --- | --- |
| Pay Group | ATS Weekly Hrly US |
| Location | PSP88-Palm Springs, CA |
| Facility | PSP88 - PSP88-Palm Springs, CA |
| Department | 4085 - Passenger |
| Business Unt | WEST - West |

| | | |
| --- | --- | --- |
| Federal Income Tax | S | 0 |
| CA State Income Tax (Residence) | S | 0 |
| CA State Income Tax (Work) | S | 0 |

## Earnings

| Pay Type | Hours | Pay Rate | Current | YTD |
| --- | --- | --- | --- | --- |
| EE Referral | 0.0000 | $0.0000 | $0.00 | $100.00 |
| Holiday Pay | 0.0000 | $0.0000 | $0.00 | $184.00 |
| Overtime | 0.0000 | $0.0000 | $0.00 | $938.95 |
| Regular Hourly | 8.9300 | $11.7500 | $104.93 | $11,363.99 |
| Retroactive Pay | 0.0000 | $0.0000 | $0.00 | $64.92 |
| Vacation | 24.5000 | $11.7500 | $287.88 | $405.38 |
| Total Hours | 33.4300 | | | |

## Deductions

| | | Employee | |
| --- | --- | --- | --- |
| Deduction | Pre-Tax | Current | YTD |
| Basic Life C3 | No | $0.00 | $0.00 |

### Taxes

| Taxes | Current | YTD |
| --- | --- | --- |
| CA Disability Employee | $3.54 | $117.52 |
| CA State Income Tax | $5.31 | $234.42 |
| Employee Medicare | $5.70 | $189.33 |
| Federal Income Tax | $43.42 | $1,529.48 |
| Social Security Employee Tax | $24.36 | $809.55 |

## Paid Time Off

| Plan | Current | Balance |
| --- | --- | --- |
| Sick pay | 0.4600 | 11.0415 |
| Vacation | 1.5385 | 1.6548 |

## Net Pay Distribution

| Account Number | Account Type | Amount |
| --- | --- | --- |
| | Checking | $310.48 |
| Total | | $310.48 |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
| --- | --- | --- | --- | --- | --- |
| Current | $392.81 | $392.81 | $82.33 | $0.00 | $310.48 |
| YTD | $13,057.24 | $13,057.24 | $2,880.30 | $0.00 | $10,176.94 |

*Originally printed in English*

**Complaint Exhibit 1-001**

Airport Terminal Services - Gideon Joel Pederson - Powered By: my-eStub.com    Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 38 of 92   Page
ID #:255





POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Gideon Joel Pederson

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Gideon Joel Pederson | 000200996816 | 88 | 4085 | 2401026471 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A      0856      468.29 | 468.29 | 1,721.00 | 02/04/2013 thru 02/10/2013 | 02/15/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | | FED TAX | .00 | 117.89 |
| OVERTIME | 6.8000 | 15.0000 | 102.00 | | FICA EE | 33.48 | 106.70 |
| DT | 1.9000 | 20.0000 | 38.00 | | MEDICARE E | 7.83 | 24.95 |
| | | | | | CA WH TAX | .00 | 22.67 |
| | | | | | CA SDI | 5.40 | 17.21 |
| | | | | | EEDEP/UNIF | 25.00 | 25.00 |
| | | | | | DIR DEP A | 468.29 | 1406.58 |
| **Total** | 48.7000 | | 540.00 | | **Total** | 540.00 | 1721.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE                    AMOUNT
02/15/2013              0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO          Gideon Joel Pederson                         AIRPORT TERMINAL SERVICES, INC.
THE ORDER
OF                                                        DIRECT DEPOSIT NOTICE

Airport Terminal Services - Gideon Joel Pederson - Powered By: my-eStub.com    Page 1 of 1
Case 3:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 39 of 92    Page
ID #:256





111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Gideon Joel Pederson

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Gideon Joel Pederson | | 000200998380 | 88 | 4085 | | 2401026471 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 0856    397.95 | 397.95 | 2,184.00 | 02/11/2013 thru 02/17/2013 | | 02/22/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | | FED TAX | .00 | 117.89 |
| OVERTIME | 4.2000 | 15.0000 | 63.00 | | FICA EE | 28.71 | 135.41 |
| | | | | | MEDICARE E | 6.71 | 31.66 |
| | | | | | CA WH TAX | .00 | 22.67 |
| | | | | | CA SDI | 4.63 | 21.84 |
| | | | | | EEDEP/UNIF | 25.00 | 50.00 |
| | | | | | DIR DEP A | 397.95 | 1804.53 |
| Total | 44.2000 | | 463.00 | | Total | 463.00 | 2184.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |







POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 1.00

Gideon Joel Pederson

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Gideon Joel Pederson | | 000201001619 | 88 | 4085 | | 2401026471 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 0856 | 352.72 | 352.72 | 3,078.50 | 02/25/2013 thru 03/03/2013 | 03/08/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 31.9000 | 10.0000 | 319.00 | FED TAX | .00 | 117.89 |
| OVERTIME | 2.1000 | 15.0000 | 31.50 | FICA EE | 25.64 | 190.87 |
| TRAINING | 5.5000 | 10.0000 | 55.00 | MEDICARE E | 6.00 | 44.63 |
| SHIFTAMNT | | | 8.00 | CA WH TAX | .00 | 22.67 |
| | | | | CA SDI | 4.14 | 30.79 |
| | | | | EEDEP/UNIF | 25.00 | 75.00 |
| | | | | DIR DEP A | 352.72 | 2596.65 |
| Total | 39.5000 | | 413.50 | Total | 413.50 | 3078.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
03/08/2013        0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Gideon Joel Pederson

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Complaint Exhibit 1-004



POWERED BY:



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00     YTD: 2.00

Gideon Joel Pederson

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Gideon Joel Pederson | 000201004859 | 88 | 4085 | 2401026471 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A      0856    372.84 | 372.84 | 3,984.00 | 03/11/2013 thru 03/17/2013 | 03/22/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 39.8000 | 10.0000 | 398.00 | FED TAX | .00 | 117.89 |
| OVERTIME | 2.5000 | 15.0000 | 37.50 | FICA EE | 27.00 | 247.01 |
| | | | | MEDICARE E | 6.31 | 57.76 |
| | | | | CA WH TAX | .00 | 22.67 |
| | | | | CA SDI | 4.35 | 39.84 |
| | | | | EEDEP/UNIF | 25.00 | 100.00 |
| | | | | DIR DEP A | 372.84 | 3398.83 |
| Total | 42.3000 | | 435.50 | Total | 435.50 | 3984.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146                                    DATE            AMOUNT
                                                           03/22/2013        0.00
PAY              *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

   TO                                              AIRPORT TERMINAL SERVICES, INC.
THE ORDER     Gideon Joel Pederson
   OF
                                                        DIRECT DEPOSIT NOTICE

**Complaint Exhibit 1-005**



**POWERED BY:**

my-eStub
ELECTRONIC PAY ADVICES

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -                    Week: 0.00    YTD: 2.00

Gideon Joel Pederson

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Gideon Joel Pederson | 000201006617 | 88 | 4085 | 2401026471 |
| **DIRECT DEPOSIT DETAILS** | **NET PAY** | **YTD GROSS** | **PAY PERIOD** | **CHECK DATE** |
| DIR DEP A    0856    392.47 | 392.47 | 4,441.00 | 03/18/2013 thru 03/24/2013 | 03/29/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | .00 | 117.89 |
| OVERTIME | 3.8000 | 15.0000 | 57.00 | FICA EE | 28.33 | 275.34 |
|  |  |  |  | MEDICARE E | 6.63 | 64.39 |
|  |  |  |  | CA WH TAX | .00 | 22.67 |
|  |  |  |  | CA SDI | 4.57 | 44.41 |
|  |  |  |  | EEDEP/UNIF | 25.00 | 125.00 |
|  |  |  |  | DIR DEP A | 392.47 | 3791.30 |
| **Total** | **43.8000** |  | **457.00** | **Total** | **457.00** | **4441.00** |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
|  |  |  |



AIRPORT TERMINAL SERVICES

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE                    AMOUNT
03/29/2013              0.00

**PAY**    *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF        Gideon Joel Pederson

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

**Complaint Exhibit 1-006**



POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 2.00

Gideon Joel Pederson

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Gideon Joel Pederson | | 000201008182 | 88 | 4085 | | 2401026471 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 0856   417.13 | 417.13 | 4,925.00 | 03/25/2013 thru 03/31/2013 | | 04/05/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | .00 | 117.89 |
| OVERTIME | 5.6000 | 15.0000 | 84.00 | FICA EE | 30.01 | 305.35 |
| | | | | MEDICARE E | 7.02 | 71.41 |
| | | | | CA WH TAX | .00 | 22.67 |
| | | | | CA SDI | 4.84 | 49.25 |
| | | | | EEDEP/UNIF | 25.00 | 150.00 |
| | | | | DIR DEP A | 417.13 | 4208.43 |
| **Total** | 45.6000 | | 484.00 | **Total** | 484.00 | 4925.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
04/05/2013        0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER        Gideon Joel Pederson
OF

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



**POWERED BY:**



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00     YTD: 2.00

Gideon Joel Pederson

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Gideon Joel Pederson | 000201009742 | 88 | 4085 | 2401026471 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A      0856      356.84 | 356.84 | 5,343.00 | 04/01/2013 thru 04/07/2013 | 04/12/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | | FED TAX | .00 | 117.89 |
| OVERTIME | 1.2000 | 15.0000 | 18.00 | | FICA EE | 25.92 | 331.27 |
| | | | | | MEDICARE E | 6.06 | 77.47 |
| | | | | | CA WH TAX | .00 | 22.67 |
| | | | | | CA SDI | 4.18 | 53.43 |
| | | | | | EEDEP/UNIF | 25.00 | 175.00 |
| | | | | | DIR DEP A | 356.84 | 4565.27 |
| Total | 41.2000 | | 418.00 | | Total | 418.00 | 5343.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 04/12/2013 | 0.00 |

**PAY**      *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

AIRPORT TERMINAL SERVICES, INC.

TO
THE ORDER      Gideon Joel Pederson
OF

DIRECT DEPOSIT NOTICE

Case 5:15-cv-02400-VAP-SP     Document 16-1     Filed 04/07/16     Page 45 of 92    Page
ID #:262



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -      Week: 0.00    YTD: 2.00

Gideon Joel Pederson

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Gideon Joel Pederson | 000201011371 | 88 | 4085 | 2401026471 |
| **DIRECT DEPOSIT DETAILS** | **NET PAY** | **YTD GROSS** | **PAY PERIOD** | **CHECK DATE** |
| DIR DEP A   0856   277.82 | 277.82 | 5,674.50 | 04/08/2013 thru 04/14/2013 | 04/19/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 31.0000 | 10.0000 | 310.00 | FED TAX | .00 | 117.89 |
| OVERTIME | .9000 | 15.0000 | 13.50 | FICA EE | 20.55 | 351.82 |
| SHIFTAMNT | | | 8.00 | MEDICARE E | 4.81 | 82.28 |
| | | | | CA WH TAX | .00 | 22.67 |
| | | | | CA SDI | 3.32 | 56.75 |
| | | | | EEDEP/UNIF | 25.00 | 200.00 |
| | | | | DIR DEP A | 277.82 | 4843.09 |
| **Total** | 31.9000 | | 331.50 | **Total** | 331.50 | 5674.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 04/19/2013 | 0.00 |

**PAY**      *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF    Gideon Joel Pederson

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



POWERED BY:



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00     YTD: 2.00

Gideon Joel Pederson

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Gideon Joel Pederson | 000201012968 | 88 | 4085 | 2401026471 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A     0856     378.32 | 378.32 | 6,116.00 | 04/15/2013 thru 04/21/2013 | 04/26/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 39.2000 | 10.0000 | 392.00 | FED TAX | .00 | 117.89 |
| OVERTIME | 3.3000 | 15.0000 | 49.50 | FICA EE | 27.37 | 379.19 |
|  |  |  |  | MEDICARE E | 6.40 | 88.68 |
|  |  |  |  | CA WH TAX | .00 | 22.67 |
|  |  |  |  | CA SDI | 4.41 | 61.16 |
|  |  |  |  | EEDEP/UNIF | 25.00 | 225.00 |
|  |  |  |  | DIR DEP A | 378.32 | 5221.41 |
| Total | 42.5000 |  | 441.50 | Total | 441.50 | 6116.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
|  |  |  |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146                    DATE              AMOUNT
                                            04/26/2013          0.00
PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

     TO                                      AIRPORT TERMINAL SERVICES, INC.
THE ORDER
     OF      Gideon Joel Pederson

                                             DIRECT DEPOSIT NOTICE

Complaint Exhibit 1-010



**POWERED BY:**

my eSTUB
ELECTRONIC    PAY ADVICES

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00

Gideon Joel Pederson

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Gideon Joel Pederson | | 000201016233 | 88 | 4085 | | 2401026471 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 0856   327.16 | 327.16 | 6,910.00 | 04/29/2013 thru 05/05/2013 | | 05/10/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 38.1000 | 10.0000 | 381.00 | FED TAX | .00 | 117.89 |
| OVERTIME | .3000 | 15.0000 | 4.50 | FICA EE | 23.90 | 428.42 |
| | | | | MEDICARE E | 5.59 | 100.19 |
| | | | | CA WH TAX | .00 | 22.67 |
| | | | | CA SDI | 3.85 | 69.10 |
| | | | | EEDEP/UNIF | 25.00 | 250.00 |
| | | | | DIR DEP A | 327.16 | 5921.73 |
| **Total** | 38.4000 | | 385.50 | **Total** | 385.50 | 6910.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

|  | DATE | AMOUNT |
|---|---|---|
| | 05/10/2013 | 0.00 |

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Gideon Joel Pederson

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00


Gideon Joel Pederson

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Gideon Joel Pederson | | 000201017887 | 88 | 4085 | | 2401026471 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 0856  312.99 | 312.99 | 7,280.00 | 05/06/2013 thru 05/12/2013 | | 05/17/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 35.5000 | 10.0000 | 355.00 | FED TAX | .00 | 117.89 |
| OVERTIME | 1.0000 | 15.0000 | 15.00 | FICA EE | 22.94 | 451.36 |
| | | | | MEDICARE E | 5.37 | 105.56 |
| | | | | CA WH TAX | .00 | 22.67 |
| | | | | CA SDI | 3.70 | 72.80 |
| | | | | EEDEP/UNIF | 25.00 | 275.00 |
| | | | | DIR DEP A | 312.99 | 6234.72 |
| **Total** | 36.5000 | | 370.00 | **Total** | 370.00 | 7280.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

|  | DATE | AMOUNT |
|---|---|---|
|  | 05/17/2013 | 0.00 |

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Gideon Joel Pederson

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



**POWERED BY:**




111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00     YTD: 3.00

Gideon Joel Pederson

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Gideon Joel Pederson | 000201021030 | 88 | 4085 | 2401026471 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A     0856     352.74 | 352.74 | 8,086.00 | 05/20/2013 thru 05/26/2013 | 05/31/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | .00 | 117.89 |
| OVERTIME | .9000 | 15.0000 | 13.50 | FICA EE | 25.63 | 501.33 |
|  |  |  |  | MEDICARE E | 6.00 | 117.25 |
|  |  |  |  | CA WH TAX | .00 | 22.67 |
|  |  |  |  | CA SDI | 4.13 | 80.86 |
|  |  |  |  | EEDEP/UNIF | 25.00 | 300.00 |
|  |  |  |  | DIR DEP A | 352.74 | 6946.00 |
| **Total** | 40.9000 |  | 413.50 | **Total** | 413.50 | 8086.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
|  |  |  |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 05/31/2013 | 0.00 |

**PAY**     *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF         Gideon Joel Pederson

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Exhibit 2

# Pay Statement

This is a statement of earnings and deductions. This pay statement is non-negotiable

**ATS**

Airport Terminal Services, Inc
111 Westport Plaza Drive
Suite 400
Maryland Heights, MO 63146

| Pay Statement | |
|---|---|
| Period Start Date | 06/29/2015 |
| Period End Date | 07/05/2015 |
| Pay Date | 07/10/2015 |
| Document | 131133 |
| Net Pay | $372.49 |

## Pay Details

**RUTH ASHLEY ALCARAZ**

| | | | | | |
|---|---|---|---|---|---|
| Employee Number | 0019053 | Pay Group | ATS Weekly Hrly US | Federal Income Tax | S  1 |
| SSN | | Location | PSP88-Palm Springs, CA | CA State Income Tax (Residence) | S  0 |
| Job | Passenger Svc Crew Chief | Facility | PSP88 - PSP88-Palm Springs, CA | CA State Income Tax (Work) | S  0 |
| Pay Rate | $11.75 | Department | 4085 - Passenger | | |
| Pay Frequency | Weekly | Business Unt | WEST - West | | |

## Earnings

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| Hol Worked OT | 0.0000 | $0.0000 | $0.00 | $1.18 |
| Holiday Pay | 6.0000 | $11.7500 | $94.00 | $368.00 |
| Hol Worked | 0.0000 | $0.0000 | $0.00 | $176.25 |
| Incentive Bonus | 0.0000 | $0.0000 | $0.00 | $200.00 |
| LTD | 0.0000 | $0.0000 | $0.00 | $34.20 |
| Overpaid Wages | 0.0000 | $0.0000 | ($32.49) | ($32.49) |
| Overtime | 0.0200 | $17.6250 | $0.35 | $812.12 |
| Regular Hourly | 34.0300 | $11.7500 | $399.85 | $10,624.28 |
| Retroactive Pay | 0.0000 | $0.0000 | $0.00 | $9.71 |
| Split Shift Prem | 0.0000 | $0.0000 | $0.00 | $18.00 |

Total Hours    42.0500

## Deductions

| | | Employee | |
|---|---|---|---|
| Deduction | Pre-Tax | Current | YTD |
| Basic Life C3 | No | $0.00 | $0.00 |
| Long Term Dis 3 | No | $0.00 | $0.00 |
| LTD | No | $0.00 | $34.20 |

## Taxes

| Taxes | Current | YTD |
|---|---|---|
| CA Disability Employee | $4.16 | $109.90 |
| CA State Income Tax | $7.53 | $216.29 |
| Employee Medicare | $6.69 | $177.06 |
| Federal Income Tax | $42.21 | $1,147.03 |
| Social Security Employee Tax | $28.63 | $757.10 |

## Paid Time Off

| Plan | Current | Balance |
|---|---|---|
| Floating Hol | 0.0000 | 16.0000 |
| Sick pay | -5.5168 | 48.0000 |
| Vacation | 1.5385 | 86.1614 |

## Net Pay Distribution

| Account Number | Account Type | Amount |
|---|---|---|
| | Checking | $155.00 |
| | Checking | $217.49 |
| Total | | $372.49 |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | $461.71 | $461.71 | $89.22 | $0.00 | $372.49 |
| YTD | $12,211.25 | $12,211.25 | $2,407.38 | $34.20 | $9,769.67 |

*Originally printed in English*

**Complaint Exhibit 2-001**

Airport Terminal Services - Ruth Ashly Alcaraz - Powered By: my-eStub.com    Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 52 of 92 - Page
ID #:269



POWERED BY:

*my eStub*
ELECTRONIC PAY ADVICES

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Ruth Ashly Alcaraz | 000200993502 | 88 | 4085 | 7675025919 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A    1439    382.07 | 382.07 | 2,580.00 | 01/21/2013 thru 01/27/2013 | 02/01/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 37.2000 | 10.0000 | 372.00 | FED TAX | 45.67 | 265.34 |
| OVERTIME | 5.8000 | 15.0000 | 87.00 | FICA EE | 29.70 | 159.96 |
| DT | 1.0000 | 20.0000 | 20.00 | MEDICARE E | 6.95 | 37.42 |
| | | | | CA WH TAX | 9.82 | 59.18 |
| | | | | CA SDI | 4.79 | 25.80 |
| | | | | EEDEP/UNIF | .00 | 25.00 |
| | | | | DIR DEP A | 382.07 | 2007.30 |
| Total | 44.0000 | | 479.00 | Total | 479.00 | 2580.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
02/01/2013       0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO          AIRPORT TERMINAL SERVICES, INC.
THE ORDER    Ruth Ashly Alcaraz
OF
DIRECT DEPOSIT NOTICE

POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points - Week: 0.00 YTD: 2.00

Ruth Ashly Alcaraz
[redacted]

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000200996749 | 88 | 4085 | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A 1439 | 391.25 | 391.25 | 3,479.50 | 02/04/2013 thru 02/10/2013 | 02/15/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS |
|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 |
| OVERTIME | 5.1000 | 15.0000 | 76.50 |
| DT | 2.5000 | 20.0000 | 50.00 |
| Total | 47.6000 | | 526.50 |

| DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|
| FED TAX | 52.80 | 347.91 |
| FICA EE | 32.64 | 215.73 |
| MEDICARE E | 7.63 | 50.46 |
| CA WH TAX | 11.91 | 76.25 |
| CA SDI | 5.27 | 34.80 |
| EEDEP/UNIF | 25.00 | 50.00 |
| DIR DEP A | 391.25 | 2704.35 |
| Total | 526.50 | 3479.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |

AIRPORT TERMINAL SERVICES

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE 02/15/2013 AMOUNT 0.00

PAY *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO THE ORDER OF Ruth Ashly Alcaraz
[redacted]

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Complaint Exhibit 2-003

Airport Terminal Services - Ruth Ashly Alcaraz - Powered By: my-eStub.com
Case 5:15-cv-02400-VAP-SP   Document 16-1   Filed 04/07/16   Page 54 of 92   Page
ID #:271
Page 1 of 1





111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00     YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000200995087 | 88 | 4085 | | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 1439  305.80 | 305.80 | 2,953.00 | 01/28/2013 thru 02/03/2013 | | 02/08/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 32.0000 | 10.0000 | 320.00 | | FED TAX | 29.77 | 295.11 |
| OVERTIME | 3.0000 | 15.0000 | 45.00 | | FICA EE | 23.13 | 183.09 |
| SHIFTAMNT | | | 8.00 | | MEDICARE E | 5.41 | 42.83 |
| | | | | | CA WH TAX | 5.16 | 64.34 |
| | | | | | CA SDI | 3.73 | 29.53 |
| | | | | | EEDEP/UNIF | .00 | 25.00 |
| | | | | | DIR DEP A | 305.80 | 2313.10 |
| Total | 35.0000 | | 373.00 | | Total | 373.00 | 2953.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
02/08/2013      0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER        Ruth Ashly Alcaraz
OF

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



**POWERED BY:**

*my* **e** STUB
ELECTRONIC   PAY ADVICES

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | 000200998315 | 88 | 4085 | | 7675025919 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A    1439    305.64 | 305.64 | 3,887.00 | 02/11/2013 thru 02/17/2013 | | 02/22/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | 34.95 | 382.86 |
| OVERTIME | .5000 | 15.0000 | 7.50 | FICA EE | 25.26 | 240.99 |
| | | | | MEDICARE E | 5.91 | 56.37 |
| | | | | CA WH TAX | 6.67 | 82.92 |
| | | | | CA SDI | 4.07 | 38.87 |
| | | | | EEDEP/UNIF | 25.00 | 75.00 |
| | | | | DIR DEP A | 305.64 | 3009.99 |
| **Total** | 40.5000 | | 407.50 | **Total** | 407.50 | 3887.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE                 AMOUNT
02/22/2013           0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO             AIRPORT TERMINAL SERVICES, INC.
THE ORDER
OF        Ruth Ashly Alcaraz

DIRECT DEPOSIT NOTICE

Airport Terminal Services - Ruth Ashly Alcaraz - Powered By: my-eStub.com          Page 1 of 1
Case 5:15-cv-02400-VAP-SP     Document 16-1     Filed 04/07/16     Page 56 of 92     Page
ID #:273





POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Ruth Ashly Alcaraz | 000200999989 | 88 | 4085 | 7675025919 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A    1439    330.62 | 330.62 | 4,294.50 | 02/18/2013 thru 02/24/2013 | 03/01/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | 34.95 | 417.81 |
| OVERTIME | .5000 | 15.0000 | 7.50 | FICA EE | 25.27 | 266.26 |
| | | | | MEDICARE E | 5.91 | 62.28 |
| | | | | CA WH TAX | 6.67 | 89.59 |
| | | | | CA SDI | 4.08 | 42.95 |
| | | | | EEDEP/UNIF | .00 | 75.00 |
| | | | | DIR DEP A | 330.62 | 3340.61 |
| **Total** | 40.5000 | | 407.50 | **Total** | 407.50 | 4294.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 03/01/2013 | 0.00 |

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Ruth Ashly Alcaraz

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Airport Terminal Services - Ruth Ashly Alcaraz - Powered By: my-eStub.com    Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 57 of 92    Page
ID #:274



POWERED BY:



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -        Week: 0.00    YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000201001557 | 88 | 4085 | | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 1439 | 321.82 | 321.82 | 4,724.50 | 02/25/2013 thru 03/03/2013 | 03/08/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | 38.32 | 456.13 |
| OVERTIME | 2.0000 | 15.0000 | 30.00 | FICA EE | 26.66 | 292.92 |
| | | | | MEDICARE E | 6.24 | 68.52 |
| | | | | CA WH TAX | 7.66 | 97.25 |
| | | | | CA SDI | 4.30 | 47.25 |
| | | | | EEDEP/UNIF | 25.00 | 100.00 |
| | | | | DIR DEP A | 321.82 | 3662.43 |
| Total | 42.0000 | | 430.00 | Total | 430.00 | 4724.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 03/08/2013 | 0.00 |

PAY    *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF    Ruth Ashly Alcaraz

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE





POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Ruth Ashly Alcaraz | 000201003236 | 88 | 4085 | 7675025919 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A     1439     103.68 | 103.68 | 4,838.00 | 03/04/2013 thru 03/10/2013 | 03/15/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 10.0000 | 10.0000 | 100.00 | | FED TAX | .00 | 456.13 |
| OVERTIME | .9000 | 15.0000 | 13.50 | | FICA EE | 7.04 | 299.96 |
| | | | | | MEDICARE E | 1.65 | 70.17 |
| | | | | | CA WH TAX | .00 | 97.25 |
| | | | | | CA SDI | 1.13 | 48.38 |
| | | | | | EEDEP/UNIF | .00 | 100.00 |
| | | | | | DIR DEP A | 103.68 | 3766.11 |
| Total | 10.9000 | | 113.50 | | Total | 113.50 | 4838.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 03/15/2013 | 0.00 |

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Ruth Ashly Alcaraz

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Ruth Ashly Alcaraz | 000201004798 | 88 | 4085 | 7675025919 |
| **DIRECT DEPOSIT DETAILS** | **NET PAY** | **YTD GROSS** | **PAY PERIOD** | **CHECK DATE** |
| DIR DEP A    1439    227.44 | 227.44 | 5,134.00 | 03/11/2013 thru 03/17/2013 | 03/22/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 29.6000 | 10.0000 | 296.00 | FED TAX | 18.22 | 474.35 |
| | | | | FICA EE | 18.35 | 318.31 |
| | | | | MEDICARE E | 4.29 | 74.46 |
| | | | | CA WH TAX | 2.74 | 99.99 |
| | | | | CA SDI | 2.96 | 51.34 |
| | | | | EEDEP/UNIF | 22.00 | 122.00 |
| | | | | DIR DEP A | 227.44 | 3993.55 |
| **Total** | 29.6000 | | 296.00 | **Total** | 296.00 | 5134.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE                AMOUNT
03/22/2013          0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO            AIRPORT TERMINAL SERVICES, INC.
THE ORDER
OF        Ruth Ashly Alcaraz

DIRECT DEPOSIT NOTICE

Airport Terminal Services - Ruth Ashly Alcaraz - Powered By: my-eStub.com Page 1 of 1
Case 5:15-cv-02400-VAP-SP   Document 16-1   Filed 04/07/16   Page 60 of 92   Page
ID #:277



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000201006556 | 88 | 4085 | | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A    1439    339.09 | | 339.09 | 5,588.00 | 03/18/2013 thru 03/24/2013 | | 03/29/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 39.8000 | 10.0000 | 398.00 | FED TAX | 41.92 | 516.27 |
| OVERTIME | 2.0000 | 15.0000 | 30.00 | FICA EE | 28.15 | 346.46 |
| DT | 1.3000 | 20.0000 | 26.00 | MEDICARE E | 6.58 | 81.04 |
| | | | | CA WH TAX | 8.72 | 108.71 |
| | | | | CA SDI | 4.54 | 55.88 |
| | | | | EEDEP/UNIF | 25.00 | 147.00 |
| | | | | DIR DEP A | 339.09 | 4332.64 |
| **Total** | 43.1000 | | 454.00 | **Total** | 454.00 | 5588.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
03/29/2013        0.00

PAY        *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER      Ruth Ashly Alcaraz
OF

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Ruth Ashly Alcaraz | 000201008121 | 88 | 4085 | 7675025919 |
| **DIRECT DEPOSIT DETAILS** | **NET PAY** | **YTD GROSS** | **PAY PERIOD** | **CHECK DATE** |
| DIR DEP A    1439    295.93 | 295.93 | 5,982.00 | 03/25/2013 thru 03/31/2013 | 04/05/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 39.4000 | 10.0000 | 394.00 | FED TAX | 32.92 | 549.19 |
| | | | | FICA EE | 24.42 | 370.88 |
| | | | | MEDICARE E | 5.71 | 86.75 |
| | | | | CA WH TAX | 6.08 | 114.79 |
| | | | | CA SDI | 3.94 | 59.82 |
| | | | | EEDEP/UNIF | 25.00 | 172.00 |
| | | | | DIR DEP A | 295.93 | 4628.57 |
| **Total** | 39.4000 | | 394.00 | **Total** | 394.00 | 5982.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 04/05/2013 | 0.00 |

**PAY**    *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF    Ruth Ashly Alcaraz

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Airport Terminal Services - Ruth Ashly Alcaraz - Powered By: my-eStub.com    Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 62 of 92    Page
ID #:279





111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00     YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000201009681 | 88 | 4085 | | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 1439  264.26 | 264.26 | 6,332.00 | 04/01/2013 thru 04/07/2013 | | 04/12/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 34.7000 | 10.0000 | 347.00 | FED TAX | 26.32 | 575.51 |
| MINIMUM | .3000 | 10.0000 | 3.00 | FICA EE | 21.70 | 392.58 |
| | | | | MEDICARE E | 5.08 | 91.83 |
| | | | | CA WH TAX | 4.14 | 118.93 |
| | | | | CA SDI | 3.50 | 63.32 |
| | | | | EEDEP/UNIF | 25.00 | 197.00 |
| | | | | DIR DEP A | 264.26 | 4892.83 |
| Total | 35.0000 | | 350.00 | Total | 350.00 | 6332.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE           AMOUNT
04/12/2013          0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO                                      AIRPORT TERMINAL SERVICES, INC.
THE ORDER
OF          Ruth Ashly Alcaraz
                                        DIRECT DEPOSIT NOTICE

Complaint Exhibit 2-012

Airport Terminal Services - Ruth Ashly Alcaraz - Powered By: my-eStub.com    Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 63 of 92    Page
ID #:280





111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Ruth Ashly Alcaraz | 000201011312 | 88 | 4085 | 7675025919 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A    1439    291.23 | 291.23 | 6,719.50 | 04/08/2013 thru 04/14/2013 | 04/19/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 32.0000 | 10.0000 | 320.00 | | FED TAX | 31.95 | 607.46 |
| OVERTIME | 4.5000 | 15.0000 | 67.50 | | FICA EE | 24.03 | 416.61 |
| | | | | | MEDICARE E | 5.62 | 97.45 |
| | | | | | CA WH TAX | 5.79 | 124.72 |
| | | | | | CA SDI | 3.88 | 67.20 |
| | | | | | EEDEP/UNIF | 25.00 | 222.00 |
| | | | | | DIR DEP A | 291.23 | 5184.06 |
| Total | 36.5000 | | 387.50 | | Total | 387.50 | 6719.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

|  | DATE | AMOUNT |
|---|---|---|
| | 04/19/2013 | 0.00 |

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Ruth Ashly Alcaraz

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 64 of 92    Page ID #:281





POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -        Week: 0.00    YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000201012909 | 88 | 4085 | | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 1439 | 282.61 | 282.61 | 7,095.00 | 04/15/2013 thru 04/21/2013 | 04/26/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 32.0000 | 10.0000 | 320.00 | FED TAX | 30.15 | 637.61 |
| OVERTIME | 3.7000 | 15.0000 | 55.50 | FICA EE | 23.28 | 439.89 |
| | | | | MEDICARE E | 5.44 | 102.89 |
| | | | | CA WH TAX | 5.27 | 129.99 |
| | | | | CA SDI | 3.75 | 70.95 |
| | | | | EEDEP/UNIF | 25.00 | 247.00 |
| | | | | DIR DEP A | 282.61 | 5466.67 |
| Total | 35.7000 | | 375.50 | Total | 375.50 | 7095.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
04/26/2013       0.00

PAY        *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER    Ruth Ashly Alcaraz
OF

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

**Complaint Exhibit 2-014**



**POWERED BY:**

*my* eStub
ELECTRONIC    PAY ADVICES

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -        Week: 0.00    YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000201014584 | 88 | 4085 | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A | 1439 | 325.24 | 325.24 | 7,495.00 | 04/22/2013 thru 04/28/2013 | 05/03/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | 33.82 | 671.43 |
| | | | | FICA EE | 24.80 | 464.69 |
| | | | | MEDICARE E | 5.80 | 108.69 |
| | | | | CA WH TAX | 6.34 | 136.33 |
| | | | | CA SDI | 4.00 | 74.95 |
| | | | | EEDEP/UNIF | .00 | 247.00 |
| | | | | DIR DEP A | 325.24 | 5791.91 |
| **Total** | 40.0000 | | 400.00 | **Total** | 400.00 | 7495.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 05/03/2013 | 0.00 |

**PAY**    *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF        Ruth Ashly Alcaraz

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 2.00

Ruth Ashly Alcaraz

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Ruth Ashly Alcaraz | | 000201016175 | 88 | 4085 | | 7675025919 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 1439 | 364.31 | 364.31 | 7,953.50 | 04/29/2013 thru 05/05/2013 | | 05/10/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 40.0000 | 10.0000 | 400.00 | FED TAX | 42.60 | 714.03 |
| OVERTIME | 3.9000 | 15.0000 | 58.50 | FICA EE | 28.43 | 493.12 |
| | | | | MEDICARE E | 6.65 | 115.34 |
| | | | | CA WH TAX | 8.92 | 145.25 |
| | | | | CA SDI | 4.59 | 79.54 |
| | | | | EEDEP/UNIF | 3.00 | 250.00 |
| | | | | DIR DEP A | 364.31 | 6156.22 |
| Total | 43.9000 | | 458.50 | Total | 458.50 | 7953.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 05/10/2013 | 0.00 |

PAY    *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF

Ruth Ashly Alcaraz

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

**Complaint Exhibit 2-016**

Exhibit 3



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -                Week: 1.00        YTD: 1.00

Sasha Amber Mason

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Sasha Amber Mason | 000200996804 | 88 | 4085 | 6486026470 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A      8667      419.95 | 419.95 | 1,805.00 | 02/04/2013 thru 02/10/2013 | 02/15/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 36.5000 | 10.0000 | 365.00 | FED TAX | 20.39 | 80.10 |
| OVERTIME | 6.7000 | 15.0000 | 100.50 | FICA EE | 31.84 | 111.91 |
| DT | 2.0000 | 20.0000 | 40.00 | MEDICARE E | 7.45 | 26.17 |
| SHIFTAMNT | | | 8.00 | CA WH TAX | 3.74 | 14.80 |
| | | | | CA SDI | 5.13 | 18.05 |
| | | | | EEDEP/UNIF | 25.00 | 25.00 |
| | | | | DIR DEP A | 419.95 | 1528.97 |
| Total | 45.2000 | | 513.50 | Total | 513.50 | 1805.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE
02/15/2013

AMOUNT
0.00

PAY        *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

AIRPORT TERMINAL SERVICES, INC.

TO
THE ORDER
OF        Sasha Amber Mason

DIRECT DEPOSIT NOTICE

**Complaint Exhibit 3-001**

https://my-estub.com/PayStubDetail.aspx?rwndrnd=0.9355554505854541        7/8/2014





POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 1.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000200998370 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667  401.74 | 401.74 | 2,295.50 | 02/11/2013 thru 02/17/2013 | | 02/22/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 39.3000 | 10.0000 | 393.00 | FED TAX | 18.09 | 98.19 |
| OVERTIME | 6.5000 | 15.0000 | 97.50 | FICA EE | 30.41 | 142.32 |
| | | | | MEDICARE E | 7.11 | 33.28 |
| | | | | CA WH TAX | 3.24 | 18.04 |
| | | | | CA SDI | 4.91 | 22.96 |
| | | | | EEDEP/UNIF | 25.00 | 50.00 |
| | | | | DIR DEP A | 401.74 | 1930.71 |
| Total | 45.8000 | | 490.50 | Total | 490.50 | 2295.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146                                    DATE              AMOUNT
                                                            02/22/2013        0.00
PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

     TO                                      AIRPORT TERMINAL SERVICES, INC.
THE ORDER    Sasha Amber Mason
     OF
                                                  DIRECT DEPOSIT NOTICE





**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 1.00

Sasha Amber Mason

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Sasha Amber Mason | 000201000046 | 88 | 4085 | 6486026470 |
| **DIRECT DEPOSIT DETAILS** | **NET PAY** | **YTD GROSS** | **PAY PERIOD** | **CHECK DATE** |
| DIR DEP A        8667    392.71 | 392.71 | 2,743.00 | 02/18/2013 thru 02/24/2013 | 03/01/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 34.9000 | 10.0000 | 349.00 | FED TAX | 13.79 | 111.98 |
| OVERTIME | 6.5000 | 15.0000 | 97.50 | FICA EE | 27.75 | 170.07 |
| MINIMUM | .1000 | 10.0000 | 1.00 | MEDICARE E | 6.49 | 39.77 |
| | | | | CA WH TAX | 2.29 | 20.33 |
| | | | | CA SDI | 4.47 | 27.43 |
| | | | | EEDEP/UNIF | .00 | 50.00 |
| | | | | DIR DEP A | 392.71 | 2323.42 |
| **Total** | 41.5000 | | 447.50 | **Total** | 447.50 | 2743.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

|  | DATE | AMOUNT |
|---|---|---|
| | 03/01/2013 | 0.00 |
| **PAY** | *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID* | |
| TO THE ORDER OF    Sasha Amber Mason | AIRPORT TERMINAL SERVICES, INC. | |
| | DIRECT DEPOSIT NOTICE | |

Airport Terminal Services - Sasha Amber Mason - Powered By: my-eStub.com          Page 1 of 1
Case 5:15-cv-02400-VAP-SP     Document 16-1     Filed 04/07/16     Page 71 of 92     Page
ID #:288





POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00          YTD: 1.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201001609 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667 | 246.77 | 246.77 | 3,040.50 | 02/25/2013 thru 03/03/2013 | 03/08/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 18.6000 | 10.0000 | 186.00 | FED TAX | .00 | 111.98 |
| OVERTIME | .9000 | 15.0000 | 13.50 | FICA EE | 18.44 | 188.51 |
| MINIMUM | 1.8000 | 10.0000 | 18.00 | MEDICARE E | 4.31 | 44.08 |
| TRAINING | 6.4000 | 10.0000 | 64.00 | CA WH TAX | .00 | 20.33 |
| SHIFTAMNT | | | 16.00 | CA SDI | 2.98 | 30.41 |
| | | | | EEDEP/UNIF | 25.00 | 75.00 |
| | | | | DIR DEP A | 246.77 | 2570.19 |
| Total | 27.7000 | | 297.50 | Total | 297.50 | 3040.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146                    DATE          AMOUNT
                                          03/08/2013        0.00
PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO          Sasha Amber Mason          AIRPORT TERMINAL SERVICES, INC.
THE ORDER
OF                                        DIRECT DEPOSIT NOTICE



**POWERED BY:**



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -        Week: 0.00    YTD: 1.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201003287 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667  302.67 | 302.67 | 3,374.50 | 03/04/2013 thru 03/10/2013 | | 03/15/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 32.6000 | 10.0000 | 326.00 | FED TAX | 2.44 | 114.42 |
| SHIFTAMNT | | | 8.00 | FICA EE | 20.71 | 209.22 |
| | | | | MEDICARE E | 4.84 | 48.92 |
| | | | | CA WH TAX | .00 | 20.33 |
| | | | | CA SDI | 3.34 | 33.75 |
| | | | | EEDEP/UNIF | .00 | 75.00 |
| | | | | DIR DEP A | 302.67 | 2872.86 |
| Total | 32.6000 | | 334.00 | Total | 334.00 | 3374.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE        AMOUNT
03/15/2013      0.00

PAY        *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER        AIRPORT TERMINAL SERVICES, INC.
OF        Sasha Amber Mason

DIRECT DEPOSIT NOTICE

**Complaint Exhibit 3-005**





**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -    Week: 1.00    YTD: 2.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201004849 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667 | 319.83 | 319.83 | 3,761.50 | 03/11/2013 thru 03/17/2013 | 03/22/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 37.9000 | 10.0000 | 379.00 | FED TAX | 7.74 | 122.16 |
| SHIFTAMNT | | | 8.00 | FICA EE | 23.99 | 233.21 |
| | | | | MEDICARE E | 5.61 | 54.53 |
| | | | | CA WH TAX | .96 | 21.29 |
| | | | | CA SDI | 3.87 | 37.62 |
| | | | | EEDEP/UNIF | 25.00 | 100.00 |
| | | | | DIR DEP A | 319.83 | 3192.69 |
| **Total** | 37.9000 | | 387.00 | **Total** | 387.00 | 3761.50 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 03/22/2013 | 0.00 |

**PAY**    \*\*\*VOID\*\*\*VOID\*\*\*VOID\*\*\*VOID\*\*\*VOID\*\*\*VOID\*\*\*VOID\*\*\*VOID\*\*\*VOID\*\*\*VOID\*

TO
THE ORDER    Sasha Amber Mason
OF

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Airport Terminal Services - Sasha Amber Mason - Powered By: my-eStub.com    Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 74 of 92    Page
ID #:291





**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 2.00      YTD: 4.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201006607 | 88 | 4085 | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A | 8667  255.90 | 255.90 | 4,069.00 | 03/18/2013 thru 03/24/2013 | 03/29/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 29.2000 | 10.0000 | 292.00 | | FED TAX | .00 | 122.16 |
| OVERTIME | .5000 | 15.0000 | 7.50 | | FICA EE | 19.07 | 252.28 |
| SHIFTAMNT | | | 8.00 | | MEDICARE E | 4.46 | 58.99 |
| | | | | | CA WH TAX | .00 | 21.29 |
| | | | | | CA SDI | 3.07 | 40.69 |
| | | | | | EEDEP/UNIF | 25.00 | 125.00 |
| | | | | | DIR DEP A | 255.90 | 3448.59 |
| **Total** | 29.7000 | | 307.50 | | **Total** | 307.50 | 4069.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146                          DATE              AMOUNT
                                                   03/29/2013        0.00
PAY          ***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO                                                 AIRPORT TERMINAL SERVICES, INC.
THE ORDER
OF          Sasha Amber Mason
                                                   DIRECT DEPOSIT NOTICE



**POWERED BY:**



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 4.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201008173 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667  327.74 | 327.74 | 4,466.00 | 03/25/2013 thru 03/31/2013 | | 04/05/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 38.9000 | 10.0000 | 389.00 | FED TAX | 8.74 | 130.90 |
| SHIFTAMNT | | | 8.00 | FICA EE | 24.61 | 276.89 |
| | | | | MEDICARE E | 5.76 | 64.75 |
| | | | | CA WH TAX | 1.18 | 22.47 |
| | | | | CA SDI | 3.97 | 44.66 |
| | | | | EEDEP/UNIF | 25.00 | 150.00 |
| | | | | DIR DEP A | 327.74 | 3776.33 |
| **Total** | 38.9000 | | 397.00 | **Total** | 397.00 | 4466.00 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

                                                    DATE          AMOUNT
                                                    04/05/2013    0.00
PAY        *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

    TO                                          AIRPORT TERMINAL SERVICES, INC.
THE ORDER
    OF     Sasha Amber Mason
                                                    DIRECT DEPOSIT NOTICE



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 1.00      YTD: 5.00

Sasha Amber Mason

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Sasha Amber Mason | 000201009733 | 88 | 4085 | 6486026470 |
| **DIRECT DEPOSIT DETAILS** | **NET PAY** | **YTD GROSS** | **PAY PERIOD** | **CHECK DATE** |
| DIR DEP A      8667     364.10 | 364.10 | 4,908.93 | 04/01/2013 thru 04/07/2013 | 04/12/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 27.6000 | 10.0000 | 276.00 | FED TAX | 13.33 | 144.23 |
| OVERTIME | 7.8000 | 15.0000 | 117.00 | FICA EE | 27.46 | 304.35 |
| REGULAR LD | 3.9000 | 10.7500 | 41.93 | MEDICARE E | 6.42 | 71.17 |
| SHIFTAMNT | | | 8.00 | CA WH TAX | 2.19 | 24.66 |
| | | | | CA SDI | 4.43 | 49.09 |
| | | | | EEDEP/UNIF | 25.00 | 175.00 |
| | | | | DIR DEP A | 364.10 | 4140.43 |
| **Total** | 39.3000 | | 442.93 | **Total** | 442.93 | 4908.93 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

|  | DATE | AMOUNT |
|---|---|---|
| | 04/12/2013 | 0.00 |

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Sasha Amber Mason

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

**Complaint Exhibit 3-009**

https://my-estub.com/PayStubDetail.aspx?rwndrnd=0.024798377031015173          7/8/2014

Airport Terminal Services - Sasha Amber Mason - Powered By: my-eStub.com  Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 77 of 92   Page
ID #:294



**POWERED BY:**



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 2.00    YTD: 7.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201011362 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A  8667  274.41 | | 274.41 | 5,238.93 | 04/08/2013 thru 04/14/2013 | | 04/19/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 29.1000 | 10.0000 | 291.00 | FED TAX | 2.04 | 146.27 |
| OVERTIME | 2.6000 | 15.0000 | 39.00 | FICA EE | 20.46 | 324.81 |
| | | | | MEDICARE E | 4.79 | 75.96 |
| | | | | CA WH TAX | .00 | 24.66 |
| | | | | CA SDI | 3.30 | 52.39 |
| | | | | EEDEP/UNIF | 25.00 | 200.00 |
| | | | | DIR DEP A | 274.41 | 4414.84 |
| Total | 31.7000 | | 330.00 | Total | 330.00 | 5238.93 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146                          DATE              AMOUNT
                                                  04/19/2013        0.00
PAY        *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

   TO
THE ORDER    Sasha Amber Mason                AIRPORT TERMINAL SERVICES, INC.
   OF

                                                  DIRECT DEPOSIT NOTICE

Airport Terminal Services - Sasha Amber Mason - Powered By: my-eStub.com    Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 78 of 92    Page
ID #:295



**POWERED BY:**

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 7.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201014631 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667 289.85 | 289.85 | 5,834.16 | 04/22/2013 thru 04/28/2013 | | 05/03/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 27.2000 | 10.0000 | 272.00 | FED TAX | .86 | 147.13 |
| REGULAR LD | 4.3000 | 10.7500 | 46.23 | FICA EE | 19.73 | 361.72 |
| | | | | MEDICARE E | 4.61 | 84.59 |
| | | | | CA WH TAX | .00 | 24.66 |
| | | | | CA SDI | 3.18 | 58.34 |
| | | | | EEDEP/UNIF | .00 | 225.00 |
| | | | | DIR DEP A | 289.85 | 4932.72 |
| Total | 31.5000 | | 318.23 | Total | 318.23 | 5834.16 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

| | DATE | AMOUNT |
|---|---|---|
| | 05/03/2013 | 0.00 |

PAY    *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER    Sasha Amber Mason
OF

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



**POWERED BY:**



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00    YTD: 7.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201016223 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667  268.73 | 268.73 | 6,157.16 | 04/29/2013 thru 05/05/2013 | | 05/10/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 31.5000 | 10.0000 | 315.00 | FED TAX | 1.34 | 148.47 |
| SHIFTAMNT | | | 8.00 | FICA EE | 20.02 | 381.74 |
| | | | | MEDICARE E | 4.68 | 89.27 |
| | | | | CA WH TAX | .00 | 24.66 |
| | | | | CA SDI | 3.23 | 61.57 |
| | | | | EEDEP/UNIF | 25.00 | 250.00 |
| | | | | DIR DEP A | 268.73 | 5201.45 |
| **Total** | 31.5000 | | 323.00 | **Total** | 323.00 | 6157.16 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
05/10/2013      0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF          Sasha Amber Mason

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

**Complaint Exhibit 3-012**

Airport Terminal Services - Sasha Amber Mason - Powered By: my-eStub.com  Page 1 of 1
Case 5:15-cv-02400-VAP-SP    Document 16-1    Filed 04/07/16    Page 80 of 92    Page
ID #:297



**POWERED BY:**



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00      YTD: 7.00

Sasha Amber Mason

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Sasha Amber Mason | 000201017878 | 88 | 4085 | 6486026470 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A      8667      291.32 | 291.32 | 6,508.16 | 05/06/2013 thru 05/12/2013 | 05/17/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 31.5000 | 10.0000 | 315.00 | FED TAX | 4.14 | 152.61 |
| OVERTIME | 2.4000 | 15.0000 | 36.00 | FICA EE | 21.77 | 403.51 |
| | | | | MEDICARE E | 5.09 | 94.36 |
| | | | | CA WH TAX | .17 | 24.83 |
| | | | | CA SDI | 3.51 | 65.08 |
| | | | | EEDEP/UNIF | 25.00 | 275.00 |
| | | | | DIR DEP A | 291.32 | 5492.77 |
| Total | 33.9000 | | 351.00 | Total | 351.00 | 6508.16 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

DATE          AMOUNT
05/17/2013      0.00

TO
THE ORDER
OF          Sasha Amber Mason

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE



POWERED BY:

111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -                 Week: 1.00      YTD: 8.00

Sasha Amber Mason

| EMPLOYEE NAME | | CHECK NO | FA | DEPT | | EMP NO |
|---|---|---|---|---|---|---|
| Sasha Amber Mason | | 000201019401 | 88 | 4085 | | 6486026470 |
| DIRECT DEPOSIT DETAILS | | NET PAY | YTD GROSS | PAY PERIOD | | CHECK DATE |
| DIR DEP A | 8667   229.29 | 229.29 | 6,759.16 | 05/13/2013 thru 05/19/2013 | | 05/24/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 25.1000 | 10.0000 | 251.00 | FED TAX | .00 | 152.61 |
| | | | | FICA EE | 15.56 | 419.07 |
| | | | | MEDICARE E | 3.64 | 98.00 |
| | | | | CA WH TAX | .00 | 24.83 |
| | | | | CA SDI | 2.51 | 67.59 |
| | | | | EEDEP/UNIF | .00 | 275.00 |
| | | | | DIR DEP A | 229.29 | 5722.06 |
| Total | 25.1000 | | 251.00 | Total | 251.00 | 6759.16 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

|  | DATE | AMOUNT |
|---|---|---|
| | 05/24/2013 | 0.00 |

PAY            ***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER                                    AIRPORT TERMINAL SERVICES, INC.
OF        Sasha Amber Mason

DIRECT DEPOSIT NOTICE



POWERED BY:



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

Attend. Points -          Week: 0.00     YTD: 8.00

Sasha Amber Mason

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Sasha Amber Mason | 000201021021 | 88 | 4085 | 6486026470 |
| DIRECT DEPOSIT DETAILS | NET PAY | YTD GROSS | PAY PERIOD | CHECK DATE |
| DIR DEP A     8667     233.53 | 233.53 | 7,042.16 | 05/20/2013 thru 05/26/2013 | 05/31/2013 |

| EARNINGS | HRS/UNITS | PAY RATE | GROSS | | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|---|
| REGULAR | 23.4000 | 10.0000 | 234.00 | | FED TAX | .00 | 152.61 |
| OVERTIME | .4000 | 15.0000 | 6.00 | | FICA EE | 17.54 | 436.61 |
| REGULAR LD | 4.0000 | 10.7500 | 43.00 | | MEDICARE E | 4.10 | 102.10 |
| | | | | | CA WH TAX | .00 | 24.83 |
| | | | | | CA SDI | 2.83 | 70.42 |
| | | | | | EEDEP/UNIF | 25.00 | 300.00 |
| | | | | | DIR DEP A | 233.53 | 5955.59 |
| Total | 27.8000 | | 283.00 | | Total | 283.00 | 7042.16 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|---|---|---|
| | | |



111 Westport Plaza * Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
05/31/2013        0.00

PAY          *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO
THE ORDER
OF                                    AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

Complaint Exhibit 3-015

Exhibit 4

Gideon Pederson

███████████████████████

October 2, 2015

Airport Terminal Services, Inc.
c/o Registered Agent for Service of Process
CT Corporation System
818 West Seventh St Ste 930
Los Angeles CA 90017

Re: Airport Terminal Servces Inc., – Request for Cal. Lab. Code sec. 226 and 1198.5 Records for Gideon Pederson

To ATS:

Pursuant to section 226 of the California Labor Code and pursuant to section 1198.5 of the California Labor Code and other applicable regulations, as adopted by the Industrial Welfare Commission, it is requested that you promptly furnish to me "the records pertaining to" my employment including the following: (1) The itemized statements referred to in section 226(a) of the California Labor Code; (2) The statement of total hours worked; (3) All deductions taken from gross pay; (4) Net wages earned; (5) The name and address of the legal entity who or which is the employer; (6) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; (7) "time records showing when the employee begins and ends each work period [including] [m]eal periods, split shift intervals and total daily hours worked;" (8) Any documents I signed during my employment; (9) Any employee reviews of disciplinary write-ups and any employee handbook(s) as well as any other documents ATS maintains regarding my performance or any grievance concerning my employment. Please provide the documents directly my representatives at:

Harris & Ruble
655 North Central Avenue, 17th Floor
Glendale CA 91203

Very truly yours,

Gideon Pederson

cc: Airport Terminal Services Inc., HR/Legal Department, 111 Westport Plz Dr Ste 400, Saint Louis MO 63146

**Complaint Exhibit 4-001**

Exhibit 5

Ruth Ashly Alcaraz

October 2, 2015

Airport Terminal Services, Inc.
c/o Registered Agent for Service of Process
CT Corporation System
818 West Seventh St Ste 930
Los Angeles CA 90017

Re: Airport Terminal Servces Inc., – Request for Cal. Lab. Code sec. 226 and 1198.5 Records for Ruth Ashly Alcaraz

To ATS:

Pursuant to section 226 of the California Labor Code and pursuant to section 1198.5 of the California Labor Code and other applicable regulations, as adopted by the Industrial Welfare Commission, it is requested that you promptly furnish to me "the records pertaining to" my employment including the following: (1) The itemized statements referred to in section 226(a) of the California Labor Code; (2) The statement of total hours worked; (3) All deductions taken from gross pay; (4) Net wages earned; (5) The name and address of the legal entity who or which is the employer; (6) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; (7) "time records showing when the employee begins and ends each work period [including] [m]eal periods, split shift intervals and total daily hours worked;" (8) Any documents I signed during my employment; (9) Any employee reviews of disciplinary write-ups and any employee handbook(s) as well as any other documents ATS maintains regarding my performance or any grievance concerning my employment. Please provide the documents directly my representatives at:

Harris & Ruble
655 North Central Avenue, 17th Floor
Glendale CA 91203

Very truly yours,

Ruth Alcaraz

cc: Airport Terminal Services Inc., HR/Legal Department, 111 Westport Plz Dr Ste 400, Saint Louis MO 63146

**Complaint Exhibit 5-001**

Exhibit 6

Sasha Mason

October 2, 2015

Airport Terminal Services, Inc.
c/o Registered Agent for Service of Process
CT Corporation System
818 West Seventh St Ste 930
Los Angeles CA 90017

Re: Airport Terminal Servces Inc., – Request for Cal. Lab. Code sec. 226 and 1198.5 Records for Sasha Mason

To ATS:

Pursuant to section 226 of the California Labor Code and pursuant to section 1198.5 of the California Labor Code and other applicable regulations, as adopted by the Industrial Welfare Commission, it is requested that you promptly furnish to me "the records pertaining to" my employment including the following: (1) The itemized statements referred to in section 226(a) of the California Labor Code; (2) The statement of total hours worked; (3) All deductions taken from gross pay; (4) Net wages earned; (5) The name and address of the legal entity who or which is the employer; (6) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; (7) "time records showing when the employee begins and ends each work period [including] [m]eal periods, split shift intervals and total daily hours worked;" (8) Any documents I signed during my employment; (9) Any employee reviews of disciplinary write-ups and any employee handbook(s) as well as any other documents ATS maintains regarding my performance or any grievance concerning my employment. Please provide the documents directly my representatives at:

Harris & Ruble
655 North Central Avenue, 17th Floor
Glendale CA 91203

Very truly yours,

Sasha Mason

cc: Airport Terminal Services Inc., HR/Legal Department, 111 Westport Plz Dr Ste 400, Saint Louis MO 63146

**Complaint Exhibit 6-001**

# Exhibit 7

# FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

7/7/15
/Date

_Sasha Masa_
Print Name

_[signature]_
Signature

## FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

_07/07/15_
Date

_RUTH ASHLY ALCARAZ_
Print Name

Signature

## FLSA CONSENT FORM

Pursuant to the provisions of 29 U.S.C. § 216(b), the Fair Labor Standards Act, I hereby consent to be a party plaintiff to this action.

7-7-15
Date

Gideon Pederson
Print Name

Signature