SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 260286)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
333 South Hope Street, Suite 3900
Los Angeles, California 90071
Telephone:    (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner, | CASE NO. 5:15-cv-02400-VAP-SP |
| | [*The Honorable Virginia A. Phillips*] |
| Plaintiffs, | **DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| v. | |
| AIRPORT TERMINAL SERVICES, INC., | |
| Defendants. | Second Amended Complaint: April 14, 2016 |

Defendant, Airport Terminal Services, Inc., in response to the Second Amended Complaint filed by Plaintiffs G. Pederson, R. Alcaraz, and S. Mason (the "Complaint"), states as follows for its answer and defenses:

## JURISDICTION AND VENUE

1.      Answering paragraph 1, the paragraph contains conclusions of law for which no answer is required. For purposes of this action, however, Defendant admits federal jurisdiction exists and that venue is proper in this district. Defendant further admits that it has employed Plaintiffs and others in Riverside County and that it is incorporated under the laws of the State of Missouri. Defendant further admits the Complaint is filed as a purported class action. To the extent this paragraph purports to contain any further allegations of fact, Defendant denies the allegations.

## INTRODUCTION

2.      Answering paragraph 2, Defendant admits the Complaint is filed as a purported class action. Except as so admitted, Defendant denies the allegations.

3.      Answering paragraph 3, Defendant admits the Complaint seeks to allege various claims of unlawful conduct. Except as so admitted, Defendant denies the allegations.

4.      Answering paragraph 4, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiffs allege violations of the California Labor Code, Wage Order 9, and the California Business and Professions Code. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

## PARTIES AND SUBSTANTIVE ALLEGATIONS

5.      Answering paragraph 5, Defendant lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. Defendant, however, admits that it has at times employed Plaintiffs in Palm Springs, California, as passenger service agents. Except as so admitted, Defendant denies the allegations.

6.      Answering paragraph 6, Defendant admits that it is a corporation in the air transportation business and provides ground handling services at various airports. Defendant further admits that it has conducted business within the County of Riverside. Except as so admitted, Defendant denies the allegations.

7.      Answering paragraph 7, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it contracts with airlines to perform ground handling services. Except as so admitted, Defendant denies the allegations.

8.      Answering paragraph 8, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiffs seek an additional hour of penalty pay for meal breaks. Except as so admitted, Defendant denies the allegations.

9.      Answering paragraph 9, Defendant admits it was previously sued in *McDonald v. Airport Terminal Services, Inc.*, in which there was no finding that Defendant violated any laws. Except as so admitted, Defendant denies the allegations.

10.     Answering paragraph 10, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiffs claim they received inadequate pay stubs. Except as so admitted, Defendant denies the allegations.

11.     Answering paragraph 11, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

12.     Answering paragraph 12, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiffs claim they were not reimbursed for the maintenance of their uniforms. Except as so admitted, Defendant denies the allegations.

13.     Answering paragraph 13, Defendant denies the allegations.

14.     Answering paragraph 14, Defendant denies the allegations.

15.     Answering paragraph 15, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiffs claim former employees are entitled to waiting time penalties. Except as so admitted, Defendant denies the allegations.

16.     Answering paragraph 16, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiffs claim they were not provided with adequate seating. Except as so admitted, Defendant denies the allegations.

17.     Answering paragraph 17, Defendant denies the allegations.

18.     Answering paragraph 18, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

19.     Answering paragraph 19, Defendant denies the allegations.

20.     Answering paragraph 20, Defendant denies the allegations.

21.     Answering paragraph 21, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

22.     Answering paragraph 22, Defendant denies the allegations.

23.     Answering paragraph 23, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits it provides any required uniforms to employees. To the extent this paragraph contains any additional allegations of fact, Defendant denies the allegations.

24.     Answering paragraph 24, Defendant denies the allegations.

25.     Answering paragraph 25, Defendant denies the allegations.

26.     Answering paragraph 26, this paragraph contains conclusions of law for which no answer is required. Defendant further lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

27.     Answering paragraph 27, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

28.     Answering paragraph 28, this paragraph contains conclusions of law for which no answer is required. Defendant further lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

29.     Answering paragraph 29, this paragraph contains conclusions of law for which no answer is required. Defendant further lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

30.     Answering paragraph 30, this paragraph contains conclusions of law for which no answer is required. Defendant further lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

31.     Answering paragraph 31, this paragraph contains conclusions of law for which no answer is required. Defendant further lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

32.     Answering paragraph 32, this paragraph contains conclusions of law for which no answer is required. Defendant further lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

33.     Answering paragraph 33, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that Plaintiffs were not subject to a collective bargaining agreement. Except as so admitted, Defendant denies the allegations.

34.     Answering paragraph 34, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that it has at times employed Plaintiffs. To the extent this paragraph contains any further allegations of fact, Defendant denies the allegations.

35.     Answering paragraph 35, Defendant denies the allegations.

36.     Answering paragraph 36, Defendant denies the allegations.

37.     Answering paragraph 37, Defendant denies the allegations.

## CLASS-ACTION ALLEGATIONS

38.     Answering paragraph 38, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

39.     Answering paragraph 39, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

40.     Answering paragraph 40, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

41.     Answering paragraph 41, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

42.     Answering paragraph 42, Defendant denies the allegations.

43.     Answering paragraph 43, Defendant denies the allegations.

44.     Answering paragraph 44, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits that the prosecution of individual actions would likely result in inconsistent and varying rulings because individual actions would involve individualized facts and circumstances. To the extent this paragraph contains any additional allegations of fact, Defendant denies the allegations.

45.    Answering paragraph 45, this paragraph contains conclusions of law for which no answer is required. Defendant, however, admits and alleges that Plaintiffs' claims as alleged in the Complaint would not be typical of the claims of employees or former employees who, for example, made different choices or worked under different air transportation demands, with different supervisors and managers, in different positions, in different operations, or in different airports. To the extent this paragraph contains any additional allegations of fact, Defendant denies the allegations.

46.    Answering paragraph 46, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

47.    Answering paragraph 47, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

48.    Answering paragraph 48, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

49.    Answering paragraph 49, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

50.    Answering paragraph 50, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

51.    Answering paragraph 51, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

**FLSA COLLECTIVE-ACTION ALLEGATIONS**

52.    Answering paragraph 52, Defendant admits that Plaintiffs seek to maintain a collective action. Except as so admitted, Defendant denies the allegations.

53.    Answering paragraph 53, Defendant denies the allegations.

54.    Answering paragraph 54, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph purports to contain any allegations of fact, Defendant denies the allegations.

55.    Answering paragraph 55, Defendant denies the allegations.

**FIRST CLAIM FOR RELIEF**

*Failure to Provide Meals and Meal-Period Premium Wages*

*in Violation of California Labor Code §§ 226.7 and 512*

*(Claim by All Plaintiffs and Against Defendant ATS)*

56.    Answering paragraph 56, Defendant incorporates by reference its previous responses to paragraphs 1-55, above.

57.    Answering paragraph 57, Defendant admits that it has at times employed Plaintiffs and others within the State of California. Except as so admitted, Defendant denies the allegations.

58.    Answering paragraph 58, Defendant denies the allegations.

59.    Answering paragraph 59, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

60.    Answering paragraph 60, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

61.    Answering paragraph 61, Defendant denies the allegations.

62.    Answering paragraph 62, Defendant admits that Plaintiffs seek to recover penalties, interest, and attorneys' fees and costs. Except as so admitted, Defendant denies the allegations.

**SECOND CLAIM FOR RELIEF**

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

*(Claim by All Plaintiffs and Against Defendant ATS)*

63.     Answering paragraph 63, Defendant incorporates by reference its previous responses to paragraphs 1-62, above.

64.     Answering paragraph 64, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

65.     Answering paragraph 65, Defendant denies the allegations.

66.     Answering paragraph 66, Defendant admits that Plaintiffs seek to recover penalties, injunctive relief, and attorneys' fees and costs. Except as so admitted, Defendant denies the allegations.

**THIRD CLAIM FOR RELIEF**

*Failure to Reimburse for Uniform-Maintenance Expenses*

*In Violation of California Labor Code § 2802*

*(Claim by All Plaintiffs and Against Defendant ATS)*

67.     Answering paragraph 67, Defendant incorporates by reference its previous responses to paragraphs 1-66, above.

68.     Answering paragraph 68, Defendant admits that Plaintiffs seek to recover damages and interest. Except as so admitted, Defendant denies the allegations.

**FOURTH CLAIM FOR RELIEF**

*Failure to Make Security Deposits Pursuant to California Labor Code §§ 403, 404, and 405 and in Violation of IWC Wage Order 9, Sec. 9(c)*

*(Claim by All Plaintiffs and Against Defendant ATS)*

69.     Answering paragraph 69, Defendant incorporates by reference its previous responses to paragraphs 1-68, above.

70.    Answering paragraph 70, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

71.    Answering paragraph 71, Defendant admits that Plaintiffs seek a declaratory judgment and injunction. Except as so admitted, Defendant denies the allegations.

**FIFTH CLAIM FOR RELIEF**

*Unlawful Deductions in Violation of California Labor Code § 221*

*(Claim by All Plaintiffs and Against Defendant ATS)*

72.    Answering paragraph 72, Defendant incorporates by reference its previous responses to paragraphs 1-71, above.

73.    Answering paragraph 73, this paragraph contains conclusions of law for which no answer is required. Defendant further lacks knowledge and information sufficient to form a belief as to what period Plaintiffs consider relevant. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

74.    Answering paragraph 74, Defendant denies the allegations.

75.    Answering paragraph 75, Defendant admits that Plaintiffs seek to recover deductions and penalties. Except as so admitted, Defendant denies the allegations. Defendant denies the allegations.

**SIXTH CLAIM FOR RELIEF**

*Failure to Pay Overtime Wages in Violation of California Labor Code §§ 510 and 1194*

*(Claim by All Plaintiffs and Against Defendant ATS)*

76.    Answering paragraph 76, Defendant incorporates by reference its previous responses to paragraphs 1-75, above.

77.    Answering paragraph 77, Defendant admits that it has at times employed Plaintiffs in Palm Springs, California, and has employed others in the State of California. Except as so admitted, Defendant denies the allegations.

78.    Answering paragraph 78, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact,

1  Defendant denies the allegations.

2      79.    Answering paragraph 79, this paragraph contains conclusions of law for

3  which no answer is required. To the extent this paragraph contains any allegations of fact,

4  Defendant denies the allegations.

5      80.    Answering paragraph 80, this paragraph contains conclusions of law for

6  which no answer is required. To the extent this paragraph contains any allegations of fact,

7  Defendant denies the allegations.

8      81.    Answering paragraph 81, Defendant denies the allegations.

9      82.    Answering paragraph 82, Defendant denies the allegations.

10     83.    Answering paragraph 83, Defendant admits that Plaintiffs seek to recover

11 overtime, interest, penalties, and attorneys' fees and costs. Except as so admitted,

12 Defendant denies the allegations. Defendant denies the allegations.

13                        **SEVENTH CLAIM FOR RELIEF**

14                        *Failure to Timely Pay All Wages*

15            *In Violation of California Labor Code §§ 201, 201.3(B)(1), 203*

16                *(Claim by All Plaintiffs and Against Defendant ATS)*

17     84.    Answering paragraph 84, Defendant incorporates by reference its previous

18 responses to paragraphs 1-83, above.

19     85.    Answering paragraph 85, this paragraph contains conclusions of law for

20 which no answer is required. To the extent this paragraph contains any allegations of fact,

21 Defendant denies the allegations.

22     86.    Answering paragraph 86, this paragraph contains conclusions of law for

23 which no answer is required. To the extent this paragraph contains any allegations of fact,

24 Defendant denies the allegations.

25     87.    Answering paragraph 87, this paragraph contains conclusions of law for

26 which no answer is required. To the extent this paragraph contains any allegations of fact,

27 Defendant denies the allegations.

28     88.    Answering paragraph 88, Defendant denies the allegations.

ANSWER TO SECOND AMENDED COMPLAINT

89.    Answering paragraph 89, Defendant denies the allegations.

90.    Answering paragraph 90, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

91.    Answering paragraph 91, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

92.    Answering paragraph 92, Defendant admits that Plaintiffs seek to recover penalties. Except as so admitted, Defendant denies the allegations.

## EIGHTH CLAIM FOR RELIEF

*Violation of California Business and Professions Code § 17200 et seq.*

*(Claim by All Plaintiffs and Against Defendant ATS)*

93.    Answering paragraph 93, Defendant incorporates by reference its previous responses to paragraphs 1-92, above.

94.    Answering paragraph 94, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

95.    Answering paragraph 95, Defendant admits that Plaintiffs seek to recover restitution, interest, attorneys' fees and costs, appointment of a receiver, and injunctive relief. Except as so admitted, Defendant denies the allegations.

## NINTH CLAIM FOR RELIEF

*Failure to Pay Minimum Wage and/or Overtime Compensation*

*Fair Labor Standards Act, 29 U.S.C. § 216(b)*

*(Claim by All Plaintiffs and Against Defendant ATS)*

96.    Answering paragraph 96, Defendant incorporates by reference its previous responses to paragraphs 1-95, above.

97.    Answering paragraph 97, Defendant denies the allegations.

98.    Answering paragraph 98, Defendant denies the allegations.

99.    Answering paragraph 99, Defendant admits that Plaintiffs seek to recover wages, overtime, liquidated damages, and attorneys' fees and costs. Except as so admitted, Defendant denies the allegations.

### TENTH CLAIM FOR RELIEF

*Failure to Provide Employment Records Upon Request*

*California Labor Code § 226*

*(Claim by All Plaintiffs and Against Defendant ATS)*

100.    Answering paragraph 100, Defendant incorporates by reference its previous responses to paragraphs 1-99, above.

101.    Answering paragraph 101, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

102.    Answering paragraph 102, Defendant admits Plaintiffs have requested that Defendant send employment records to their counsel. Except as so admitted, Defendant denies the allegations.

103.    Answering paragraph 103, Defendant admits Plaintiffs seek penalties and attorneys' fees and costs. Except as so admitted, Defendant denies the allegations.

### ELEVENTH CLAIM FOR RELIEF

*Failure to Provide Employment Records Upon Request*

*California Labor Code § 1198.5*

*(Claim by All Plaintiffs and Against Defendant ATS)*

104.    Answering paragraph 104, Defendant incorporates by reference its previous responses to paragraphs 1-103, above.

105.    Answering paragraph 105, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

ANSWER TO SECOND AMENDED COMPLAINT

106.    Answering paragraph 106, Defendant admits Plaintiffs have requested that Defendant send employment records to their counsel. Except as so admitted, Defendant denies the allegations.

107.    Answering paragraph 107, Defendant admits Plaintiffs seek penalties and attorneys' fees and costs. Except as so admitted, Defendant denies the allegations.

### TWELFTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2689 et seq.*

*(Claim by All Plaintiffs and Against Defendant ATS)*

108.    Answering paragraph 108, Defendant incorporates by reference its previous responses to paragraphs 1-107, above.

109.    Answering paragraph 109, Defendant lacks knowledge and information sufficient to form a belief as to whether Plaintiffs sent certified mail to the California Labor and Workforce Development Agency on November 20, 2015. Upon information and belief, Defendant admits Plaintiffs sent certified mail to Defendant on November 20, 2015. Except as so admitted, Defendant denies the allegations.

110.    Answering paragraph 110, this paragraph contains conclusions of law for which no answer is required. Defendant also lacks knowledge and information sufficient to form a belief as to what Plaintiffs expected. To the extent this paragraph contains any additional allegations of fact, Defendant denies the allegations.

111.    Answering paragraph 111, this paragraph contains conclusions of law for which no answer is required. To the extent this paragraph contains any allegations of fact, Defendant denies the allegations.

### PRAYER FOR RELIEF

Answering the Prayer for Relief, Defendant expressly denies that Plaintiffs or any other persons are entitled to any relief, as sought in the Complaint or Prayer for Relief.

### DEMAND FOR JURY TRIAL

Answering the Demand for Jury Trial, Defendant admits Plaintiffs seek a jury trial.

1

## DEFENSES

2    In further answer to the Complaint, and pursuant to Rule 8 of the Federal Rules of

3 Civil Procedure, Defendant alleges the following defenses. In asserting these defenses,

4 Defendant does not assume the burden of proof as to matters that, pursuant to law,

5 Plaintiffs have the burden to prove.

6

## FIRST DEFENSE

7

## Failure to State a Cause of Action or Claim

8    The Complaint fails to state (i) proper legal grounds for a cause of action upon

9 which relief can be granted or (ii) facts sufficient to constitute a claim against Defendant.

10

## SECOND DEFENSE

11

## Release, Res Judicata, or Collateral Estoppel

12    The Complaint is barred to the extent Plaintiffs or others entered a release as to any

13 claims alleged in the Complaint and to the extent that another action asserting similar

14 claims was adjudicated on the merits.

15

## THIRD DEFENSE

16

## Preemption

17    The Complaint is barred to the extent that it is preempted by the Airline

18 Deregulation Act or other applicable federal law or regulation.

19

## FOURTH DEFENSE

20

## Alternative Workweek Schedule

21    The Complaint is barred to the extent that Plaintiffs or others worked pursuant to

22 an alternative workweek schedule.

23

## FIFTH DEFENSE

24

## *De Minimis* Rule

25    The Complaint is barred to the extent that any time that Plaintiffs or others worked

26 was subject to the *de minimis* rule and thus was not compensable as a matter of law.

27

28

## SIXTH DEFENSE

## Consent, Contribution, Ratification, Unclean Hands, or Avoidable Consequences

The Complaint is barred because the alleged conduct of Defendant complained of in the Complaint was approved, consented to, or authorized by Plaintiffs or others through their actions, omissions, or course of conduct. To the extent the alleged harms in the Complaint occurred at all, such harms were proximately caused by or contributed to by Plaintiffs or others' own acts, omissions, or failures to act. To the extent that Plaintiffs or others failed to act upon knowledge available to them, they thereby ratified Defendant's alleged actions. To the extent that Plaintiffs or others acted upon knowledge available to them, they thereby engaged in conduct showing unclean hands. The Complaint is barred by the avoidable consequences doctrine.

## SEVENTH DEFENSE

## Waiver, Laches, or Estoppel

The Complaint is barred by the doctrine of laches to the extent Plaintiffs or others exercised inexcusable delay in commencing this action. The Complaint is barred to the extent that Plaintiffs or others, by their own conduct or actions, have waived the right to assert the claims alleged in the Complaint or are estopped as a matter of law.

## EIGHTH DEFENSE

## Accord and Satisfaction

The Complaint is barred by the doctrine of accord and satisfaction, on the basis that Plaintiffs or others were properly and fully compensated for all work performed and acceptance of such payments constituted an accord and satisfaction of all debts, if any, owed by Defendant.

## NINTH DEFENSE

## Standing

The Complaint is barred to the extent that Plaintiffs or others are not aggrieved, have not suffered an injury, or would not benefit from injunctive relief and thus lack standing to assert any of the causes of action contained in the Complaint.

## TENTH DEFENSE

### Statutes Of Limitations

The Complaint is barred by applicable statutes of limitation. *E.g.,* Civ. Proc. Code §§ 312, 338(a), 339, 340(a), (b), 343; Bus. & Prof. Code § 17208; 29 U.S.C. §§ 255(a), 257.

## ELEVENTH DEFENSE

### Failure to Exhaust Administrative Remedies

The Complaint is barred to the extent that Plaintiffs have failed to exhaust any administrative remedies provided under the Labor Code Private Attorneys General Act of 2004.

## TWELFTH DEFENSE

### No Knowledge

The Complaint is barred to the extent Defendant did not have actual or constructive knowledge of any unpaid work allegedly performed or any unreimbursed necessary and reasonable expense allegedly incurred. The Complaint is barred to the extent Plaintiffs or others are not entitled to recover from Defendant, due to their failure to comply with all directions of their employer concerning the services on which they were engaged. Lab. Code § 2856.

## THIRTEENTH DEFENSE

### Enforceable Contract

The Complaint is barred to the extent that there is any enforceable contract with Plaintiffs or others that provides that Defendant's conduct is lawful.

## FOURTEENTH DEFENSE

### Full Performance

The Complaint is barred to the extent that Defendant fully performed all obligations to which contractual principles would apply.

ANSWER TO SECOND AMENDED COMPLAINT

## FIFTEENTH DEFENSE

### Good Faith

The Complaint is barred to the extent because Defendants did not willfully violate the Labor Code but rather acted on the basis of a good-faith belief that they had complied fully with applicable laws, 8 Cal. Code Reg. §13520, or because any acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, or interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor. 29 U.S.C. §§ 258, 259.

## SIXTEENTH DEFENSE

### No Liquidated Damages

The Complaint fails to the extent that Defendant acted in good faith and with reasonable grounds to believe that such conduct complied with permissible interpretations of the FLSA with respect to Plaintiffs or others. *See* 29 U.S.C. § 260.

## SEVENTEENTH DEFENSE

### Injunctive Relief Improper

The Complaint is barred to the extent that it seeks injunctive or equitable relief since Plaintiffs have an adequate and complete remedy at law or because Plaintiffs cannot make the requisite showing to obtain injunctive relief in a labor dispute. Lab. Code § 1138.1 *et seq.*

## EIGHTEENTH DEFENSE

### Equitable Offset

The Complaint is barred to the extent Defendant is entitled under the equitable doctrines of setoff or recoupment to an offset of all overpayments of wages or other consideration previously provided to Plaintiffs or others. To the extent that Plaintiffs or others would be entitled to damages, penalties, or restitution, Defendant is entitled to an offset for any overpayments to Plaintiffs or others for work never actually performed or any damages incurred by Plaintiffs or others' own acts or omissions.

## NINETEENTH DEFENSE

### Failure to Mitigate Damages

The Complaint is barred to the extent Plaintiffs or others are not entitled to recover the amount of damages from Defendant as alleged in the Complaint, or any damages, due to their continuous failure to make reasonable efforts to mitigate or minimize the damages that they have allegedly incurred or due to their failure to render to their employer just accounts of all transactions in the course of their service. Lab. Code § 2861.

## TWENTIETH DEFENSE

### Unjust, Arbitrary and Oppressive, or Confiscatory Penalties

The Complaint is barred to the extent the recovery of penalties, under the circumstances of this case, would be unjust, arbitrary and oppressive, or confiscatory and disproportionate to any harms resulting from Defendants' conduct.

## ADDITIONAL RESPONSE

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

To the extent that Defendant has not expressly admitted an allegation of the Complaint or denied an allegation of the Complaint based on a lack of information and belief, Defendant denies all further and remaining allegations of the Complaint, and no response contained herein is intended to constitute a waiver of such denial.

**WHEREFORE**, Defendant prays for judgment against Plaintiffs as follows:

1.    That Plaintiffs, putative class members, or other aggrieved employees or former employees take nothing by reason thereof;

2.    That Defendant did not damage or harm Plaintiffs, putative class members, or other aggrieved employees or former employees in any way;

3. That Plaintiffs, putative class members, and other aggrieved employees or former employees are not entitled to any wages, overtime wages, compensation, benefits, penalties, restitution, injunction, or any other legal or equitable remedy due to any act or omission of Defendant;

4. That Plaintiffs are not adequate representatives to bring a potential class action, collective action, or representative action;

5. That the Complaint fails to allege sufficient facts to support a class action, collective action, or representative action, and that the Complaint fails to show that there are predominant issues of law or fact;

6. That the Complaint be dismissed, in its entirety, with prejudice;

7. That judgment be entered in favor of Defendant and against Plaintiffs on the entire Complaint and all causes of action;

8. That Defendant be awarded the costs of suit herein incurred as provided by statute; and

9. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: November 11, 2016          SEYFARTH SHAW LLP


By _____ */s/ Simon L. Yang* _____
          Aaron R. Lubeley
          Simon L. Yang
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

ANSWER TO SECOND AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On November 14, 2016, I served the within documents:

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒  electronically by using the Court's ECF/CM System.

Alan Harris, Esq.
Priya Mohan, Esq.
HARRIS & RUBBLE
655 North Central Avenue
Glendale, CA 91203
Tel: (818) 962-3777

John P. Dorigan, Esq.
LAW OFFICES OF JOHN P. DORIGAN
600 Centerbury Lane
Sagamore Hills, Ohio 44067
Tel: (330) 748-4475
Fax: (330) 748-4475

*Attorneys for Plaintiffs*                          *Attorneys for Plaintiffs*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on November 14, 2016, at Los Angeles, California.

*/s/ Simon L. Yang*
Simon L. Yang