Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone: (330) 748-4475
Facsimile: (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

Aaron R. Lubeley (SBN 199837)
Simon L. Yang (SBN 260286)
SEYFARTH SHAW LLP
333 South Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601
alubeley@seyfarth.com
syang@seyfarth.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>Plaintiffs,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br><br>Defendants. | Case No. 5:15-cv-02400-VAP-SP<br>*Assigned to Hon. Virginia A. Phillips*<br><br>**JOINT RULE 26(f) CONFERENCE REPORT**<br><br>Scheduling Conference: Jan. 30, 2017<br>Time:        1:30 p.m.<br>Location:  First Street Courthouse<br>                  Courtroom 8A<br>                  350 W. 1st Street<br>                  Los Angeles, CA 90012 |

Having met and conferred pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1, the parties submit this Joint Conference Report.

### a. *Statement of the Case.*

*Plaintiffs' statement of the case.* Plaintiffs Gideon Pederson, Ruth Alcaraz and Sasha Mason have been employed by Defendant Airport Terminal Services, Inc. ("ATS") as Airport Agents in the State of California during the relevant period. They have filed a putative class action on behalf of ATS Airport Agents employed in California during the period from November 20, 2011, to date. Plaintiffs alleges that ATS, *inter alia*, (1) failed to pay earned wages to Airport Agents on account of late, curtailed, or missed meal periods; (2) failed to provide Airport Agents with proper wage statements; (3) failed to reimburse Airport Agents for uniform maintenance expenses; (4) collected unlawful deductions from employees; (5) continuing wages; (6) failed to pay the correct amount of overtime owed to Airport Agents; (7) failed to provide Airport Agents with proper seating; and (8) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of Airport Agents and the general public. Plaintiffs also seek civil penalties for the violations alleged in the operative Second Amended Complaint.

   1. *Failure to pay wages on account of late, curtailed or missed meal periods.* The California Labor Code requires that employers provide thirty-minute meal breaks to employees for each five hours worked. Cal. Lab. Code § 512(a). Under the Labor Code, employees are entitled to an additional hour of wages for each day that a full thirty-minute break is not provided. Id. § 226.7(b). ATS has a policy of recording whenever its Agents are not provided a full meal break. Despite keeping track of all such instances on employee time sheets, ATS never pays the statutorily required meal-period wage to Agents for inadequate breaks.

   2. *Failure to Provide Proper Wage Statements.* Section 226 of the Labor Code requires that employers provide their employees with pay stubs showing gross wages earned, net wages earned, and all applicable deductions. Id. § 226(a). As explained

above, ATS does not pay meal-period premium wages for documented inadequate meal breaks. Insofar as Agents are owed additional wages for inadequate meal breaks, their pay stubs were necessarily incorrect. Further, although ATS is a temporary service employer, its wage statements also fail to provide the rate of pay and total hours worked for each temporary services assignment. These pay-stub violations entitle aggrieved employees to the damages set forth in section 226. See Id. § 226(e).

3. *Failure to Reimburse Expenses.* Section 2802 of the Labor Code requires that employers reimburse their employees for "all necessary expenditures." Id. § 2802(a). Uniform-maintenance expenses are a "necessary expenditure" within the meaning of section 2802. Plaintiffs contend that Defendant failed to reimburse Airport Agents for the maintenance of their uniforms, including the cost of dry cleaning. In addition to subjecting Defendant to damages, the failure of Defendant to provide such reimbursement subjects it to civil penalties.

4. *Unlawful Deductions from Employees.* ATS unlawfully deducted uniform deposits from the paychecks of Airport Agents in violation of California Labor Code section 221 and IWC Wage Order 9. In addition to subjecting ATS to damages, ATS's unlawful deductions subject it to civil penalties.

5. *Continuing wages.* Sections 201 and 202 of the Labor Code require the timely payment of all outstanding wages to former employees (i.e., employees who have quit or been discharged by ATS). Id. §§ 201(a), 202(a). On account of ATS's failure to reimburse Airport Agents for the maintenance of their uniforms, as well as its failure to provide meal-period premium wages, ATS is liable to former employers for continuing wages. If an employer willfully fails to pay all wages due within the time periods specified by sections 201 or 202, aggrieved former employees are entitled to recover the "continuing wages" specified by section 203 of the Labor Code. See id. § 203(a).

6. *Failure to Pay Correct Overtime.* Plaintiffs allege that, as a matter of uniform company policy, Airport Agents who worked in excess of eight hours a day and/or forty hours a week were not paid proper overtime compensation for all such hours

worked, insofar as Defendant failed to use the correct regular rate when computing overtime wages.

7. *Failure to Provide Proper Seating.* IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." 8 Cal. Code Regs. 11090 § 14(A). Plaintiffs contend that ATS failed to provide Airport Agents with adequate seating.

8. *Unfair competition.* Section 17200 *et seq.* of the California Business and Professions Code permits an employee to seek restitutionary relief for "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200, 17203. Unpaid wages can be recovered through an unfair-competition claim. E.g., Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 177–78 (2000). ATS's above-described failures to pay meal-period premium wages, overtime wages as well as its failure to reimburse uniform-maintenance expenses, constitutes a violation of California's unfair-competition law, entitling Airport Agents to the relief specified by section 17203.

*ATS's responsive statement of the case.* This case is a follow-up class action to a prior lawsuit filed by Plaintiffs' counsel—*Collette McDonald v. Airport Terminal Services, Inc.*, C.D. Cal. Case No. 5:11-cv-01946-VAP-SP. On November 19, 2013, the Court granted final approval of a $250,000 class settlement in that matter. Plaintiffs Pederson, Mason, and Alcaraz each were *McDonald* settlement class members. ATS and Plaintiffs attempted an early mediation of the claims now asserted, but ATS believes that the parties may require the Court's assistance in resolving several disputed but dispositive issues precluding meaningful settlement discussions to progress.

Plaintiffs assert many similar claims in this lawsuit as alleged in *McDonald*:

1. *Failure to pay wages on account of late, curtailed or missed meal periods.* As in *McDonald*, Plaintiffs cannot meet their burden of proof as to each absent class member or employee. However, even before considering the individualized nature of meal period claims that precludes class or collective action certification in many contexts,

the meal period claims alleged here also fail in their entirety as preempted by the Airline Deregulation Act, 49 U.S.C. § 1371 et seq. ("ADA"). Although many courts previously had found similar claims preempted at the pleadings stage, ATS is aware that the Ninth Circuit recently has imposed an increased evidentiary burden on defendants to invoke the federal preemption defense. *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 650 (9th Cir. 2014) ("[The employer] bears the burden of proof on its preemption defense. But [the employer] did not offer specific evidence of (for example) the actual effects of the California law on [its] own routes or services."). ATS seeks the Court's guidance on how it would prefer for the parties to address this issue.

    2.    *Failure to Reimburse Expenses.* Also at issue in *McDonald* was the claim for failure to reimburse for uniform-related dry-cleaning expenses. As the evidence submitted by the *McDonald* plaintiff to support her motion for final approval of the class settlement demonstrated, "there was no directive from ATS that [employees'] uniforms be dry-cleaned" and "agents could simply request new garments from ATS." ATS denies that the claim has any factual merit or that class, collective, or representative action treatment would be proper.

    3.    *Failure to Provide Proper Seating.* Also at issue in *McDonald* was the claim for failure to provide proper seating. As the evidence submitted by the *McDonald* plaintiff to support her motion for final approval of the class settlement demonstrated, ATS presently does provide employee seating where permitted and many employees work "on airport tarmacs, meaning that they are arguably required to be on their feet while at work." ATS denies that the claim has any factual merit or that class, collective, or representative action treatment would be proper.

    4.    *Waiting-Time Penalties.* Also at issue in *McDonald* was the claim for waiting-time penalties, but no such penalties arise from alleged failures to reimburse employees for the maintenance of their uniforms or failures to provide an additional hour of penalty pay for missed meals.

     5.    *Unfair Competition.*  For the reasons discussed in connection with other claims, ATS disputes the merits of underlying claims but also whether penalties for alleged claims may be recovered as restitution.

Plaintiffs also assert several new claims in this lawsuit:

     6.    *Temporary Services Employer (Failure to Provide Proper Wage Statements).*  Though wage statement claims also were asserted in *McDonald*, the parties recognize that derivative claims for noncompliant pay stubs and continuing wages cannot be based on violations of California's meal-period statute. As a result, Plaintiffs assert that ATS is a "temporary services employer" to assert violations of specialized wage statement requirements inapplicable to ATS. Temporary services employers "are in the business of providing *employees* to other businesses." *Kimco Staffing Servs., Inc. v. State*, 236 Cal. App. 4th 875, 878 (2015) (emphasis added); Lab. Code § 201.3(a)(1) ("'Temporary services employer' means an employing unit that contracts with clients or customers *to supply workers* … ."). But ATS is not in the business of providing *employees* to other businesses; it is in the business of providing *services* to other businesses.

     7.    *Unlawful Deductions from Employees.*  Plaintiffs also allege that ATS subjected them to unlawful deductions in violation of Labor Code section 221, in connection with security deposits for which Plaintiffs provided written authorization. However, there is no private right of action for a section 221 claim. As a result, Plaintiffs' improper deduction claim thus must be brought through PAGA and is subject to a one-year statute of limitations. Since each Plaintiff was last subjected to a "deduction" for a security deposit by May 31, 2013, Plaintiffs lack standing for this claim.

     8.    *Failure to Pay Correct Overtime.*  ATS disputes the merits of any regular-rate based overtime claim, certain Plaintiffs' standing to assert overtime-based claims, the potential impact of the *McDonald* settlement on such claims, or that class, collective, or representative action treatment of such claims would be proper.

In sum, as in the *McDonald* matter, ATS contends that Plaintiffs' claims lack merit

and are not amenable to class or collective action treatment or for prosecution as private attorneys' generals. ATS settled the *McDonald* matter to avoid protracted litigation, yet it believes settlement discussions in this matter would benefit from having the Court address several disputed issues, some of which were introduced above.

    ***b.    Subject-Matter Jurisdiction.***

Plaintiffs originally filed this action in this Court on November 20, 2015. Jurisdiction is proper under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5 million and Plaintiffs are citizens of California while Defendant ATS is a corporation incorporated under the laws of Missouri, and with its principal place of business in Missouri, and due to the inclusion herein of a claim under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* The parties agree that the Court has subject-matter jurisdiction over this action.

    ***c.    Parties and Non-Party Witnesses.***

Plaintiffs Pederson, Alcaraz and Mason and Defendant ATS are the only parties to the litigation. At this juncture, neither Plaintiffs nor Defendant can accurately state how many witnesses they anticipate calling at trial.

Plaintiff contends this factor will largely depend on whether the proposed Class is certified and whether some of the claims are resolved through motion practice.

ATS does not disagree but also contends that the individualized nature of many of Plaintiffs' claims are not amenable to class or collective action treatment or prosecution as private attorneys' generals based upon absent individuals' employments and would thus require numerous non-party witnesses.

    ***d.    Insurance.***

Plaintiffs have no information regarding insurance.

ATS is not aware of any insurance applicable to this litigation.

*e.* ***Motions.***

Plaintiffs intend on moving for class certification and certification of a collective action pursuant to the Fair Labor Standards Act. Both Plaintiffs and ATS anticipate filing motions for summary judgment or adjudication at a later date in this litigation.

As discussed above, ATS requests the Court's assistance in establishing briefing schedules to address and thus obtain the Court's determinations on disputed legal issues that preclude productive settlement discussions on potentially resolvable claims.

*f.* ***The Manual for Complex Litigation.***

The parties do not believe that the Manual for Complex Litigation need be followed in this case, although it is always instructive.

*g.* ***Discovery and experts.***

The parties will provide their respective initial disclosures by January 23, 2017. Prior to the scheduling conference, Plaintiffs will have served an initial set of written discovery requests concerning, *inter alia*, class-certification issues. As to class-certification issues, Plaintiffs anticipate taking approximately four depositions. Plaintiffs do not believe that discovery should be conducted in phases, nor do Plaintiffs believe that discovery should be focused on particular issues other than those framed by the parties' respective pleadings.

ATS contends that the numerous legal issues in this case warrant staging discovery incrementally. ATS intends to notice Plaintiffs' depositions, serve document requests as to Plaintiffs' individual claims, and serve supplemental discovery, as appropriate.

*h.* ***Settlement.***

In this case, the parties already have engaged in an early private mediation. No settlement was achieved, although settlement discussions are still ongoing. The Parties propose ADR Procedure No. 3, i.e., a private dispute resolution proceeding, if another ADR Procedure must be selected. The parties' Request: ADR Procedure Selection is concurrently filed.

### *i.    Trial estimate.*

Assuming that certification is granted, Plaintiffs believe that trial should last approximately twenty days.  Assuming that certification is not granted, Plaintiff believe that trial should last approximately seven days.

Notwithstanding Defendant's contention that any trial of Plaintiffs' claims as a class or collective action, or under the Labor Code Private Attorneys' General Act as private attorneys' generals based upon absent individuals' employments, would be unmanageable and inappropriate, Defendant agrees that a trial of the myriad claims and issues currently alleged would require 20 or more trial days. Defendant also notes that any jury trial would also require bifurcation of equitable claims for which Plaintiffs' jury demand would be inapplicable.

### *j.    Timetable.*

Plaintiffs propose setting the timetable after the Court determines whether to certify the putative Class and Collective Action.  In the event that certification is granted, Plaintiffs propose that a second scheduling conference be held, at which time a timetable can be discussed and/or adopted.  Alternatively, Plaintiffs propose the dates set forth in the attached Exhibit A.

### *k.    Other issues.*

Plaintiffs believe that the liability and damages issues raised by their claims can properly be bifurcated.

As discussed above, ATS believes that the Court's determination of numerous disputed legal issues would enable the parties to engage in more productive settlement discussions.

Respectfully submitted,

DATED:  January 23, 2017  HARRIS & RUBLE
LAW OFFICES OF JOHN P. DORIGAN

*/s/ Alan Harris*
Alan Harris
John P. Dorigan
*Attorneys for Plaintiffs*


DATED:  January 23, 2017  SEYFARTH SHAW LLP

*/s/ Simon L. Yang*
Aaron R. Lubeley
Simon L. Yang
*Attorneys for Defendant*

# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: G PEDERSON, et al. v. AIRPORT TERMINAL SERVICES, INC., et al.

CASE NO.: 5:15−cv−02400−VAP−SP

| Matter | Plaintiff(s) Request | Defendant(s) Request* | Court's Order |
|---|---|---|---|
| Trial Date (**Tuesday**) Jury xs ☐ Court ☐ Length: 20 Days | June 5, 2018 | | |
| Pretrial Conf., L.R. 16; Hearing on Motions in Limine | May 7, 2018 | | |
| Last day to conduct Settlement Conf., L.R. 16−15 | March 12, 2018 | | |
| Last day for **hearing** non-discovery motions | March 6, 2018 | | |
| All Discovery Cutoff, including hearing all discovery motions | February 1, 2018 | | |
| Expert Disclosure (rebuttal) | November 1, 2017 | | |
| Expert Disclosure (initial) | October 2, 2017 | | |
| Last day to amend pleadings or add parties | March 31, 2017 | | |
| Last day for filing motion for class certification (if applicable) | June 19, 2017 | | |
| Hearing on motion for class certification (if applicable) | July 25, 2017 | | |

**\*ATS contends that the parties would benefit from having the Court establish briefing schedules for disputed legal issues and defer the scheduling of pretrial and trial dates to a second scheduling conference.**