Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone: (330) 748-4475
Facsimile: (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>Plaintiffs,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., RICHARD B. HAWES, and SALLY A. LEIBLE,<br><br>Defendants. | Case No. 5:15-cv-02400-VAP-SP<br>*Assigned to Hon. Virginia A. Phillips*<br><br>**DECLARATION OF JOHN P. DORIGAN IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date: April 9, 2018<br>Time: 2:00 p.m.<br>Courtroom: 8A<br>350 West 1st Street<br>Los Angeles, CA 90012 |

I, JOHN P. DORIGAN, declare under penalty of perjury under the laws of the United States and of the State of California, as follows:

1. I am a member in good standing of the State Bar of California, and am admitted to practice in the Central District of California. I am co-counsel for Plaintiffs in this action. I am making this declaration in support of the motion for preliminary approval of the class-wide settlement that has been reached in this action. If sworn as a witness I could competently testify to each and every fact set forth herein from my personal knowledge.

2. I received my J.D. from California Western Law School in San Diego in 1981 and have practiced as an attorney since then. Following law school I was hired by an insurance defense firm, where I made partner in six years. During this time I had a number of bench and jury trials. In 1990, two of the other partners at the firm and I left and formed our own firm in San Diego, Balestreri, Dorigan and Pendelton, where we continued to specialize in insurance defense litigation.

3. I moved from San Diego to the Coachella Valley in 1997 and established a solo practice in Indio, California, specializing in the representation of both plaintiffs and defendants in business litigation, personal injury, construction defect litigation and employment litigation.

4. Since 2004 I have represented plaintiffs in the following "wage and hour" class action cases: *Ohrling, et al. v. American Eagle Airlines, Inc.* (Riverside County Superior Court Case No. INC 041380); *Martin, et al. v. American Airlines, Inc.*(C.D. Cal.Case No. CV 07-4812 AG (PJWx); *Askey, et al. v. American Airlines, Inc.*(C.D. Cal. Case No. CV 06-2042 AG (PJWx); *Blackwell, et al. v. SkyWest Airlines, Inc.*(S.D. Cal Case. No. CV 06-0307; *Mooney, et al. v. American Airlines, Inc.,*(Los Angeles County Sup Ct. Case No. BC 445997; *Brown, et. al. v. American Airlines, Inc.*(C.D. Cal. Case No. CV 10-8431 AJG (PJWx); *Lessard, et al. v. SkyWest Airlines, Inc.*(C.D. Cal. Case No. CV 11-03769 JHN (VBKx); *Grimm, et al. v. American Eagle Airlines, Inc.*(C.D. Cal. Case No. CV 11-0406 JAK (MANx); *Arena, et al. v. American Airlines, Inc.*(C.D. Cal.

DECL. OF JOHN P. DORIGAN IN SUPPORT OF MOT. FOR PRELIMINARY APPROVAL

Case No. CV 112-01070 JHN (FWDx), and *McDonald, et al. v. Airport Terminal Services, Inc.* (C.D. Cal. Case No. EDCV11-01946).

5. Both before and after initiating this Action, as class co-counsel I participated in investigating the claims against Defendant and also analyzed any and all applicable defenses raised by Defendant. Class Counsels' investigation included work conducted in connection with a prior class action employment lawsuit against this same defendant, *Collette McDonald v. Airport Terminal Services*, filed on or about November 2, 2011, and designated as United States District Court, Central District of California Case No. 5:11-cv-01946-VAP-SP. Class Counsels' investigation also included the exchange of information and documentation pursuant to informal discovery methods, service of formal discovery, numerous conferences between Class Counsel and Defendant's Counsel, and Class Counsels' interviews with Plaintiffs and Class Members.

6. After more than 16 months of continued negotiations and exchange of information between the Parties following the initial mediation, the Parties finally agreed to a settlement, and on or about January 16, 2018, the Parties filed a notice of settlement with the Court. The settlement was negotiated in light of all known facts and circumstances—including the potential difficulty of proving Plaintiffs' claims, potential defenses asserted by Defendant, the uncertainty associated with litigation, the risks of significant delay, and numerous potential appellate issues—and was reached after extensive arm's-length negotiations, with the assistance of the mediator Lisa Klerman.

7. Based on Class Counsels' ongoing investigation and evaluation over the course of more than two years since initiating the Action, it is my opinion that the terms set forth in this Agreement are fair, reasonable, adequate, and in the best interests of the class.

8. It is my opinion that the requested Class Representative Incentive Awards of up to $500.00 for each Plaintiff are reasonable and appropriate in light of the time and assistance each of the Plaintiffs contributed to the prosecution of this action. It is also my opinion that the requested Plaintiff's Individual Payments of up to $4,500.00 for each Plaintiff in exchange for their execution of additional individual releases broader than

1. Settlement Class Member releases (including California Civil Code section 1542 waivers of all known or unknown claims), are reasonable and appropriate in that these Individual Payments are consideration for release of potential claims for damages for retaliation and wrongful termination I believe that each Plaintiff has as a result of his or her treatment during his or her employment with Defendant following, and as a result of, the filing of this case. It is my further opinion that these Plaintiff's Individual Payments are reasonable and appropriate as consideration for Plaintiffs' additional agreements to refrain from seeking future employment with Defendant.

I have read the foregoing, and the facts set forth therein are true and correct of my personal knowledge. Executed March 9, 2018, in Summit County, in the State of Ohio.

_____
John P. Dorigan