Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone: (330) 748-4475
Facsimile: (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

Aaron R. Lubeley (SBN 199837)
Simon L. Yang (SBN 260286)
SEYFARTH SHAW LLP
333 South Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601
alubeley@seyfarth.com
syang@seyfarth.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>Plaintiffs,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br><br>Defendants. | Case No. 5:15-cv-02400-VAP-SP<br>*Assigned to Hon. Virginia A. Phillips*<br><br>**STIPULATION REQUESTING CLARIFICATION OF ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; [PROPOSED] ORDER** |

## STIPULATION

Plaintiffs G. Pederson, R. Alcaraz, and S. Mason, and Defendant, Airport Terminal Services, Inc., through their respective counsel of record, hereby stipulate as follows:

WHEREAS, on March 9, 2018, Plaintiffs filed a motion for preliminary approval of class action settlement, which was noticed for hearing on April 9, 2018;

WHEREAS, the Settlement Agreement and Release of Claims submitted in support the motion for preliminary approval contained the Parties' agreement that settlement administration costs would not exceed $27,000 and requested that CPT Group, Inc. ("CPT") (or another claims administrator mutually agreed to by the Parties) be appointed (Dkt. 39-1, Ex. 1 at ¶ 3.1);

WHEREAS, on March 30, 2018, Plaintiffs submitted a supplemental memorandum indicating that, based on bids from multiple claims administrators as to settlement administration costs, Plaintiffs recommended CPT as settlement administrator. CPT had estimated that the costs of administration for this case would not exceed $13,750. (Dkt. 40);

WHEREAS, the Settlement Agreement and Release of Claims submitted in support the motion for preliminary approval contained the Parties' agreement that, for purposes of allocating Settlement Class Member shares, Defendant would provide data enabling the Settlement Administrator to determine each potential Settlement Class Member's number of workweeks during the class period (Dkt. 39-1, Ex. 1 at ¶¶ 3.3, 5.5, 5.8.1);

WHEREAS, on April 5, 2018, the Court issued its order granting preliminary approval of class action settlement, which cited ¶ 3.1 of the Settlement Agreement and Release of Claims and the Parties' request that CPT be appointed as settlement administrator (Dkt. 41 at 5);

WHEREAS, the Court's order granting preliminary approval of class action settlement also cited ¶ 5.8.1 of the Settlement Agreement and Release of Claims and the

allocation of each potential Settlement Class Member's proportional share of settlement proceeds to be based on number of workweeks during the class period (Dkt. 41 at 4);

WHEREAS, the Court's order granting preliminary approval of class action settlement found "the notice form and proposed claims administration process adequate" (Dkt. 41 at 23);

WHEREAS, the Court's order granting preliminary approval of class action settlement instructs Defendant to provide (i) settlement class member information "to the settlement administrator, KCC," (as opposed to CPT) and (ii) include "total rotations" for class members (as opposed to number of workweeks); and

WHEREAS, the Parties request clarification from the Court as to whether the Court approves Defendant to provide (i) settlement class member information to CPT and (ii) include data regarding number of workweeks.

NOW, THEREFORE, it is hereby stipulated and agreed that:

1. The Parties request that "IV. Conclusion" on page 23 of the order granting preliminary approval of class action settlement be modified as follows:

> Defendant shall provide a list of all settlement class members to the settlement administrator, ~~KCC~~ **CPT Group, Inc.**, within fourteen (14) calendar days of the date of this order.

2. The Parties request that "2. Claims Administration" on page 23 of the order granting preliminary approval of class action settlement be modified as follows:

> The Agreement states the Settlement Administrator will send the notice, claim, and request for exclusion forms and issue appropriate claim payments. (Settlement Agreement ¶¶ ¶¶ 3.1-3.6, 4.2-4.3, 4.7, 5.3.2.) The proposed administrative deadlines—e.g., Defendants shall provide the Settlement Administrator with a list of class members and their ~~total rotations~~ **workweek data** within 14 days of the preliminary approval order, and the Administrator will provide notice of the settlement to class members within 28 days of preliminary approval (Id. at ¶¶ 3.2-

3

3.3)—are reasonable and are approved. Thus, the Court finds the notice form and proposed claims administration process adequate.

DATED: April 10, 2018

HARRIS & RUBLE
LAW OFFICES OF JOHN P. DORIGAN

*/s/ Alan Harris*
Alan Harris
John P. Dorigan
*Attorneys for Plaintiffs*

DATED: April 10, 2018

SEYFARTH SHAW LLP

*/s/ Simon L. Yang*
Aaron R. Lubeley
Simon L. Yang
*Attorneys for Defendant*

4

STIPULATION REQUESTING CLARIFICATION OF ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; [PROPOSED] ORDER