Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone: (330) 748-4475
Facsimile: (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner, <br><br> Plaintiffs, <br><br> v. <br><br> AIRPORT TERMINAL SERVICES, INC. <br><br> Defendants. | Case No. 5:15-cv-02400-VAP-SP <br> *Assigned to Hon. Virginia A. Phillips* <br><br> **DECLARATION OF JOHN P. DORIGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, INCENTIVE AWARD AND REIMBURSEMENT OF COSTS** <br><br> Date:        July 2, 2018 <br> Time:        2:00 p.m. <br> Courtroom: 8A <br>              350 West 1st Street <br>              Los Angeles, CA 90012 |

I, JOHN P. DORIGAN, declare under penalty of perjury under the laws of the United States, the State of Ohio and of the State of California, as follows:

1.    I am a member in good standing of the State Bar of California, and am admitted to practice in the Central District of California. I am co-counsel for Plaintiffs in this action, and I am making this declaration in support of Plaintiffs' motion for an award of attorneys' fees and costs, and for an enhancement award and a separate settlement payment for each of the named plaintiffs. All documents attached to this Declaration have been maintained in my office in the ordinary course of business under my direction and control. The facts stated in this Declaration are true and correct, and if called as a witness in this action I could competently and truthfully testify thereto based on my own personal knowledge.

2.    I received my J.D. from California Western Law School in San Diego in 1981 and have practiced as an attorney since then. Following law school I was hired by an insurance defense firm, where I made partner in six years. During this time I had a number of bench and jury trials. In 1990, two of the other partners at the firm and I left and formed our own firm in San Diego, Balestreri, Dorigan and Pendelton, where I continued to specialize in insurance defense litigation.

3.    I moved from San Diego to the Coachella Valley in 1997 and established a solo practice in Indio, California, specializing in the representation of both plaintiffs and defendants in business litigation, personal injury, construction defect litigation and employment litigation.

4.    Since 2004 I have represented plaintiffs in, among others, the following "wage and hour" class action cases: *Ohrling, et al. v. American Eagle Airlines, Inc.* (Riverside County Superior Court Case No. INC 041380); *Martin, et al. v. American Airlines, Inc.*(C.D. Cal. Case No. CV 07-4812 AG (PJWx); *Askey, et al. v. American Airlines, Inc.*(C.D. Cal. Case No. CV 06-2042 AG (PJWx); *Blackwell, et al. v. SkyWest Airlines, Inc.*(S.D. Cal Case. No. CV 06-0307; *Mooney, et al. v. American Airlines, Inc.,*(Los Angeles County Sup Ct. Case No. BC 445997; *Brown, et. al. v. American*

DECLARATION OF JOHN P. DORIGAN

*Airlines, Inc.*(C.D. Cal. Case No. CV 10-8431 AJG (PJWx); *Lessard, et al. v. SkyWest*

*Airlines, Inc.*(C.D. Cal. Case No. CV 11-03769 JHN (VBKx); *Grimm, et al. v. American*

*Eagle Airlines, Inc.*(C.D. Cal. Case No. CV 11-0406 JAK (MANx); *Arena, et al. v.*

*American Airlines, Inc.*(C.D. Cal. Case No. CV 112-01070 JHN (FWDx), and

*McDonald, et al. v. Airport Terminal Services, Inc.* (C.D. Cal. Case No. EDCV11-

01946).

   5.   Both before and after the filing of this case, as class co-counsel I participated

in investigating the claims against Defendant and also analyzed any and all applicable

defenses raised by Defendant. Class Counsels' investigation included work conducted in

connection with a prior class action employment lawsuit against this same defendant,

*Collette McDonald v. Airport Terminal Services*, filed on or about November 2, 2011,

and designated as United States District Court, Central District of California Case No.

5:11-cv-01946-VAP-SP. Class Counsels' investigation also included the exchange of

information and documentation pursuant to informal discovery methods, service of

formal discovery, numerous conferences between Class Counsel and Defendant's

Counsel, and Class Counsels' interviews with Plaintiffs and Class Members.

   6.   After more than 16 months of continued negotiations and exchange of

information between the Parties following the initial mediation, the Parties finally agreed

to a settlement, and on or about January 16, 2018, the Parties filed a notice of settlement

with the Court. The settlement was negotiated in light of all known facts and

circumstances—including the potential difficulty of proving Plaintiffs' claims, potential

defenses asserted by Defendant, the uncertainty associated with litigation, the risks of

significant delay, and numerous potential appellate issues—and was reached after

extensive arm's-length negotiations, with the assistance of the mediator Lisa Klerman. I

have read Plaintiffs' Notice of Motion and Motion for Award of Attorney's Fees,

Incentive Award and Reimbursement of Costs; Memorandum of Points and Authorities

in Support Thereof, as well as the Declaration of Alan Harris in Support of Plaintiffs'

Motion for Award of Attorney's Fees, Incentive Awards and Reimbursement of Costs,

both of which are being filed concurrently with this Declaration, and both of which describe the procedural history of this case, the claims being alleged by plaintiffs herein, the strength and weaknesses of plaintiffs' claims, and the bases for settlement and Plaintiffs' claims for attorney's fees, incentive awards and reimbursement of costs incurred. All of the statements made in each of these documents are true and correct of my own knowledge, and I incorporate them herein by this reference.

7.     Based on Class Counsels' ongoing investigation and evaluation over the course of more than two years since initiating this action, it is my opinion that the terms set forth in the Settlement Agreement reached in this case are fair, reasonable, adequate, and in the best interests of the class.

8.     It is my opinion that the requested Class Representative Incentive Awards of up to $500.00 for each Plaintiff are reasonable and appropriate in light of the time and assistance each of the Plaintiffs contributed to the prosecution of this action. It is also my opinion that the requested Plaintiff's Individual Payments of up to $4,500.00 for each Plaintiff in exchange for their execution of additional individual releases broader than Settlement Class Member releases (including California Civil Code section 1542 waivers of all known or unknown claims), are reasonable and appropriate in that these Individual Payments are consideration for release of potential claims for damages for retaliation and wrongful termination I believe that each Plaintiff has as a result of his or her treatment during his or her employment with Defendant following, and as a result of, the filing of this case. It is my further opinion that these Plaintiff's Individual Payments are reasonable and appropriate as consideration for Plaintiffs' additional agreements to refrain from seeking future employment with Defendant.

9.     To the best of my knowledge, my office has no conflict with any of the Plaintiffs or any of the Class members in this case, and has thus fairly and adequately represented the interests of Plaintiffs and the Class. The legal services provided by me and by Kathleen Dorigan in this case have been provided on a contingency basis. Exhibit 1 to this Declaration is a true and correct copy of detailed records of the time I have spent

DECLARATION OF JOHN P. DORIGAN

working on this case to date, as well as the time spent to date by Kathleen Dorigan, who has served as Legal Assistant both to me and to Mr. Harris' firm during the preliminary research prior to filing this case and during the pendency of the case after it was filed. As reflected in Exhibit 1, I have spent 178 hours and Kathleen Dorigan has spent 191.85 hours. It is my practice, and the policy of the Law Office of John P. Dorigan, that all employees record their time contemporaneously with the work recorded, and in tenth-of-an-hour-increments, and the time records contained in Exhibit 1 reflect that practice. I have reviewed the time records contained in Exhibit 1 and I believe they accurately reflect the time necessarily spent by me and by Kathleen Dorigan in the prosecution of this case.

10. As discussed above, I have been a member, in good standing, of the California Bar and have practiced law continually in California for 37 years. I have represented employees in class action cases against their employers based on violations of the California Labor Code for the last 14 years. During those 14 years Kathleen Dorigan has worked with me, and my co-counsel, as Legal Assistant in each of the employment class-action cases listed in paragraph 4 above. Kathleen Dorigan has also been employed as a Passenger Service Agent with various airlines for 8 years, and during those years, and during the years she worked as a legal assistant on airline employment cases, she has become knowledgeable regarding airline pay and personnel procedures, and the requirements that California statutes, case law and wage orders impose on those pay and personnel procedures.

11. As noted above, along with attorney Alan Harris, I acted as co-counsel for plaintiff in the case of _McDonald, et al. v. Airport Terminal Services, Inc._ (C.D. Cal. Case No. EDCV11-01946), was settled in November 2013 and was venued in this same Court. In the McDonald case this Court issued an Order Granting (1) Plaintiff's Motion For Final Approval Of Class Action Settlement And (2) Motion For Attorneys' Fees, and in that Order this Court found hourly fees of $789.50 for both me and Mr. Harris to be reasonable under the Laffey Matrix. I have billed my time in this case at $600.00 per

hour. Given my years of practice and my experience in cases of this type, and based on the Laffey Matrix, I believe this rate is fair and reasonable. I have billed Mrs. Dorigan's time in this case at $220.00 per hour. Given her experience as a Legal Assistant in cases of this type, her knowledge of the relevant procedures in the airline industry, and the law applicable to those procedures, I believe this rate is fair and reasonable.

12. Attached as Exhibit 2 to this Declaration is a document entitled "Expenses Related to Alcaraz, Pederson & Mason v. Airport Terminal Svcs. (ATS)" which truly and accurately details the actual costs advanced by the Law Office of John P. Dorigan during the handling of this case, in the total amount of $2,560.67.

I have read the foregoing, and the facts set forth therein are true and correct of my personal knowledge.  Executed May 7, 2018, in Summit County, in the State of Ohio.


*/s/ John P. Dorigan*
John P. Dorigan

Exhibit 1

**Law Office of**
**JOHN P. DORIGAN**
9008 Brandywine Road, Northfield, Ohio 44067
Telephone:  (330) 748-4475  •  Facsimile:  (330) 748-4475
e-mail: jpdorigan@aol.com

**May 4, 2018**

**ATS Case**

**BILLING RATE @ $600.00/hour**

| DATE | DESCRIPTION | TIME |
|------|-------------|------|
| 06/23/2014 | Meet with KD.  Research, including on-line research re: Cal. DIR, CLC, IWC Wage Orders and case law re: unlawful deductions from pay checks, business deductions, uniform deductions, etc. | 5.8 |
| 06/28/2014 | Review of various documents from McDonald case to determine parameters of claims in that case; evaluate effect of McDonald release on new case. | 2.0 |
| 07/08/2014 | Research and evaluate issues in case. Draft letters re: RPC 2-200 and 3-310. | 2.9 |
| 07/09/2014 | Travel to and attend meeting at Starbucks in Palm Springs with KD and ATS employees to review pay records and discuss working conditions. | 3.0 |
| 07/10/2014 | R/r e-mail from KD and attached wage statements. | 1.3 |
| 07/16/2014 | Research and evaluate statute of limitations problem re: PAGA. | .7 |
| 07/17/2014 |  Prepare draft complaint. | 3.0 |
| 07/21/2014 | Review and edit draft PAGA letter. | .4 |
| 07/28/2014 | Meet with KD to discuss tel/cons with clients. T/c with KD and Gideon re: his employment status with ATS. | .6 |
| 07/30/2014 | Meet with KD to discuss potential plaintiffs. Prepare notes re: proposed Communication with new plaintiffs.. | .6 |

| | | |
|---|---|---|
| 09/08/2014 | Research and review preemption issue, including Dilts v. Penske. | 2.6 |
| 11/24/2014 | Meet with KD re: new plaintiff, joint venture agreement. | .4 |
| 03/26/2015 | Meet with KD and review research on ATS payroll company, statutory requirements for recovery period and ATS Policy Manual. | 2.5 |
| 03/30/2015 | Research re: CLC 218.5, 405 and 200.5; meet with KD, memo to file. | 2.0 |
| 04/03/2015 | Preparation of draft complaint. | 2.0 |
| 05/16/2015 | Meet with KD, prepare draft complaint. | 1.6 |
| 06/11/2015 | Participate in t/c with Kathy, Alan and Priya re: case against ATS. | .4 |
| 06/19/2015 | Review wage statements and ATS research. Meet with KD to prepare for t/c with AH. Participate in t/c with Kathy, Alan and Priya re claims against ATS. | 4.0 |
| 07/06/2015 | Review file to prepare for meeting with potential clients, including preparation of notes for meeting. Meet with KD to review documents. | 3.0 |
| 07/07/2015 | Travel to and attend meeting with potential plaintiffs in Rancho Mirage; discussion of legal issues, class action duties and procedures. | 5.5 |
| 07/14/2015 | R/r em from KD and attached Cardoso wage statements. | .6 |
| 07/24/2015 | Meet with KD to review and discuss research, review and edit draft complaint. | 2.0 |
| 07/31/2015 | Review KD research re: ATS claims; prepare and edit draft complaint. | 1.7 |
| 08/27/2015 | Review file and research to date. Review defendant's motion to strike PAGA claims from Brown case. | 1.2 |
| 08/28/2015 | Research and review joint employer issue. Memo to file. | 1.0 |
| 10/08/2015 | Meet with KD to review and discuss ATS new hire docs, bonus programs, uniform issue and CLC 2810. Additional research re: same. | 2.2 |
| 10/11/2015 | Prepare and edit draft complaint; review exhibits. | 4.0 |
| 11/20/2015 | Review of complaint and related documents as filed with court. | 1.0 |

| | | |
|---|---|---|
| 12/04/2015 | T/c with Alan, Kathy and def. counsel. T/c with Alan and Kathy to discuss conference with defense counsel. | 1.0 |
| 12/05/2015 | Receive and review em from AH and attached payroll summary calculation. Review of pay records re: same. Research requirements for labor contractor based on distinction between labor and services raised by defense counsel. Meet with KD re: same. Em to AH re; same. | 2.8 |
| 01/24/2016 | Prepare and edit draft First Amended Complaint. | 2.0 |
| 01/ 06/2016 | Review of on-line court file. | .4 |
| 02/05/2016 | Review documents produced by ATS. | 2.4 |
| 03/09/2016 | Review draft of stip to file SAC. | .3 |
| 04/17/2018 | Review Second Amended Complaint. | .8 |
| 05/05/2016 | T/c with AH re: mediation scheduling and prep. for mediation. | .3 |
| 05/09/2016 | T/c with PM and KD re: mediation prep., contacting clients re: same. Research re: new PAGA SOL. | 2.5 |
| 05/20/2016 | Review discovery in prep. for mediation. | 3.0 |
| 06/02/2016 | Participate in t/c with Gideon, AH and KD re: mediation prep. | .4 |
| 07/01/2016 | Review case of Lopez v. Gat, conduct additional research on issue of recording of meal periods. | 2.0 |
| 07/27/2016 | R/r information received from defense counsel re: scope of class, meal periods, etc. | .6 |
| 08/02/2016 | T/c with ATS employee re: his termination by ATS. T/c with AH and employee re: possible case for failure to pay overtime. T/c with Sasha Mason, AH, KD and PM re: mediation. | 1.0 |
| 08/07/2016 | Mediation preparation, including review of pleadings, research, documentary evidence. | 5.5 |
| 08/08/2016 | Time spent in travel to LA for mediation. | 8.5 |
| 08/09/2016 | Travel to and attend mediation. | 14.0 |
| 08/10/2016 | T/c with Ashley Alcarez re: results of mediation. T/c with AH and PM re: t/c with Ashley. Travel, LA to Cleveland, return from | 9.0 |

mediation.

| Date | Description | Hours |
|------|-------------|-------|
| 08/12/2016 | EM to AH re: going forward with case.  Research re: possibility of arguing continuing uniform violation; prepare notes re: additional investigation and discovery necessary to address defense mediation responses to claims. Memo to file re: Brinker holding – Plf has no burden to prove why meal break not taken where no clock in/out. | 2.0 |
| 08/17/2016 | Research re: responses to points raised by def. counsel at mediation. Research re: 3 year SOL for civil penalties under PAGA.  T/c with Mike Higgins re: where to send his documentation. | 3.5 |
| 08/18/2016 | Review of Riverside County Superior Court Case Report for Kidner case. T/c with clerk at Riverside court in attempt to obtain Order  After Hearing on Motion to Strike. | .5 |
| 08/19/2016 | Research re: responses to points raised by def. counsel at mediation to prepare for t/c with Lisa Klerman. T/c with AH. T/c with Lisa Klerman, AH, KD and PM. | 6.5 |
| 08/20/2016 | Preparation of brief for Lisa Klerman, including research re: responses to points raised by def. counsel at mediation. | 2.0 |
| 08/21/2016 | Research and evaluate issues in case for Lisa Klerman, including research re: responses to points raised by def. counsel at mediation. | 6.0 |
| 08/22/2016 | Research and evaluate issues in case for Lisa Klerman, including research re: responses to points raised by def. counsel at mediation. Research and evaluate effect of LC 200.5 on SOL for PAGA claim. | 3.0 |
| 08/23/2016 | Research and evaluate issues in case for Lisa Klerman, including research re: responses to points raised by def. counsel at mediation. | 3.4 |
| 08/27/2016 | T/c with Alan Harris re: status of discussions with defense counsel. | .2 |
| 08/29/2016 | R/r e-mails between SY and AH, including proposed stip to continue date for ATS to respond to SAC. | .2 |
| 09/06/2016 | R/r order granting stay to continue mediation. | .2 |

| | | |
|---|---|---|
| 10/14/2016 | T/c with AH re: t/c with Lisa K. T/c with AH and LK re: alt. work week issue. Review requirements for same. T/c with Ashley re: her being turned down for advancement – possible retaliation claim. | 1.7 |
| 10/16/2016 | Research re: possible Retaliation against Ashley. T/c with Ashley, AH and KD re: same. | 1.4 |
| 10/19/2016 | Researcg and prepare list of documents related to alternative work week schedule to request from Simon Yang. E-mail list of docs to AH. | 2.4 |
| 10/27/2016 | R/r e-mail from AH to SY re: AWW. R/r email from Lisa K. | .2 |
| 11/15/2016 | R/r Answer to SAC. | .6 |
| 11/22/2016 | R/r Order Setting Scheduling Conference. | .2 |
| 12/01/2016 | E-mails with Mike Higgins from ATS re: his termination. | .3 |
| 01/22/2017 | Review and edit Joint Report | 1.0 |
| 01/26/2017 | R/r defense Joint Report. | .8 |
| 01/30/2017 | Preparation of initial discovery to defendant. | 2.4 |
| 02/07/2017 | R/r case scheduling order. | .2 |
| 04/07/2017 | Review of records produced by ATS; research issue of employees working legal/illegal 12 hour days. | 2.2 |
| \ 05/02/2017 | Meet with KD to discuss retaliation actions taken against plaintiffs. | .4 |
| 05/15/2017 | R/r stip and order to stay action and continue deadlines to allow settlement discussions. | .2 |
| 07/25/2017 | T/c with AH and PM re: case status, settlement position. | .3 |
| 07/26/2017 | T/cs with clients Ashley Alcaraz, Sasha Mason and Gideon Pederson, re: case status, availability for t/c with AH. KD and PM. T/c with PM re: 1198.5 ltr. R/r fax ltr. for Jeremale Green. Review file to determine whether 1198 ltrs have been sent for clients. | 1.4 |
| 07/28/2017 | Draft and send e-mail to AH and PM re: t/cs with clients and | .4 |

t/c availability.

07/31/2017   T/c with Gideon P. re: t/c. T/c with AH re: same.              .2

09/06/2017   Prep and mail 1198 ltrs to Ashly and Gideon.                   .7

09/13/2017   T/c from Gideon – he recd. 1198 ltr and mailed to ATS. T/c     .8
             with Sasha Mason re: 1198 ltr., confirming current contact
             info, situation with United and her union. Memo to file.
             Prepare LC 1198 ltr. and mail to Sasha.

10/19/2017   T/c with Ashly re: her receipt of, and mailing of 1198 ltr. T/c   3.5
             to Sasha – left msg. re: same. R/r draft Class Cert. Motion,
             research re: same.

10/20/2017   R/r Stip for Stay to continue settlement talks. Review and      3.0
             analyze documents supporting certification motion discussed
             in recent e-mails. Research re: Plaintiffs Confidential
             Damage Analysis.

12/01/2017   T/c with AH, KD and PM re: settlement discussions.              .4

12/03/2017   Review of various issues for settlement evaluation.            2.5

12/13/2017   R/r e-mail re: deposition dates and response to settlement     .2
             offer.

02/26/2018   Review, research and edit draft settlement agreement          4.0
             recd. from Def. counsel. T/c with PM re: same.

02/28/2018   Review current redline draft of settlement agreement. T/c     .6
             with PM re: same.

03/02/2018   R/r emails re: 3rd party administration bid, and bids received.   .6

03/08 2018   Prep. of Decl. of JPD in Support of Motion for Prlim.         2.0
             Approval, including t/c with PM and review of file and draft
             settlement agrmt.

03/09/2018   T/c with PM; sign, scan and send sig pages for settlement     .3
             agrmt and JPD Decl.

04/05/2018   R/r Order re: Prelim Approval of Settlement. Memo to file     .6
             re: same. T/c with PM re: same.

04/11/2018   R/r Stip for Clarification of Order.                          .2

04/24/2018 R/r e-mail from PM and attached timeline for settlement     .3
          admin. T/c with PM re: same.

                                                              178 hrs.

TIME/BILLING FOR
PEDERSON ET AL v. AIRPORT TERMINAL SERVICES (ATS)

| DATE | TASK | HOURS |
|------|------|-------|
| | | |
| 6/23/14 | Researched statutes and cases relevant to Railway Labor Act and Airline Deregulation Preemption; discussed inquiries from workers. | 2.5 |
| | | |
| 7/7/14 | Review ATS standard Uniform Deduction Authorization form | .75 |
| | | |
| 7/9/14 | Review and research new 9th Circuit cases re ADA and FAAA preemption | 1.0 |
| | | |
| 7/9/14 | Met with ATS employees at Starbucks in PSP to discuss work conditions and review wage statements | 2.5 |
| | | |
| 2/2/15 | Prepared letter for worker to ATS requesting payroll and personnel records | 1.0 |
| | | |
| 2/5/15 | Reviewed/researched new PAGA article and new California wage laws for 2015 for complaint. | .75 |
| | | |
| 3/21/15 | Reviewed payroll and personnel records from ATS. | 1.5 |
| | | |
| 3/23/15 | Prepared list of possible claims and PAGA penalties for complaint and discussed with JPD. | 2.5 |
| | | |
| 3/25/15 | Reviewed ATS Policy Manual and prepared list of policies to discuss with JPD that violate CA Labor Code | 3.2 |
| | | |
| 3/27/15 | Prepared second letter for JPD to ATS re missing wage statements from My E-Stub | .5 |
| | | |
| 3/30/15 | Reviewed legislative history of L.C. 2810.5 | 1.5 |
| | | |
| 4/3/15 | Preparation of draft complaint w/JPD | 3.5 |
| | | |
| 5/15/15 | Reviewed ATS uniform policy re compliance with DLSE manual and researched DLSE Opinion Letters re deductions Tel. call and emails to AH re possible joint agreement for new case; discussed  retaining plaintiffs; causes of action, etc.; discussion of prior MacDonald case | 5.0 |
| | | |
| 5/16/15 | Preparation of second draft of complaint w/JPD | 2.5 |
| | | |
| 6/12/15 | EM to AH/JPD re new case | .2 |
| | | |
| 6/18/15 | EM to AH/JPD re new case | .2 |
| | | |
| 6/19/15 | Scan and EM to AH/JPD sending copies of all wage statements for Pederson, Alcaraz and Mason | 1.3 |

| 6/19/15 | Prepared additional claims/penalties based on new research re policy manual | 2.75 |
|---|---|---|
| 6/22/15 | Researched ATS web site re locations; job descriptions; services provided; etc. | 1.3 |
| 6/23/15 | Per request of AH sent EM re research on ATS, link to web site, etc. | .5 |
| 7/7/15 | Prepared Retainer Agreement and other documents for JPD for Pederson, Alcaraz, and Mason; met with them in Rancho Mirage to discuss class rep duties and class action procedures/timeline, etc. | 4.0 |
| 7/14/15 | Scanned and sent email to AH/JPD sending wage statements | .5 |
| 7/23/15 | Review of and edits to draft of complaint | 5.5 |
| 7/24/15 | EMs to AH/JPD/PM re new cause of action for failure to record sick leave balances re new law | 1.0 |
| 7/26/15 | EMs to AH/PM/JPD re deductions and Alcaraz wage statements re new sick leave policy | .4 |
| 7/31/15 | EMs to AH/PM/JPD re ATS bonus and sick leave claims | .2 |
| 8/4/15 | Spoke w/worker to discuss her decision to transfer to another airline; research and EMs to AH/JPD/PM re OT rate based on bonuses | .7 |
| 8/28/15 | EM to AH/JPD/PM re joint employment and NLRB | .2 |
| 10/1/15 | Scan and sent EM to AH/JPD with copies of plaintiffs' signed retainers | .2 |
| 10/2/15 | Reviewed wage statements provided by Pederson, Alcaraz, and Mason showing uniform deductions | 2.0 |
| 10/8/15 | Research re ATS new hire documents; recognition/bonus programs; uniforms; and L.C. 2810.  Sent emails discussing to AH/JPD/PM | 3.0 |
| 10/10/15 | Research and writing of final complaint, compilation of exhibits | 9.0 |
| 10/11/15 | Edit of final complaint | 5.5 |
| 10/12/15 | Edit of final complaint, compilation of exhibits; EMs to AH/JPD/PM | 6.5 |
| 10/14/15 | Internet research re ATS ownership and management | 1.5 |
| 11/20/15 | Review of final filed complaint and exhibits | 2.25 |

| | | |
|---|---|---|
| 11/24/15 | Review documents filed by court re ADR; assignment to Judge; etc. | .5 |
| | | |
| 1/22/16 | Research and writing of draft of FAC and exhibits; reviewed first draft of ROPs | 5.5 |
| | | |
| 1/23/16 | Edit of draft of FAC and exhibits | 5.0 |
| | | |
| 1/25/16 | Review/edit final draft of FAC and exhibits | 1.2 |
| | | |
| 2/2/16 | EM to AH/PM/JPD re research re alternative workweek elections | .3 |
| | | |
| 2/5/16 | EMs to AH/PM/JPD re work conditions at the PSP station and possible retaliation against Pederson and Alcaraz | .5 |
| | | |
| 4/7/16 | Review of docs filed re Stipulation to Amend | .2 |
| | | |
| 4/14/16 | Review of filed final SAC | 1.5 |
| | | |
| 5/9/16 | Review of AH email re docs needed from ATS prior to mediation | .3 |
| | | |
| 5/10/16 | Prepared info re discovery requests and sent EM to AH/JPD/PM | |
| | | |
| 5/17/16 | Reviewed final ROPs and Interrogatories sent to Defendant | .5 |
| | | |
| 7/5/16 | Reviewed GAT v. Lopez and Safeway Inc. v. Sup. Ct. Cases; sent EM to AH/JPD/PM | .5 |
| | | |
| 7/8/16 | Review of confidentiality agreement and other docs in preparation for mediation | .75 |
| | | |
| 7/23/16 | Research at NLRB and DOL re issue of joint employment; review of cases and opinion letters | 2.0 |
| | | |
| 7/27/16 | Review of EM sent by Simon Yang containing class size data and IATA contract re mediation | 2.0 |
| | | |
| 7/28/16 | Prepared and sent EM to AH/JPD/PM re data on class size and IATA contract; Research re L.C. 2810 re airline responsibility for pmt. of wages in joint employment re ATS claim of possible bankruptcy; EM to AH/JPD/PM | 1.75 |
| | | |
| 8/3/16 | Review of additional class info sent from ATS for mediation | .5 |
| | | |
| 8/4/16 | Review of SB 836 (amendments to PAGA statute) and Labor Code 2810 | .75 |
| | | |

| 8/7/16 | Review of standard IATA Ground Handling Contract and relevant addenda and attachments; review of samples of such contracts between other ground handling companies and airlines' review of final; mediation brief | 3.5 |
|---|---|---|
| | | |
| 8/8/16 | Air travel from Cleveland, OH to Los Angeles, CA and taxi from airport to hotel | 8.0 |
| | | |
| 8/9/16 | Travel to and attend mediation | 14.0 |
| | | |
| 8/10/16 | Travel from hotel to LAX airport and return flight from LAX to Cleveland, OH | 8.0 |
| | | |
| 8/12/16 | Research re issues raised at mediation; uniform deduction is "wages" and relevant CA cases; DOL Op Ltrs re uniform deductions; DOL Op Ltrs re uniform deductions; Wage Order 9 re uniform deductions vs. security deposits; wage garnishment statutes under Labor Code 300-400; wage theft under L.C. 405 and relevant cases.  EMs to AH/JPD/PM re research | 7.5 |
| | | |
| 8/13/16 | Research re AB 1744 and amendment to L.C. re Temporary Services Employer definition.  EM to AH/PM/JPD | 1.0 |
| | | |
| | | |
| 8/15/16 | Review legislative history of L.C. 226 (SB 1255) re "suffering injury;" research re legality of deducting for uniforms; cases; comparison between Wage Order 9 and L.C. requirements.  EM w/attachments to AH/JPD/PM | 4.25 |
| | | |
| 8/16/16 | Reviewed 266 pp. of wage statements for Pederson, Alcaraz, and Mason produced by ATS from vendor My E-stub | 3.5 |
| | | |
| 8/17/16 | Research at DLSE re alternative workweeks and reply to Defendant's data. EMs to AH/JPD/PM | 1.5 |
| | | |
| 8/23/16 | Review Supreme Ct. case Kilby v. CVS; research and preparation of brief for mediator | 4.5 |
| | | |
| 8/29/16 | Reviewed docs filed re Stipulation to Stay Case | 1 |
| | | |
| 9/18/16 | Research re legislative history re temporary services employers | 1.5 |
| | | |
| 10/17/16 | Reviewed 164 pp. of wage statements for Alcaraz and 200 pp. of wage statements for Pederson produced by ATS from vendor Ulti-Pro | 2.5 |
| | | |
| 11/8/16 | Round trip travel from Lake Elsinore, CA to Palm Springs, CA to meet with Class Rep Alcaraz and ATS employee Kathy Ohrling to update on case and discuss possible new claim for retaliation; reviewed new documents and wage | 5.5 |

| | statements with them | |
|---|---|---|
| | | |
| 10/6/16 | EM to AH/JPD re status of case to respond to plaintiffs' inquiries | .2 |
| | | |
| 10/17/16 | EM to AH/JPD/PM re updated AWW election data at DLSE | .2 |
| | | |
| 11/15/16 | EM to AH/JPD re meeting with plaintiffs in PSP on 11/8/16; review of Answer filed by ATS | 1.5 |
| | | |
| 1/22/17 | Review of Plaintiffs' Initial Disclosures; prepared EM with additional inclusions; EMs to AH/PM/JPD | 1.5 |
| | | |
| 1/23/17 | Review docs filed re Joint Rule 26 Discovery Plan | .2 |
| | | |
| 1/31/17 | Reviewed and prepared reply to EM from PM re discovery requests; sent EM to AH/JPD/PM | 1.5 |
| | | |
| 3/1/17 | EM to AH/JPD updating on situation at PSP station; informing of Plaintiff Alcaraz' resignation due to alleged retaliatory action; new uniforms; new groundhandling service at United; etc. | .5 |
| | | |
| 5/2/17 | EM to AH/JPD re possible discovery re retaliation | .2 |
| 9/2/17 | EM to AH/JPD/PM re election data from DLSE | .75 |
| | | |
| 9/13/17 | EM to AH/JPD/PM informing that Plaintiff Pederson resigned | .2 |
| | | |
| 9/21/17 | EM to AG/JPD/PM re ATS recognition/bonus programs | .2 |
| | | |
| 10/18/17 | Review of draft motion for class certification | 2.5 |
| | | |
| 10/19/17 | Review and edits of final draft of motion for class certification; EM to AH/JPD/PM | 2.0 |
| | | |
| 11/17/17 | Review of response from AH to Lisa Klerman re mediation | 1.0 |
| | | |
| 12/13/17 | Review of updated client wage statements provided by ATS | 2.0 |
| | | |
| 12/16/17 | Review of Plaintiffs' declarations in support of motion for class certification; prepared response and EM re new claims in updated wage statements provided by ATS | 2.0 |
| | | |
| 12/21/17 | Review of mediator's proposed settlement; telephone conference with AH/PM | .75 |
| | | |
| 1/10/18 | Reviewed and prepared comments/edits re proposed MOU | 1.25 |

| | | |
|---|---|---|
| 1/17/18 | Reviewed Notice of Settlement | .5 |
| | | |
| 2/26/18 | Reviewed draft settlement notice; EMs to AH/JPD/PM re my comments/edits | 1.5 |
| | | |
| 2/28/18 | Review of final costs; EM to JPD | 1.5 |
| | | |
| 3/8/18 | Review of Preliminary Approval documents | 1.0 |
| | | |
| 3/9/18 | Final review of Settlement Approval documents | .5 |
| | | |
| 4/5/18 | Review of Order re Settlement | 1.0 |
| | **TOTAL** | **191.85** |

Exhibit 2

# Expenses Related to
# Alcaraz, Pederson & Mason v. Airport Terminal Svcs. (ATS)

| | | |
|---|---|---|
| **July 9, 2014** | Met w/Plaintiffs at Starbuck's in Palm Springs to collect copies of wage stmts. | $23.60 |
| | | |
| **July 7, 2015** | Dinner w/Plaintiffs at Las Casuelas in Rancho Mirage to sign retainers and brief them on class action process, responsibilities, etc. | $225.98 |
| | | |
| **Aug. 8-10, 2016** | Airline tickets to fly rd. trip from Cleveland to Los Angeles for first mediation | $1,234.31 |
| | | |
| | Crowne Plaze Hotel expenses | $395.11 |
| | | |
| | Meal expenses | $183.65 |
| | | |
| | Town car, taxi, tips re travel to/from airport to hotel and to/from hotel to law offices of Seyfarth Shaw | $152.00 |
| | | |
| **Nov. 8, 2016** | Uber fare from Lake Elsinore, CA to Riverside, CA to pick up rental car to drive to Palm Springs, CA | $46.00 |
| | | |
| | Rental car for trip to Palm Springs, CA to meet with Plaintiffs | $98.00 |
| | | |
| | Refuel rental car upon return to Budget | $29.77 |
| | | |
| | Dinner w/Plaintiffs at Trio Restaurant in Palm Springs, CA to update and collect paperwork related to possible new claim for retaliation | $172.25 |
| | | |
| | | |
| **TOTAL** | | **$2,560.67** |