Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
HARRIS & RUBLE
655 North Central Ave.
Glendale, California 91203
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
pmohan@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
600 Canterbury Lane
Sagamore Hills, Ohio 44067
Telephone: (330) 748-4475
Facsimile: (330) 748-4475
jpdorigan@aol.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>Plaintiffs,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br><br>Defendants. | Case No. 5:15-cv-02400-VAP-SPx<br>*Assigned to Hon. Virginia A. Phillips*<br><br>DECLARATION OF ALAN GARRIDO (ON BEHALF OF CPT GROUP, INC.) WITH RESPECT TO NOTIFICATION AND ADMINISTRATION<br><br>Date:     July 2, 2018<br>Time:    2:00 p.m.<br>Judge:   Hon. Virginia A. Phillips |

---

-1-

DECLARATION OF ALAN GARRIDO
RE NOTIFICATION AND ADMINISTRATION

# DECLARATION OF ALAN GARRIDO

1. I am an Assistant Case Manager for CPT Group, Inc., the Court-approved class action settlement administrator for *Pederson et al. v. Airport Terminal Services, Inc.* I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently thereto.

2. CPT Group, Inc. ("CPT") has extensive experience providing notice of class actions and administering class action settlements. In the past 30 years, CPT has provided notification and/or administration services in over one thousand class action cases. Pursuant to the Stipulation of Settlement, CPT was charged with (a) printing and mailing to settlement Class Members the *Notice of Pending Class Action Settlement, Request for Exclusion Form,* and *Claim Form* ("Notice Packet"), (b) processing undeliverable mail and locating updated addresses for settlement Class Members; (c) receiving other communications about the settlement; and (d) issuing and mailing settlement checks, including the Class Representative's Incentive Award and Plaintiff's Individual Payment, to all Settlement Class Members with respective tax withholdings and reporting.

3. CPT received the Court-approved text for the Notice Packet from Class Counsel on April 16, 2018.

4. CPT finalized a 4-Page *Notice of Pending Class Action Settlement* which included the *Request for Exclusion Form* and *Claim Form*. CPT received written approval from all parties and a sufficient number were printed to mail to all settlement Class Members. A true and correct copy of the Notice Packet is attached hereto as Exhibit A.

5. On April 19, 2018, CPT received a data file from Defense Counsel containing class members' names, last-known mailing addresses, social security numbers, employment status, and their employment dates ("Class Data List"). The finalized Class Data List contained 2,940 settlement Class Members.

6. On May 2, 2018 CPT caused a National Change of Address (NCOA) search to be performed in attempt to update the class list of addresses as accurately as possible. A search of this database provides updated addresses for any individual who has moved in the previous four years

and has notified the U.S. Postal Service of his or her change of address. As a result of the NCOA, CPT was able to locate 308 updated addresses.

7. The Notice Packets were enclosed in envelopes with the individual settlement Class Member's name and known address visible through the envelope window. On May 3, 2018, the Notice Packets were mailed via U.S. first-class mail to all settlement Class Members.

8. After mailing of the Notice Packet, CPT received 1 request to be added to the class from an individual. CPT forwarded the request to Defense Counsel along with any supporting documentation provided. The request was subsequently approved by Defendant. Therefore, as a result of the request to be added, the class size increased to 2,941 settlement Class Members.

9. As of the date of this declaration, 248 Notice Packets have been returned to our office by the Post Office, of which 42 had forwarding addresses. CPT performed a Skip Trace on all returned mail with no forwarding addresses in an effort to locate a better address using Accurint, one of the most comprehensive address databases available. It utilizes hundreds of different databases supplied by credit reporting agencies, public records and a variety of other national databases.

10. As a result of either skip trace, forwarding address provided from the Post Office, or request from counsel or the class member themselves, a total of 225 Notice Packets have been re-mailed to date. As of this date, there are 28 Notice Packets undeliverable with no forwarding address, where no new address could be found through skip trace.

11. As of the date of this declaration, CPT has received 1 written Request for Exclusion.

12. As of the date of this declaration, CPT has not received any objections from settlement Class Members.

13. As of the date of this declaration, CPT has not received any disputes from settlement Class Members.

14. As of the date of this declaration, 313 or 12.56% of the class filed a claim, including 2 Deficient Claims.

15. Prior to the hearing on the Motion for Final Approval of the settlement, CPT will provide a supplemental declaration with updated reporting.

16. CPT's charge for services rendered to perform its duties and responsibilities pursuant to the terms of the settlement is $14,750. This includes all costs incurred to date, as well as estimated costs involved in completing the settlement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on this 1st day of June, 2018, at Irvine, California.

_____
Alan Garrido

# EXHIBIT A

CPT ID: «ID»

*This notice is being sent pursuant to court order. This is not a solicitation from a lawyer.*

# NOTICE OF PENDING CLASS ACTION SETTLEMENT

*Pederson et al. v. Airport Terminal Services, Inc.*,
United States District Court, Central District of California Case No. 5:15-cv-02400-VAP-SPx

**If you are a current or former non-exempt employee who is or was employed by Airport Terminal Services, Inc. within California at any time from November 20, 2011, through April 5, 2018, you are a Class Member and may waive your legal rights and any entitlement to settlement proceeds if you do not act. To remain eligible for a settlement payment, you MUST respond to this notice.**

*Read this notice carefully, as your legal rights could be affected whether you act or not.*

The United States District Court for the Central District of California has preliminarily approved a class action settlement that may affect your legal rights. The proposed settlement resolves a class action filed by Plaintiffs Gideon Pederson, Ruth Alcaraz, and Sasha Mason against Airport Terminal Services, Inc. ("ATS")— *G. Pederson et al. v. Airport Terminal Services, Inc.*, United States District Court, Central District of California Case No. 5:15-cv-02400-VAP-SPx.

- The Lawsuit is based on various allegations, including but not limited to, Plaintiffs' claims that ATS (i) failed to pay earned wages, (ii) failed to provide proper wage statements, (iii) failed to reimburse expenses; (iv) collected unlawful deductions or security deposits; (v) unlawfully required purchases of uniforms; (vi) failed to pay overtime; (vii) failed to provide proper seating; and (viii) engaged in unfair, unlawful, or fraudulent business practices.

- ATS denies Plaintiffs' contentions and maintains it has fully complied with the law. By entering into this settlement, ATS in no way admits any violation of law or any liability whatsoever to Plaintiffs or Class Members, individually or collectively, and expressly denies all such liability. ATS enters into this settlement solely to avoid further protracted litigation and to resolve and settle any disputes between Class Members and Released Parties.

- The Court has preliminarily approved Plaintiffs' counsel—Alan Harris and Priya Mohan of HARRIS & RUBLE and John P. Dorigan of LAW OFFICES OF JOHN P. DORIGAN—as Class Counsel. Based on their investigation and evaluation, Class Counsel is of the opinion that the terms set forth in the preliminarily approved settlement are fair, reasonable, adequate, and in the best interests of the class.

- Plaintiffs and ATS have reached this settlement in light of all known facts and circumstances—including the risks of significant delay and uncertainty associated with litigation, various defenses asserted by ATS, and numerous potential appellate issues—with the assistance of an experienced mediator knowledgeable of both the wage and hour laws and class and representative claims at issue.

**THIS NOTICE IS NOT TO BE UNDERSTOOD OR VIEWED AS AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS ASSERTED BY THE PLAINTIFFS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM** | You may submit a claim. If you submit a Claim Form and the Court grants final approval of the settlement, you (i) will be eligible to receive an Individual Settlement Payment and (ii) will release your claims. **To receive a settlement payment, you *must* submit a Claim Form.** |
| **DO NOTHING** | You may do nothing. If you do nothing and the Court grants final approval of the settlement, you (i) will release your claims but (ii) will *not* be eligible to receive an Individual Settlement Payment. |
| **OPT OUT** | You may opt out. If you submit a Request for Exclusion and the Court grants final approval of the settlement, you (i) will not release your claims and (ii) will not be eligible to receive an Individual Settlement Payment. **To avoid releasing your claims, you *must* opt out.** |
| **OBJECT** | You may object. If you submit a written objection and the Court nonetheless grants final approval of the settlement despite your objection, you (i) will release your claims but (ii) will *not* be eligible to receive an Individual Settlement Payment, unless you also submit a Claim Form. |

**IMPORTANT LEGAL NOTICE CONCERNING YOUR RIGHTS**
YOU MAY WAIVE YOUR LEGAL RIGHTS PEND ANY ENTITLEMENT TO SETTLEMENT PROCEEDS IF YOU DO NOT ACT. TO REMAIN ELIGIBLE FOR A SETTLEMENT PAYMENT, YOU MUST RESPOND TO THIS NOTICE.

| 1. | **Why Did I Receive This Notice?** |

The Court ordered that this Notice of Pending Class Action Settlement ("Notice") be sent to you because ATS's records show that you are a current or former non-exempt employee who is or was employed by ATS within California at any time from November 20, 2011 through April 5, 2018 and are a Class Member. This Notice provides a brief description of the Lawsuit, informs you of the settlement terms preliminarily approved by the Court, and advises you of your legal rights. If finally approved by the Court, the settlement will fully resolve the Lawsuit and your legal rights may be affected by the settlement. The terms of the settlement are set forth in detail in the Settlement Agreement and Release of Claims ("Settlement Agreement"), which you may obtain from the neutral third-party appointed by the Court to administer the settlement (the "Settlement Administrator").

| 2. | **What Is the Lawsuit About?** |

On November 20, 2015, Plaintiffs filed a complaint on behalf of a putative class of all current or former non-exempt employees employed by ATS within California at any time from November 20, 2011. The Lawsuit pursues class, collective, and representative action claims for alleged (i) meal break violations, (ii) inaccurate itemized wage statements, (iii) expense reimbursement violations, (iv) security deposit violations, (v) improper deductions, (vi) overtime violations, (vii) late final pay, (viii) unfair competition, (ix) Fair Labor Standards Act violations, (x) wage record inspection violations, (xi) employment record inspection violations, and (xii) penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA").

ATS denies and continues to deny (i) all of the allegations made by Plaintiffs, (ii) that it violated any applicable laws, (iii) that it would be liable or owes damages, penalties, or any other type of remedy to anyone with respect to the alleged facts or claims asserted in the Lawsuit, and (iv) that class certification or representative treatment of the Lawsuit or any alleged claims would be proper. Nonetheless, without admitting or conceding any liability or wrongdoing whatsoever and without admitting or conceding that class certification or representative treatment would be appropriate for any purpose other than settlement purposes alone, ATS has agreed to settle the Lawsuit to avoid the burden, expense, and uncertainty of continuing the Lawsuit.

| 3. | **What Are the Payments Under the Settlement?** |

### A.    Overall Summary of Settlement Payments

ATS agrees to pay a maximum potential settlement amount of **$600,000** ("Gross Settlement Amount"), which would be inclusive of $50,956.45 in security deposits (and accrued interest) held by ATS as of January 1, 2018 ("Deposit Sum") and any payments, subject to Court approval, (i) to Settlement Class Members ("Individual Settlement Payments"), (ii) for any payment for Class Counsel's attorneys' fees and costs associated with the litigation and resolution of the Lawsuit ("Attorneys' Fees and Costs Award"), (iii) to Plaintiffs for their efforts and work in prosecuting the Lawsuit on behalf of Class Members ("Class Representative Incentive Payments"), (iv) to Plaintiffs for their individual agreements to refrain from seeking future employment with ATS and their individual agreements to broader general releases of claims ("Plaintiff's Individual Payments"), (v) to the State of California Labor and Workforce Development Agency ("LWDA Payment"), (vi) to the Settlement Administrator for administering the settlement ("Settlement Administration Costs"), and (vii) for all employee or employer payroll taxes required in connection with an order granting final approval of class action settlement.

### B.    Payments to Settlement Class Members

If the Court grants final approval of the settlement and concludes it is reasonable, fair, and adequate for Class Members, the Settlement Administrator shall (i) distribute any Deposit Sum remaining in ATS's possession to Settlement Class Members on whose behalf the security deposits are held and (ii) distribute separate checks for Individual Settlement Payments to Settlement Class Members submitting a valid claim. The portion of the Gross Settlement Amount available for allocation to Settlement Class Members for all Individual Settlement Payments and all employee or employer payroll taxes is the Net Settlement Amount, after deductions for any Court approved Attorneys' Fees and Costs Award, Class Representative Incentive Awards, Plaintiff's Individual Payments, Deposit Sum, LWDA Payment, and Settlement Administration Costs.

The Settlement Administrator shall calculate Individual Settlement Payments for each Settlement Class Member submitting a valid claim based on the Settlement Class Member's length of active employment in the State of California as a non-exempt employee since November 20, 2011, through April 5, 2018, as reflected in ATS's records. Each Settlement Class Member's proportional share shall be calculated by multiplying the balance of the Net Settlement Amount by a fraction, the numerator of which is the total of the Settlement Class Member's number of workweeks during the class period, and the denominator of which is the total of all workweeks by Settlement Class Members submitting a valid claim during the class period.

The Settlement Administrator shall issue an IRS Form 1099 for any Deposit Sum interest payments distributed. Each Settlement Class Member's Individual Settlement Payment shall be characterized as 80% 1099 income and 20% W-2 income. In accordance with applicable tax laws, required tax withholdings will be taken from each Individual Settlement Payment for the portion allocated to W-2 income and remitted to the appropriate taxing authorities. The Settlement Administrator shall issue any necessary IRS Form 1099 or W-2 to Settlement Class Members for their respective payments. Class Members shall be solely and legally responsible for paying all applicable taxes on their respective payments.

**IMPORTANT LEGAL NOTICE CONCERNING YOUR RIGHTS**
YOU MAY WAIVE YOUR LEGAL RIGHTS AND ANY ENTITLEMENT TO SETTLEMENT PROCEEDS IF YOU DO NOT ACT.
TO REMAIN ELIGIBLE FOR A SETTLEMENT PAYMENT, YOU MUST RESPOND TO THIS NOTICE.

### C. Additional Payments Subject to Court Approval

You do not need to pay individually any portion of Class Counsel's attorneys' fees and costs. Any payments for those attorneys' fees and costs—or any other payments—would be deducted from the Gross Settlement Amount and would be made if and only if the Court concludes the settlement is reasonable, fair, and adequate for the Class and grants final approval of the settlement. The Court may deny or adjust the amounts of certain payments. Any amounts unapproved by the Court shall be added to the amount to be allocated to Settlement Class Members. Class Counsel intends to request that the Court approve (i) Settlement Administration Costs of up to $27,000; (ii) an LWDA Payment to the State of California Labor and Workforce Development Agency of $7,500; (iii) Class Representative Incentive Payments of $500 for each Plaintiff; (iv) Individual Payments of $4,500 for each Plaintiff; (v) an Attorneys' Fees and Costs Award for (a) fees of $200,000 and (b) costs of up to $12,000.

## 4. What Do I Release Under the Settlement?

By operation of the entry of the final judgment and final approval, and except as to such rights or claims as may be created by this Agreement, Settlement Class Members, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, or guardians, shall release ATS or any of its current or former subsidiaries, affiliates, parents, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, employers, attorneys, personal representatives, executors, and shareholders, including their respective pension, profit sharing, savings, health, and other employee benefit plans of any nature, the successors of such plans, and those plans' respective current or former trustees and administrators, agents, employees, and fiduciaries ("Released Party") from certain claims. Specifically, Settlement Class Members will give a limited waiver of California Civil Code section 1542 of and from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind that were or could have been asserted in any version of the complaints filed in this Lawsuit or that are based on or arise out of the facts or allegations alleged in connection with this Lawsuit, including but not limited to those for (i) meal break violations, (ii) inaccurate itemized wage statements, (iii) expense reimbursement violations, (iv) security deposit violations, (v) improper deductions, (vi) overtime violations, (vii) late final pay, (viii) unfair competition, (ix) Fair Labor Standards Act violations, and (x) penalties under PAGA. California Civil Code section 1542 states: "*A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor*." Settlement Class Members acknowledge that they may hereafter discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a released claim. Settlement Class Members nonetheless acknowledge that this Agreement and their releases shall be and shall remain effective in all respects notwithstanding such different or additional facts or law regarding such released claims.

These releases do not include any claims that cannot be waived as a matter of law, though Settlement Class Members acknowledge and agree that they will not accept any monetary recovery from any proceedings relating to any such claims. Settlement Class Members further acknowledge that this Agreement and these releases do not waive prospective rights but do include post-dispute waivers or releases of any and all rights to pursue or recover PAGA remedies arising from or related to any of the underlying claims that were or could have been brought in the Lawsuit.

## 5. What Are My Options?

Your options are explained below. The option you select is up to you, but you MUST make your choice by June 18, 2018. Any Claim Form, Request for Exclusion, or written objection shall be deemed to be submitted as of the postmarked date.

*If you do nothing and the Court grants final approval of the settlement, you (i) will release your claims but (ii) will not be eligible to receive an Individual Settlement Payment.*

### A. Submit a Claim Form

**To receive a settlement payment, you *must* submit a Claim Form.** If you submit a Claim Form and the Court grants final approval of the settlement, you (i) will be eligible to receive an Individual Settlement Payment and (ii) will release your claims. In order to remain eligible to receive a settlement payment, you must mail to the Settlement Administrator listed below a Claim Form that includes your name (and former names, if any), signature, current address, and current telephone number. Class Members who submit a Claim Form will remain bound by the settlement if finally approved.

### B. Opt Out of the Settlement

**To avoid potentially releasing your claims, you *must* submit a Request for Exclusion.** If you submit a Request for Exclusion and the Court grants final approval of the settlement, you (i) will not release your claims and (ii) will not be eligible to receive an Individual Settlement Payment. In order to opt out, you must mail to the Settlement Administrator listed below a Request for Exclusion form that includes your name (and former names, if any), signature, current address, and current telephone number. Any Request for Exclusion that does not include all required information or that is not submitted on a timely basis will be deemed null, void, and ineffective.

Class Members who opt out of the settlement pursuant to the above procedures shall not be permitted to object to the settlement, shall not receive any Individual Settlement Payments, and shall not be bound by the release provisions in any order granting final approval

**IMPORTANT LEGAL NOTICE CONCERNING YOUR RIGHTS**
YOU MAY WAIVE YOUR LEGAL RIGHTS AND ANY ENTITLEMENT TO SETTLEMENT PROCEEDS IF YOU DO NOT ACT.
TO REMAIN ELIGIBLE FOR A SETTLEMENT PAYMENT, YOU MUST RESPOND TO THIS NOTICE.

CPT ID: «ID»

of settlement. If a Class Member submits both a Request for Exclusion and an objection, the Class Member's objection shall be valid and shall be deemed to invalidate the Request for Exclusion. Class Members who do not opt out of the settlement shall remain subject to being bound by the applicable release provisions in any order granting final approval of class action settlement.

### C. Object to the Settlement

**To object to the settlement, you *must* submit a written objection to the Settlement Administrator.** If you submit a written objection and the Court nonetheless grants final approval of the settlement despite your objection, you (i) will release your claims but (ii) will not be eligible to receive an Individual Settlement Payment, unless you also submit a Claim Form. In order to object, you must mail to the Settlement Administrator listed below a written objection that includes: your name (and former names, if any), current address, current telephone number, and the basis for your objection. Any objection that does not include all required information or that is not submitted on a timely basis will be deemed null, void, and ineffective.

Class Members who submit an objection will remain bound by the settlement if finally approved. Class Members who object pursuant to the above procedures may appear at the final approval hearing, either in person or through counsel, but must state their intention to do so at the time they submit their written objection. Class Members may withdraw their objections at any time. Class Members who fail to object pursuant to these procedures shall be deemed to have waived any objections and shall be foreclosed from making any objection, whether by appeal or otherwise, to the settlement.

### 6. Where Can I Get Additional Information?

This Notice summarizes the Lawsuit, settlement, and related matters. For more information, you may contact the Settlement Administrator, c/o CPT Group, Inc., 50 Corporate Park, Irvine, CA, 92606 Telephone: 1 (877) 619-0033

**DO NOT CONTACT THE COURT FOR INFORMATION REGARDING THE SETTLEMENT**

*******************************************************************************

### REQUEST FOR EXCLUSION

I would like to opt out of the pending class action settlement in *G. Pederson et al. v. Airport Terminal Services, Inc.*, United States District Court, Central District of California Case No. 5:15-cv-02400-VAP-SP. I understand that by completing, signing, and mailing a valid Request for Exclusion by June 18, 2018, I shall not receive any payment from the settlement in the above-referenced lawsuit. I also understand that by submitting a valid Request for Exclusion to the Settlement Administrator, c/o CPT Group, Inc., 50 Corporate Park, Irvine, CA, 92606, I may not object to the settlement.

Name (and Former Names, if Any): _____

Signature: _____

Current Address: _____

_____

Current Telephone Number: _____

CPT ID: «ID»

*******************************************************************************

### CLAIM FORM

I would like to receive an Individual Settlement Payment in connection with the pending class action settlement in *G. Pederson et al. v. Airport Terminal Services, Inc.*, United States District Court, Central District of California Case No. 5:15-cv-02400-VAP-SP. I understand that by completing, signing, and mailing a valid Claim Form to the Settlement Administrator, c/o CPT Group, Inc., 50 Corporate Park, Irvine, CA, 92606, by June 18, 2018, I may be bound by the release provisions if the settlement is finally approved.

Name (and Former Names, if Any): _____

Signature: _____

Current Address: _____

_____

Current Telephone Number: _____

**IMPORTANT LEGAL NOTICE CONCERNING YOUR RIGHTS**
YOU MAY WAIVE YOUR LEGAL RIGHTS AND ANY ENTITLEMENT TO SETTLEMENT PROCEEDS IF YOU DO NOT ACT.
TO REMAIN ELIGIBLE FOR A SETTLEMENT PAYMENT, YOU MUST RESPOND TO THIS NOTICE.

CPT ID: «ID»