1  Alan Harris (SBN 146079)
   Priya Mohan (SBN 228984)
2  HARRIS & RUBLE
   655 North Central Ave.
3  Glendale, California 91203
   Telephone: (323) 962-3777
4  Facsimile: (323) 962-3004
   aharris@harrisandruble.com
5  pmohan@harrisandruble.com

6  John P. Dorigan (SBN 98964)
   LAW OFFICES OF JOHN P. DORIGAN
7  600 Canterbury Lane
   Sagamore Hills, Ohio 44067
8  Telephone: (330) 748-4475
   Facsimile: (330) 748-4475
9  jpdorigan@aol.com

10 *Attorneys for Plaintiffs*

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| G. PEDERSON, R. ALCARAZ, and S. MASON, individually and on behalf of all others similarly situated, and on behalf of aggrieved employees, the people of the State of California and the Labor Commissioner,<br><br>Plaintiffs,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., RICHARD B. HAWES, and SALLY A. LEIBLE,<br><br>Defendants. | Case No. 5:15-cv-02400-VAP-SP<br>*Assigned to Hon. Virginia A. Phillips*<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS-ACTION SETTLEMENT AND MOTION FOR ATTORNEY'S FEE; [PROPOSED] JUDGMENT OF DISMISSAL**<br><br>Date:       July 2, 2018<br>Time:       2:00 p.m.<br>Courtroom: 8A<br>                350 West 1st Street<br>                Los Angeles, CA 90012 |

1

On April 5, 2018, this Court preliminarily approved the Settlement Agreement and General Release ("Settlement Agreement") reached in the within action between Plaintiffs Gideon Pederson, Ruth Alcaraz and Sasha Mason ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant Airport Terminal Services, Inc.  In connection with the Order granting preliminary approval, the Court conditionally certified the Settlement Class defined in the Settlement Agreement, namely: any current or former non-exempt employee who is or was employed by Defendant within California at any time from November 20, 2011 through the date of preliminary approval of the settlement (April 5, 2018).  Plaintiffs have now moved the Court for final approval of the Settlement Agreement, as well as for fees and costs associated with prosecuting and settling the Lawsuit.  Having read and considered the unopposed moving papers, having conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e), and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The following Class is certified under Federal Rule of Civil Procedure 23(c): All members of the Settlement Class preliminarily approved on April 5, 2018, who did not properly and timely request exclusion pursuant to the procedures specified in the Settlement Agreement.

2. The Settlement Agreement is fair, reasonable, and adequate to the Class when balanced against the probable outcome of extensive and costly litigation. Substantial informal discovery, investigation, and research have been conducted such that the Parties' respective counsel have been reasonably able to evaluate their respective positions.  The Settlement Agreement was the result of intensive, non-collusive, arm's length negotiations, including private mediation before an experienced wage-and-hour mediator; thorough factual and legal investigation; and the good-faith exchange of information and documents.  The Court has considered the nature of Plaintiffs' claims, the amounts and kinds of benefits to be paid under the Settlement Agreement, the allocation of the settlement proceeds to the Class, and the fact that the Settlement

Agreement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further finds that the response of the Class to the terms of the Settlement Agreement supports final approval. The absence of a large number of objectors and opt-outs raises a strong presumption that the Settlement Agreement's terms are favorable.  The Settlement Agreement therefore merits final approval under Federal Rule of Civil Procedure 23(e).

3. The form, manner, and content of the Class Notice delivered to the Settlement Class constituted the best notice practicable under the circumstances. Individual notice was provided to all members of the Settlement Class by regular mail to their respective last-known addresses on file with Defendant, as updated by the Claims Administrator through the National Change of Address database.  The Claims Administrator took further steps to provide the Class Notice, claim form, and exclusion-request form to the Settlement Class by performing a skip-trace on all returned-undeliverable mail.  The Class Notice informed members of the Settlement Class of the terms of the Settlement Agreement, their right to object to the Settlement Agreement or to request exclusion, and their right to appear in person or by counsel at the final-approval hearing.  The Class Notice provided ample time for members of the Settlement Class to follow these procedures.  Accordingly, the form, manner, and content of the Class Notice meet the requirements of Federal Rule of Civil Procedure 23(c)(2).

4. This Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members.  In other words, Class Members are hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any and all claims released as provided in the Settlement Agreement.  All of the released claims shall be conclusively deemed released and discharged as to the Released Parties as provided in the Settlement Agreement.

5. This Order and Judgment shall have the force and effect of res judicata as to each Class Member.

6. All claims asserted by Plaintiffs are hereby dismissed with prejudice.

7. All payments to Class Members, Class Counsel, and the Claims Administrator shall be disbursed pursuant to the terms of the Settlement Agreement. Payments for Class Counsel's fees and costs, on the one hand, and the Claims Administrator's fees and costs, on the other hand, shall be made in the amounts specified below in paragraphs 8 and 9.

8. Harris & Ruble and the Law Offices of John P. Dorigan are qualified to represent the Class, and the Court confirms their appointment as Class Counsel. Class Counsel have requested attorney's fees in the amount of $200,000 and reimbursement of incurred costs in the amount of $9,357.47. The requested amounts are fair and reasonable in light of the time and effort expended by Class Counsel in prosecuting the Lawsuit, which time and effort benefitted the Class, and in light of the relatively large settlement awards each Class Member will receive. Specifically, Class Counsel's requested fee is significantly below their submitted lodestar, as computed using the adjusted *Laffey* matrix. Accordingly, the requested fees and costs are granted pursuant to Federal Rule of Civil Procedure 23(h).

9. The Court approves the payment of settlement-administration fees and expenses to the Claims Administrator—CPT Group, Inc.—in the amount of $14,750.

10. The Court finds that it is appropriate to grant an enhancement payment in the amount of $500 to each Plaintiff in recognition of their contributions to the Lawsuit and their services to the Class, as well as a $4,500 payment to each Plaintiff on account of the broad releases made by each of them in this case. These payments shall be made pursuant to the procedures specified in the Settlement Agreement.

11. Without affecting the finality of this Order and Judgment in any way, the Court hereby retains jurisdiction over the parties, including the Class, for the purpose of construing, enforcing, and administering this Order and Judgment, as well as the Settlement Agreement itself. This Order and Judgment shall constitute a final judgment for purposes of Federal Rule of Civil Procedure 58.

12. This case is hereby **DISMISSED WITH PREJUDICE**, with all parties to bear their own costs, except as set forth herein. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure. This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated:_____    _____
                                                                Virginia A. Phillips
                                                                United States District Judge